██████████████████████

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., and<br>INSTITUT STRAUMANN AG,<br><br>               Defendants. | **Civil Action No.: 6:24-cv-00187**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE**<br><br>████████████████<br><br>**PUBLIC VERSION** |

## DEFENDANT INSTITUT STRAUMANN AG'S MOTION TO DISMISS
## <u>PURSUANT TO FED. R. CIV. P. 12(b)(2)</u>

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2

   A.   Align's Personal Jurisdiction Allegations Relating To Patent Claims. ............................. 2

   B.   Align's Personal Jurisdiction Allegations Relating To Non-Patent Claims. ...................... 3

   C.   Defendant Institut Straumann Is A Foreign Corporation With No Texas Contacts. .......... 3

III. LEGAL STANDARD ................................................................................ 4

IV.  ARGUMENT ......................................................................................... 6

   A.   Align's Patent Claims Should be Dismissed for Lack of Personal Jurisdiction. ................ 6

      1.   Institut Straumann Is Not Subject To The Court's General Personal Jurisdiction For Align's Patent Claims. .................................................................................. 6

      2.   Institut Straumann Is Not Subject To The Court's Specific Personal Jurisdiction For Align's Patent Claims. .................................................................................. 7

         a)   Align's pleaded facts fail to establish that Institut Straumann purposefully directed its activities at residents of Texas. ......................................................................... 7

         b)   Align's pleaded facts fail to establish that Align's Patent Claims arise out of or relate to Institut Straumann's alleged activities. .......................................................... 12

         c)   Fairness also mandates that Align's Patent Claims be dismissed. ........................... 13

         d)   Align's attempts to establish personal jurisdiction for its Composite Image Patent Claim through pendant jurisdiction, likewise, fails. ........................................... 14

   B.   Align's Non-Patent Claims Should be Dismissed For Lack of Personal Jurisdiction. ...... 15

      1.   Institut Straumann Is Not Subject To The Court's General Personal Jurisdiction For Align's Non-Patent Claims. ........................................................................... 16

      2.   Institut Straumann Is Not Subject To The Court's Specific Personal Jurisdiction For Align's Non-Patent Claims. ........................................................................... 16

         a)   Align's pleaded facts fail to establish that Institut Straumann Purposefully Directed its Activities at residents of Texas. ...................................................................... 17

         b)   Align's pleaded facts fail to establish that Align's Non-Patent Claims arise out of or relate to Institut Straumann's alleged activities. ............................................... 18

         c)   Fairness also mandates that Align's Non-Patent Claims be dismissed. ...................... 19

V.   CONCLUSION ..................................................................................... 20

**Page(s)**

**Federal Cases**

*3D Sys., Inc. v. Aarotech Lab'ys, Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998).................................................................9

*AFTG-TG v. Nuvoton Tech.*,
    689 F.3d 1358 (Fed. Cir. 2012)...................................................2, 5, 16

*AngioScore, Inc. v. TriReme Med., LLC*,
    666 F. App'x 884 (Fed. Cir. 2016) ...........................................................15

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*,
    480 U.S. 102 (1987)...........................................................................13, 14

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008)...................................................4, 5, 6, 14

*United States v. Bestfoods*,
    524 U.S. 51 (1998)..................................................................................12

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)..............................................................................6, 9

*Carmona v. Leo Ship Mgmt., Inc.*,
    924 F.3d 190 (5th Cir. 2019) .....................................................................5

*Celgard, LLC v. SK Innovation Co., Ltd.*,
    792 F.3d 1373 (Fed. Cir. 2015)..................................................................5

*Celgene Corp. v. Mylan Pharms. Inc.*,
    17 F.4th 1111 (Fed. Cir. 2021) ................................................................10

*Centre One v. Vonage Holdings Corp.*,
    2009 WL 2461003 (E.D. Tex. Aug.10, 2009) ............................................5

*Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*,
    468 F.Supp.2d 136 (D.D.C. 2007) ...........................................................15

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..............................................................................6, 7

*EastWest Bridge v. Tech. Partners FZ, LLC*,
    2019 WL 266838 (N.D. Tex. Jan. 18, 2019) ............................................12

*ETS-Lindgren, Inc. v. MVG, Inc.*,
2015 WL 6756186 (W.D. Tex. Nov. 4, 2015) .........................................................5

*Faro Techs., Inc. v. Cimcore Corp.*,
2006 WL 1119223 (M.D. Fla. Apr. 27, 2006) ..............................................10, 12, 18

*Frank v. P N K (Lake Charles) L.L.C.*,
947 F.3d 331 (5th Cir. 2020) ...............................................................................16

*Freudensprung v. Offshore Tech. Servs., Inc.*,
379 F.3d 327 (5th Cir. 2004) ..........................................................................10, 16

*Hargrave v. Fibreboard Corp.*,
710 F.2d 1154 (5th Cir. 1983) ...................................................................8, 10, 11

*Johnson v. TheHuffingtonPost.com, Inc.*,
21 F.4th 314 (5th Cir. 2021) ..........................................................................18, 19

*United States v. Jon-T Chemicals, Inc.*,
768 F.2d 686 (5th Cir. 1985) ...............................................................................11

*Lyndonville Sav. Bank & Trust Co. v. Lussier*,
211 F.3d 697 (2d Cir. 2000) ................................................................................14

*MDSave, Inc. v. Sesame, Inc.*,
2023 WL 353998 (W.D. Tex. Jan. 11, 2023) ..........................................................4

*Monkton Ins. Servs., Ltd. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) .....................................................................5, 6, 7, 16

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ................................................6, 7, 16

*Nuance Comm's, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) ..............................................................................6

*Palmer v. Hosp. Auth. of Randolph Cty.*,
22 F.3d 1559 (11th Cir. 1994) ..............................................................................14

*Patterson v. Aker Sols. Inc.*,
826 F.3d 231 (5th Cir. 2016) .................................................................................4

*Pieczenik v. Dyax Corp.*,
265 F.3d 1329 (Fed. Cir. 2001).............................................................................5

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*,
148 F.3d 1355 (Fed. Cir. 1998).............................................................................9

*Sangha v. Navig8 ShipMgmt. Private Ltd.*,
   882 F.3d 96 (5th Cir. 2018) ................................................................5

*SASOF III (B) Aviation Ireland DAC v. Nat'l Aero Stands LLC*,
   2021 WL 1431307 (W.D. Tex. Mar. 26, 2021) .......................................11

*Sightline Payments, LLC v. Everi Holdings Inc.*,
   2022 WL 2078215 (W.D. Tex. June 1, 2022) ......................................10, 11, 12

*Sitrick v. Freehand Sys., Inc.*,
   2004 WL 2191491 (N.D. Ill. Sept. 27, 2004) .........................................9

*Thomas v. Centennial Commc'ns Corp.*,
   2006 WL 6151153 (W.D.N.C. Dec. 20, 2006) .........................................9

*Viam Corp. v. Iowa Export-Import Trading Co.*,
   84 F.3d 424 (Fed. Cir. 1996) .............................................................13

*Walden v. Fiore*,
   571 U.S. 277 (2014) .....................................................................1, 8

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ......................................................................18

**Federal Statutes**

15 U.S.C. § 1125(a)(1)(B) ....................................................................1, 3

**Other Authorities**

Fed. R. Civ. P 12(b)(2) ...........................................................................4

## I. INTRODUCTION

The Court should dismiss Align Technology, Inc.'s ("Align") Patent Claims[1] and Non-Patent Claims[2] against Institut Straumann AG ("Institut Straumann") because Align has not shown—and cannot show—that Institut Straumann has sufficient minimum contacts with Texas to subject it to personal jurisdiction in Texas as to either set of claims.

*First*, with respect to the Patent Claims, Institut Straumann itself has no relevant contacts with Texas. Align, instead, attempts to rely on Institut Straumann's alleged inducement of ClearCorrect as evidence that Institut Straumann has minimum contacts with Texas. *See, e.g.*, Dkt. 1 ("Compl.") ¶ 57 (Institut Straumann "induced . . . ClearCorrect to infringe Align's patents" and "aimed its inducement at Texas because that is where ClearCorrect is located"). This is insufficient as a matter of law and, accordingly, Align's Patent Claims should be dismissed. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.").

*Second*, with respect to the Non-Patent Claims, the sum total of Align's personal jurisdiction allegations are reflected in a single sentence:

> [Institut Straumann] availed itself of Texas through its close contacts with Texas-based ClearCorrect, and its false and misleading advertisement of ClearCorrect aligners, manufacture and sale of those aligners, and inducement of consumers to submit intraoral scans, purchase, and use those aligners all relate to its contacts with ClearCorrect.

---

[1] Patent Claims: The Complaint alleges that Institut Straumann indirectly and willfully infringes nine patents: the '613, '384, '090, '091, '444, '217, '879, and '456 patents ("materials" and "treatment planning" patents) and the '936 patent ("composite image" patent).

[2] Non-Patent Claims: The Complaint also includes three claims against Institut Straumann for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); unfair competition under Texas common law; and civil conspiracy. These "Non-Patent Claims" all derive from the same facts underlying Align's false advertising claim under the Lanham Act. Compl. ¶¶ 54, 65, 67.

Compl. ¶ 57. This conclusory—and frankly confusing—assertion is unsupported by any fact and otherwise wholly insufficient to support personal jurisdiction. Thus, the Non-Patent Claims should also be dismissed. *See AFTG-TG v. Nuvoton Tech.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (no personal jurisdiction in view of "bare formulaic accusations" unsupported by facts).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Align's Personal Jurisdiction Allegations Relating To Patent Claims.

The Complaint alleges that Institut Straumann indirectly infringes nine asserted patents, which fall into three categories: "materials" patents (U.S. Patents 10,973,613; 11,154,384; 11,648,090; and 11,648,091); "treatment planning" patents (U.S. Patents 8,038,444; 10,456,217; 10,524,879; and 11,369,456); and a "composite image" patent (U.S. Patent 10,791,936). Compl. ¶¶ 70, 71, 80, 93, 94, 100, 112, 113, 119, 135, 142, 156, 162, 176, 181, 195, 200, 213, 218, 232, 238. The Complaint does not allege that Institut Straumann directly infringes the asserted patents, nor could it. Align does not allege that Institut Straumann makes, uses, offers to sell, or sells in the United States, or imports any of the accused products.

With respect to the materials and treatment planning patents, Align alleges that the Court has personal jurisdiction in a single conclusory paragraph:

> Straumann reached into Texas and caused ClearCorrect and others to directly infringe those patents there. On information and belief, Straumann: (1) induced and continues to induce ClearCorrect to infringe Align's patents, as explained in paragraphs 71-75, 77-79, 94-95, 97-99, 113-114, 116-118, 136-137, 139-141, 156-157, 159-161, 176-180, 195-199, and 213-217 of this Complaint; (2) aimed its inducement at Texas because that is where ClearCorrect is located; and (3) knew that its inducement would cause ClearCorrect to directly infringe Align's patents in Texas because, again, that is where ClearCorrect is located.

Compl. ¶ 57. Thus, Institut Straumann's alleged inducement of ClearCorrect is the sole purported basis for personal jurisdiction in connection with the materials and treatment planning patents.

With respect to the composite image patent, because Align cannot independently establish personal jurisdiction, Align attempts to invoke pendant jurisdiction:

> [T]hose claims arise from a common nucleus of operative facts with Align's claims for infringement of its other patents relating to three-layer plastics and treatment planning. As explained in paragraphs 33-37 of this complaint, Straumann's false advertisements unfairly encourage consumers to buy infringing ClearCorrect aligners rather than Align aligners. And as explained in paragraph 26 of this Complaint, Straumann and ClearCorrect encourage doctors to use the Virtuo Vivo scanner system to submit scans to ClearCorrect for use in treatment planning for ClearCorrect aligners.

*Id.* ¶ 58. However, Align does not—and cannot—substantiate any of these allegations with actual facts. Instead, in the context of its ***infringement*** (not personal jurisdiction) allegations, Align alleges that Institut Straumann "funnel[s] doctors and consumers to ClearCorrect" by, among other things, "advertis[ing] ClearCorrect's infringing aligners to doctors and consumers." *Id.* ¶ 74. Notably, none of these statements alleges any connection to Texas.

## B. Align's Personal Jurisdiction Allegations Relating To Non-Patent Claims.

The Complaint separately alleges claims of false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), unfair competition under Texas common law, and civil conspiracy against Institut Straumann. Compl. ¶¶ 61, 65, 67. Align alleges that this Court can exercise personal jurisdiction over these claims because Institut Straumann "availed itself of Texas through its close contacts with Texas-based ClearCorrect, and its false and misleading advertisement of ClearCorrect aligners, manufacture and sale of those aligners, and inducement of consumers to submit intraoral scans, purchase, and use those aligners all relate to its contacts with ClearCorrect." *Id.* at ¶ 57.

## C. Defendant Institut Straumann Is A Foreign Corporation With No Texas Contacts.

Align's complaint acknowledges that Institut Straumann is a foreign company with a principal place of business in Basel, Switzerland. Compl. ¶ 41. Align has not alleged that Institut



Straumann makes, uses, offers to sell, or sells in the United States, or imports into the United States, any of the accused products. As a foreign company, Institut Straumann has no relevant contacts with Texas, *e.g.*, ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████ Declaration of Urs Haag in Support of Defendant Institut Straumann AG's Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(2) ("Haag Decl.") at ¶ 8. Institut Straumann and ClearCorrect are separate corporate entities with wholly separate offices and operations. *Id.* at ¶ 9. ████████████████████████████████████████████

██████████████████████████ *Id.* at ¶¶ 11-13. ██████████████████████████

██████████████████████████████████ *Id.* at ¶ 14. Institut Straumann maintains corporate formalities and is wholly responsible for its own day-to-day management. *Id.* at ¶ 10.

████████████████████████████████████████████████████████████████

████████████████████████████ *Id.* at ¶ 15.

## III. LEGAL STANDARD

In patent infringement cases, personal jurisdiction is governed by Federal Circuit law. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). Because the issue of whether this Court has personal jurisdiction over non-patent claims is not unique to patent law, the Court applies the law of the Fifth Circuit to those claims. *MDSave, Inc. v. Sesame, Inc.*, No. 6:21-CV-01338-ADA, 2023 WL 353998, at *2 (W.D. Tex. Jan. 11, 2023).

The plaintiff bears the burden of establishing jurisdiction. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). Thus, when a defendant challenges the jurisdictional allegations in the complaint, the court cannot accept any "bare formulaic accusation[s]," and the burden is on the

*plaintiff* to submit evidence sufficient to create a factual dispute regarding the foreign defendant's forum-state contacts. *See AFTG-TG*, 689 F.3d at 1365; *see also Centre One v. Vonage Holdings Corp.*, 2009 WL 2461003, at *2 (E.D. Tex. Aug.10, 2009) ("Once a movant challenges a court's jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant.") (citing *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)).

Personal jurisdiction exists where the forum state's long-arm statute extends to the nonresident defendant and the exercise of jurisdiction comports with due process. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). "Because Texas's long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment, the two inquiries merge." *Id.* To meet the requirements of the due process clause, the non-resident must have some "minimum contacts" with the forum which result from an affirmative act or acts, and it must not be unfair or unreasonable to require the non-resident to defend the suit in the forum state. *ETS-Lindgren, Inc. v. MVG, Inc.*, 2015 WL 6756186, at *2 (W.D. Tex. Nov. 4, 2015); *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015).

A defendant's "contacts" with the forum state "can give rise to either specific jurisdiction or general jurisdiction." *Sangha v. Navig8 ShipMgmt. Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citation omitted). To establish the minimum contacts necessary for general personal jurisdiction, plaintiffs bear a high burden. *Avocent*, 552 F.3d at 1330. General jurisdiction is present only when a plaintiff can show the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429,

432 (5th Cir. 2014); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (a defendant's "place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction") (internal cites omitted). To establish specific jurisdiction, a plaintiff must demonstrate that: (1) the defendant purposely directed his activities at residents of the forum and (2) the plaintiff's claims "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

## IV. ARGUMENT

### A. Align's Patent Claims Should be Dismissed for Lack of Personal Jurisdiction.

Align does not plead facts sufficient to show the requisite minimum contacts to support general or specific personal jurisdiction over Institut Straumann with regard to its Patent Claims. *First*, Align fails to plead that this Court has general personal jurisdiction over Institut Straumann—nor can it—because Institut Straumann is neither incorporated in nor has its principal place of business in Texas and therefore lacks any connection to Texas that renders it essentially at home in Texas. *Daimler AG*, 571 U.S. at 122 (2014) (internal cites omitted). *Second*, Align cannot establish that this Court has specific personal jurisdiction over Institut Straumann because it fails to satisfy any of the elements of the analysis, including because Institut Straumann has not purposefully directed any activities at Texas, much less activities that give rise to Align's Patent Claims. *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd*., No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *1 (W.D. Tex. Sept. 1, 2021) (citing *Nuance Comm's, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).

> 1. Institut Straumann Is Not Subject To The Court's General Personal Jurisdiction For Align's Patent Claims.

Align cannot establish—nor does it allege—general personal jurisdiction over Institut Straumann because it fails to plead facts sufficient to show that Institut Straumann's alleged

connection to Texas is "so constant and pervasive as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 122 (2014) (internal cites omitted). Align's complaint acknowledges that Institut Straumann is a foreign company with a principal place of business in Basel, Switzerland. Compl. ¶ 41. Because Institut Straumann is neither incorporated in nor has its principal place of business in Texas, Institut Straumann lacks a connection to Texas that renders it essentially at home in Texas and the Court cannot exercise general personal jurisdiction over Institut Straumann. *Monkton*, 768 F.3d at 432 (noting it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."); *see also Daimler AG*, 571 U.S. at 137.

> 2. Institut Straumann Is Not Subject To The Court's Specific Personal Jurisdiction For Align's Patent Claims.

To establish specific personal jurisdiction over Institut Straumann, Align must plead facts to support that (1) Institut Straumann purposefully directed its activities at residents of Texas; ***and*** (2) Align's patent claims arise out of or relate to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Monolithic*, 2021 WL 3931910, at *1 (internal cites omitted). Align fails to meet ***any*** of these requirements.

> a) Align's pleaded facts fail to establish that Institut Straumann purposefully directed its activities at residents of Texas.

Align cannot establish that Institut Straumann purposefully directed its activities at residents of Texas because Institut Straumann has no activities in Texas at all. Align, instead, attempts to rely on alleged "close contacts with Texas-based ClearCorrect" and fails to plead any minimum contacts with Texas outside this allegation. Compl. ¶ 57. Even if the Court were to credit some ancillary references elsewhere in the complaint regarding certain websites (Compl. ¶ 74), these websites are not directed towards Texas and insufficient to establish minimum

contacts. And, insofar as Align is suggesting that this Court can exercise jurisdiction over Institut Straumann based on an alter ego theory, that argument also fails.

***First***, there can be no dispute that Institut Straumann has not purposefully directed any activities at Texas. As mentioned above, Institut Straumann does not have ***any*** contacts with Texas. As a foreign company, Institut Straumann █████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████ Haag Decl. at ¶ 8. And Align does not—because it cannot—allege that Institut Straumann makes, uses, offers to sell, or sells in the United States, or imports, any of the accused products identified in Align's complaint.

***Second***, Align does not even attempt to claim that Institut Straumann took any direct action towards the residents of Texas, nor can it. Instead, Align alleges that Institut Straumann "availed itself through its close contacts with Texas-based ClearCorrect" and that Institut Straumann "reached into Texas and caused ClearCorrect and others to directly infringe those patents" in Texas—each of these is a conclusory statement that fails to demonstrate how Institut Straumann, itself, directed its activities at residents of Texas. Compl. ¶ 57; *Walden*, 571 U.S. at 285 ("our 'minimum contacts' analysis looks to the defendant's contacts with the forum ***State itself, not the defendant's contacts with persons who reside there***.") (emphasis added); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) ("[corporate relative] is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there"). Align's allegations are akin to "Institut Straumann does business with ClearCorrect which does business in Texas"—these kinds of allegations have been flatly rejected by the Supreme Court which made clear that contacts resulting from "the unilateral activity of another party or third person" are not

attributable to a defendant. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("in simple terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota"); *see also Burger King*, 471 U.S. at 475 (no jurisdiction over out-of-state defendant whose only tie to the forum resulted from a customer's decision to drive there). Here, Align's flawed theory would subject Institut Straumann to nationwide personal jurisdiction merely for choosing to do business with a company that operates nationwide. *Red Wing*, 148 F.3d at 1361. Furthermore, courts recognize that the fact that an allegedly infringing product was used, or even sold, in the forum is insufficient—rather, cases finding specific jurisdiction for induced infringement claims turn on whether the defendant ***purposefully directed activities at the forum state or its residents***. *See, e.g.*, *Thomas v. Centennial Commc'ns Corp.*, 2006 WL 6151153, at *3 (W.D.N.C. Dec. 20, 2006) (granting motion to dismiss where alleged acts of inducement were "no more directed towards [forum state] than to any other state in which the accused products were used."); *Sitrick v. Freehand Sys., Inc.*, 2004 WL 2191491 at *4 (N.D. Ill. Sept. 27, 2004) (dismissing claims where plaintiff failed to demonstrate that defendant's acts "were directed to Illinois more than to any other state where the accused product is sold").

**Third**, in a separate section of its complaint seemingly unrelated to its personal jurisdiction allegations, Align alleges that Institut Straumann "funnel[s] doctors and consumers to ClearCorrect" by advertising ClearCorrect's aligners, providing a portal to locate prescribing doctors, helping to confirm eligibility for treatment, and redirecting doctors to ClearCorrect's portal. Compl. ¶ 74. All of these allegations are predicated on websites which merely refer to the accused products without making them available for purchase and are not directed toward Texas. *See, e.g.*, *3D Sys., Inc. v. Aarotech Lab'ys, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998) (defendant

that maintained websites mentioning products of allegedly infringing subsidiary and forwarded resulting e-mail inquiries to subsidiary did not thereby direct activities toward residents of forum state); *Faro Techs., Inc. v. Cimcore Corp.*, 2006 WL 1119223, at *3 (M.D. Fla. Apr. 27, 2006) (website that does not make accused devices available for purchase not directed towards forum).

**Fourth**, to the extent Align is asserting that specific jurisdiction exists under an alter ego or agency theory based on ClearCorrect's alleged actions (*see* Compl. ¶¶ 71-75, 77-79, 94-95, 97-99, 113-114, 116-118, 136-137, 139-141, 156-157, 159-161, 176-180, 195-199, 213-217), there is no support for such an assertion. This Court has made clear that to succeed on an alter ego theory, Align must show that the "lines between Defendants have become so blurred that [two] become one." *Sightline Payments, LLC v. Everi Holdings Inc.*, No. 6:21-CV-01015-ADA, 2022 WL 2078215, at *4 (W.D. Tex. June 1, 2022), appeal dismissed, No. 2022-1956, 2023 WL 6389855 (Fed. Cir. Sept. 29, 2023). And the Federal Circuit has stated that a subsidiary's presence is not imputed to a related entity for venue **unless** the entities have "disregarded the corporate form in their dealings with their respective subsidiaries and affiliates"—and Institut Straumann has not done so, therefore imputing personal jurisdiction over Institut Straumann is wholly improper. *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021).

If Align wants the Court to disregard the strong presumption of corporate independence, it must overcome a "heavy burden" and show—by "clear evidence"—"proof of control" by Institut Straumann over the internal business operations and affairs of ClearCorrect sufficient to "fuse the two." *Hargrave*, 710 F.2d at 1160; *Sightline Payments*, 2022 WL 2078215, at *4 ("[t]he presumption of institutional independence of related corporate entities may be rebutted by 'clear evidence.'") (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). Where a plaintiff pleads or introduces no evidence, as here, to pierce the corporate veil,

███████████████████████████████████

then the activities of the subsidiary cannot be imputed to a corporate relative. *Id.* Furthermore, Align fails to cite, let alone address, the majority of the Fifth Circuit alter ego factors—thus, Align's alter ego argument fails. *SASOF III (B) Aviation Ireland DAC v. Nat'l Aero Stands LLC*, 2021 WL 1431307, at *7 (W.D. Tex. Mar. 26, 2021), report and recommendation adopted, 2021 WL 5194723 (W.D. Tex. June 9, 2021) (granting motion to dismiss where plaintiff failed to establish personal jurisdiction because it did not cite or address alter ego factors); *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691 (5th Cir. 1985).

Align's allegations, instead, involve lots of handwaving and conflation of Institut Straumann, ClearCorrect, and other Straumann entities. *See, e.g.*, Compl. ¶ 72 ("Straumann Holding—and therefore Straumann"). For example, Align attempts to extrapolate statements that ***Straumann Group's*** (not Institut Straumann's) Executive Management Board is "responsible for the ***[Straumann] Group's*** overall business and day-to-day management" to cover ClearCorrect's day-to-day management—this is not true. The statements Align attempts to rely on, furthermore, are outdated and almost ten years old. As made clear in Mr. Haag's declaration, ClearCorrect is wholly responsible for its own day-to-day management. *See* Haag Decl. ¶ 10.

Here, Institut Straumann and ClearCorrect are separate corporate entities with separate offices and operations. *Id*. at ¶¶ 9. ███████████████████████████████

███████████████████████████████████ *Id*. at ¶¶ 11-13. ███████████████

███████████████████████████████████ *Id*. at ¶ 14.

Institut Straumann maintains corporate formalities and is wholly responsible for its own day-to-day management. *Id*. at ¶ 10. ████████████████████████

███████████████████████████████████ *Id*. at

¶ 15. Institut Straumann's affiliation with ClearCorrect is nothing more than that of an ordinary



corporate family member. *Sightline Payments*, 2022 WL 2078215, at *4 ("activities consistent with the [corporate] relationship should not give rise to a finding of an alter ego") (citing *United States v. Bestfoods*, 524 U.S. 51, 72 (1998)). The Complaint does not—because it cannot—provide any evidence to the contrary, let alone carry its burden to overcome the presumption of corporate separateness for the purposes of personal jurisdiction. *EastWest Bridge v. Tech. Partners FZ, LLC*, 2019 WL 266838, at *2 n.2 (N.D. Tex. Jan. 18, 2019); *see* Compl. ¶¶ 72-73. As such, Align fails to plead facts sufficient to meet the exceedingly high bar necessary to impute jurisdiction over Institut Straumann under an alter ego theory. Because Align cannot establish that personal jurisdiction is proper under an alter ego theory, or any other theory for that matter, the Court should dismiss the Patent Claims.

> b) <u>Align's pleaded facts fail to establish that Align's Patent Claims arise out of or relate to Institut Straumann's alleged activities.</u>

Even assuming that Align was able to establish that Institut Straumann purposefully directed its activities to Texas (which it cannot), Align's claims fail for the independent reason that it cannot show that infringement occurred in Texas **as a result** of Institut Straumann's activities. Align has failed to establish that any allegedly infringing manufacture, sales, or offers for sale of ClearCorrect's aligners occurred in Texas, let alone that such infringement occurred in Texas as a result of Institut Straumann's alleged inducement. For example, Align alleges that Institut Straumann "funnel[s] doctors and consumers to ClearCorrect" through Institut Straumann's websites by advertising ClearCorrect's aligners, providing a portal to locate prescribing doctors, helping to confirm eligibility for treatment, and redirecting doctors to ClearCorrect's portal. Compl. ¶ 74. However, Align has not produced any evidence that any manufacture, sales, or offers for sale **in Texas** arose from or are related to any of these websites. *Faro Techs.*, 2006 WL 1119223, at *3 ("[plaintiff] has not produced any evidence that such sales arose from or are related

to [defendant's] web sites or any other inducement on [defendant's] part").  Align's attempts to establish personal jurisdiction fail as a matter of law to show that infringement *in Texas* occurred *as a result* of Institut Straumann's activities, namely the websites cited in Align's complaint.

        c)      <u>Fairness also mandates that Align's Patent Claims be dismissed.</u>

Even if Align could establish the first two elements of specific personal jurisdiction (which it cannot), exercising jurisdiction over Institut Straumann would not be reasonable or fair.  Under Federal Circuit precedent which governs the inquiry as to patent claims, determining whether the exercise of jurisdiction over a foreign defendant is reasonable or fair is based on "a multi-factored balancing test that weighs any burdens on the defendant against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving controversies flowing from in-state events." *Viam Corp. v. Iowa Export-Import Trading Co*., 84 F.3d 424, 429 (Fed. Cir. 1996).  This test examines the following factors: "(1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." *Id*. In analyzing these factors, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *See Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 114 (1987).

Here, the factors strongly indicate that exercising personal jurisdiction over Institut Straumann would not comport with traditional principles of fair play and substantial justice.  As a Swiss corporation based in Basel with no direct presence in Texas, maintaining jurisdiction over Institut Straumann would impose a significant burden.  This is particularly true when the actions

pertinent to Align's Patent Claims solely involve third-party acts, including those of Institut Straumann's affiliate entities. Exercising jurisdiction based on these circumstances introduces inefficiencies and inequities, compelling Institut Straumann to defend a case in a state where it lacks presence, regarding matters in which it holds no involvement. *Asahi*, 480 U.S. at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."). Exercising jurisdiction over the Swiss entity Institut Straumann would therefore violate traditional notions of fair play and substantial justice and Align's Patent Claims should be dismissed on that basis alone.

        d)        <u>Align's attempts to establish personal jurisdiction for its Composite Image Patent Claim through pendant jurisdiction, likewise, fail.</u>

Lastly, Align has no basis to argue that this Court has personal jurisdiction over its Composite Image Patent Claims and therefore merely attempts to manufacture jurisdiction through pendant jurisdiction. Compl. ¶ 58 ("those claims arise from a common nucleus of operative facts with Align's claims for infringement of its other patents relating to three-layer plastics and treatment planning."). However, pendant jurisdiction first requires that there be proper personal jurisdiction over the other claims from which it derives. Because Align fails to establish personal jurisdiction as to the other Patent Claims, Align cannot establish pendant jurisdiction.

Nevertheless, Align's pendant jurisdiction allegations also independently fail because it cannot establish that its Composite Image claims arise from a common nucleus of operative fact as Align's other Patent Claims. *Avocent*, 552 F.3d at 1340. Generally, claims arise out of a common nucleus of operative fact when they "involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts." *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994); *see also Lyndonville Sav. Bank & Trust*

*Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (pendant jurisdiction proper where "the facts underlying the . . . claims substantially overlapped . . . or where presentation of [one] claim necessarily brought the facts underlying the [other] claim before the court").  Here, the Materials and Treatment Planning Patent Claims involve ClearCorrect's ***aligners***, but the Composite Image Patent Claims involve an entirely ***different*** universe of products, namely "intraoral scanner systems" *i.e.* Virtuo Vivo.  Compl. ¶ 232.  This necessarily implicates a different set of witnesses, presentation of different evidence, and the determination of very different facts and therefore do not justify asserting pendant jurisdiction.  *AngioScore, Inc. v. TriReme Med., LLC*, 666 F. App'x 884, 887 (Fed. Cir. 2016) (no "common nucleus of operative fact" even where both claims involved angioplasty balloon catheters because the overlapping information was merely "background"); *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*, 468 F.Supp.2d 136, 141 (D.D.C. 2007) (claims that only "relate generally" to other claims through a broader dispute and do not share any operative facts are insufficient for pendant jurisdiction).  Therefore, exercising personal jurisdiction over Institut Straumann, which lacks minimum contacts sufficient to justify specific jurisdiction, let alone general or pendant jurisdiction, would not comport with due process.  Align's Patent Claims against Institut Straumann should be dismissed.

**B.    Align's Non-Patent Claims Should be Dismissed For Lack of Personal Jurisdiction.**

Align's personal jurisdiction allegations for its Non-Patent claims are reflected in a single sentence consisting of conclusory and confusing statements that Institut Straumann "availed itself of Texas through its close contacts with Texas-based ClearCorrect, and its false and misleading advertisement of ClearCorrect aligners, manufacture and sale of those aligners, and inducement of consumers to submit intraoral scans, purchase, and use those aligners all relate to its contacts with ClearCorrect."  Compl. ¶ 57.  This statement is wholly unsupported by fact and insufficient to

establish personal jurisdiction for Align's Non-Patent Claims. *See AFTG-TG*, 689 F.3d at 1361. Align cannot establish either general or specific personal jurisdiction over Institut Straumann with regard to the Non-Patent Claims and those claims should also be dismissed.

1. Institut Straumann Is Not Subject To The Court's General Personal Jurisdiction For Align's Non-Patent Claims.

For the same reasons as stated above, *supra* Section IV.A.1., Align cannot and does not establish that Institut Straumann is "essentially at home" in Texas justifying this Court's exercise of general personal jurisdiction over Institut Straumann. Furthermore, to the extent Align attempts to rely on the "advertisements" on the aforementioned websites as evidence of "continuous and systematic" affiliations with Texas, Align has failed to establish or even allege that these advertisements were directed to residents of Texas. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 339 (5th Cir. 2020) ("targeted advertising" fails to meet "demanding nature" of general personal jurisdiction). Furthermore, under the Fifth Circuit's recent guidance, an entity is not "at home" in Texas merely because it solicits or "does a substantial amount of business" with Texans—and Institut Straumann does not do either. *Id.*; *see also Monkton*, 768 F.3d at 432 ("at most, [defendant's] website shows that [it] conducts business with Texas, not in Texas."). Therefore, Institut Straumann lacks a connection to Texas that renders it essentially at home in Texas and the Court cannot exercise general personal jurisdiction over Institut Straumann.

2. Institut Straumann Is Not Subject To The Court's Specific Personal Jurisdiction For Align's Non-Patent Claims.

Align, likewise, cannot establish specific personal jurisdiction over Institut Straumann because it fails to establish that (1) Institut Straumann purposefully directed its activities at residents of Texas; (2) Align's Non-Patent Claims arise out of or relate to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Monolithic*, 2021 WL 3931910, at

*1 (internal cites omitted). Institut Straumann has not purposefully directed any activities at Texas and has no relevant contacts with Texas for at least three reasons.

   a) <u>Align's pleaded facts fail to establish that Institut Straumann Purposefully Directed its Activities at residents of Texas.</u>

As explained *supra* Section IV.A.2., Institut Straumann has not purposefully directed any activities at Texas. Institut Straumann's alleged "close contacts with Texas-based ClearCorrect" and peripheral claims that Institut Straumann "funnel[s] doctors and consumers to ClearCorrect" through certain websites are insufficient to establish that Institut Straumann purposefully directed its activities at residents of Texas. *See* Compl. ¶ 74. And, as also explained *supra* Section IV.A.2.a., Align's attempt to impute jurisdiction through alter ego also fails.

***First***, with regard to Align's Non-Patent Claims, Align relies on the same allegations that Institut Straumann "availed itself of Texas" through its "close contacts with Texas-based ClearCorrect." However, Align fails to cite a single fact as evidence of these "close contacts" for its Non-Patent Claims. Compl. ¶ 57. Instead, Align confusingly bundles all if its conclusory allegations in one bald sentence—"Straumann availed itself of Texas through its close contacts with Texas-based ClearCorrect, and its false and misleading advertisement of ClearCorrect aligners, manufacture and sale of those aligners, and inducement of consumers to submit intraoral scans, purchase, and use those aligners all relate to its contacts with ClearCorrect." *Id*.

Even if Align's allegations regarding "false and misleading advertisements of ClearCorrect aligners" are able to find factual support elsewhere in the complaint, *i.e.* that Align's false advertising, unfair competition, and civil conspiracy claims stem from comparative advertisements on various websites, Align still fails to explain how these websites establish that Institut Straumann purposefully directed its activities at residents of Texas. *See, e.g.*, Compl. ¶¶ 61, 65, 67. Nowhere in its complaint does Align even allege that the websites reached Texas consumers. *See, e.g.*,

Compl. ¶ 61. And even if Align was able to establish that residents of Texas visited the websites and/or purchased the accused products from there—which it has not—the Fifth Circuit has made clear that even under those facts, minimum contacts would not be satisfied. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021). Such facts, instead, only reflect universal accessibility and not purposeful availment of Texas. *Id.* ("those [website] visits reflect only [defendant's] universal accessibility, not its purposeful availment of Texas. Accessibility alone cannot sustain our jurisdiction. If it could, lack of personal jurisdiction would be no defense at all."). Because the alleged activities Align attempts to rely on as minimum contacts are insufficient as a matter of law to establish that Institut Straumann purposefully directed its activities at residents of Texas, Align fails to establish personal jurisdiction over Institut Straumann.

**Second**, as explained *supra* Section IV.A.2.a., Align fails to plead facts sufficient to meet the high bar necessary to impute jurisdiction over Institut Straumann under an alter ego theory. Therefore, Align cannot establish that Institut Straumann purposefully directed its activities at residents of Texas or that jurisdiction is proper under an alter ego theory and the Court lacks personal jurisdiction over Institut Straumann with regard to the Non-Patent Claims.

        b)    <u>Align's pleaded facts fail to establish that Align's Non-Patent Claims arise out of or relate to Institut Straumann's alleged activities.</u>

Despite the fact that Align cannot establish that Institut Straumann purposefully directed its activities at residents of Texas, Align also fails to allege that its Non-Patent Claims arose out of Institut Straumann's alleged activities. Align fails to plead facts that any false advertising, unfair competition, or civil conspiracy **in Texas** arose from or are related to any of the alleged "comparative advertisements" on various websites. *Faro Techs.*, 2006 WL 1119223, at *3.

Not a single one of Align's false advertising, unfair competition, or civil conspiracy claims allege that any activities that took place *in Texas* gave rise to its claims. For example, regarding Align's civil conspiracy claim, Align alleges that Institut Straumann and ClearCorrect are members of a civil conspiracy and their object was to drive consumers from Align to ClearCorrect. Compl. ¶¶ 37, 67. However, Align's civil conspiracy claim makes no allegations that any activities that took place *in Texas* gave rise to civil conspiracy. Thus, Align's attempts to establish personal jurisdiction fail as a matter of law to meet the requisite showing that false advertising, unfair competition, or civil conspiracy *in Texas* occurred *as a result* of Institut Straumann's activities.

        c)    <u>Fairness also mandates that Align's Non-Patent Claims be dismissed.</u>

Fairness as defined by the Fifth Circuit has two elements: fair warning that the defendant's activities could furnish jurisdiction in the forum *and* some chance for the defendant to limit or avoid his exposure to the courts of a particular state. *Johnson*, 21 F.4th at 320. As discussed, Institut Straumann has no ties with Texas and merely owning a website that is visible in Texas is insufficient as a matter of law to provide Institut Straumann with that "fair warning." *Id.* ("Making a website that's visible in Texas, of course, does not suffice."). Institut Straumann also has not been afforded some chance to limit its exposure to the courts of Texas. The Supreme Court (and the Fifth Circuit) has interpreted this principle as the inverse of purposeful-availment: jurisdiction is absent where a defendant does not reach into the forum state and intentionally create suit-related contacts. *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-99 (1980)). With regard to websites, the Fifth Circuit has acknowledged that an entity need not block Texans from visiting the website but instead that an entity is not subject to the authority of Texas courts if it does not purposefully direct its conduct toward Texas. *Id.* at 323. Because Institut Straumann does not aim any alleged conduct at Texas, let alone conduct that Align relies on as the basis of its

false advertising, unfair competition, or civil conspiracy claims, the exercise of jurisdiction over the Swiss entity Institut Straumann would violate traditional notions of fair play and substantial justice. Therefore, Align's Non-Patent Claims against Institut Straumann should be dismissed.

## V. CONCLUSION

Align has not made any showing—much less a sufficient showing—that Institut Straumann is subject to personal jurisdiction in Texas as to either its Patent Claims or Non-Patent Claims, which should therefore be dismissed.

Dated: June 20, 2024

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM AND SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
(903)934-8450
Fax: (903)934-9257

Omar A. Khan
Joseph J. Mueller
WILMER CUTLER PICKERING HALE AND
  DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800
omar.khan@wilmerhale.com
joseph.mueller@wilmerhale.com

Gerard A. Salvatore
Robert B. Stiller
WILMER CUTLER PICKERING HALE AND
  DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000
jerry.salvatore@wilmerhale.com

robert.stiller@wilmerhale.com

Hannah Santasawatkul
Texas State Bar No. 24107617
WILMER CUTLER PICKERING HALE AND
   DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

***Limited and Special Appearance for
Defendant Institut Straumann AG***

██████████████████████████████████████

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on June 20, 2024.

*/s/ Melissa R. Smith*
Melissa R. Smith
