**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., &<br>INSTITUT STRAUMANN AG,<br><br>        Defendants.<br><br>───────────────────────<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., &<br>STRAUMANN USA, LLC,<br><br>        Counterclaim-Plaintiffs,<br><br>  v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG |

**<u>SCHEDULING ORDER</u>**

| Date | Item |
|---|---|
| 7/18/24 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 7/22/24 | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 7/29/24 | Written and document discovery opens on all claims |
| 8/15/24 | Deadline to serve initial disclosures. |
| 8/15/24 | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| 9/13/24 | Plaintiff files response to Counterclaim-Plaintiff's counterclaims set forth in ECF No. 49. |
| 9/26/24 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 10/3/24 | Parties exchange claim terms for construction. |
| 10/10/24 | Parties exchange proposed claim constructions. |
| 10/17/24 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Date | Item |
|---|---|
| | expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 10/24/24 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 10/31/24 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 11/21/24 | Plaintiff files Responsive claim construction brief. |
| 12/5/24 | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their Markman date and to notify if any venue or jurisdictional motions remain unripe for resolution |
| 12/5/24 | Defendant files Reply claim construction brief. |
| 12/19/24 | Plaintiff files a Sur-Reply claim construction brief. |
| 1/5/25 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). Note: Align does not believe a technical advisor would be beneficial; ClearCorrect requests the appointment of a technical advisor if the Court believes one would be helpful. |
| 1/10/25 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| 1/22/25 | *Markman* Hearing at 9:00 a.m.[3] This date is a placeholder and the Court may adjust this date as the Markman hearing approaches. |
| 1/23/25 | Parties may serve deposition notices beginning on this date. |
| 3/6/25 | Deadline to add parties. |
| 3/17/25 | Substantial completion deadline for document production.[4] |
| 4/17/25 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[3] All deadlines hereafter follow the original Markman hearing date and do not change if the Court delays the Markman hearing.

[4] The parties commit to begin rolling productions in good faith and as soon as practicable.

| Date | Item |
|---|---|
| 5/15/25 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 7/24/25 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 7/29/25 | Close of Fact Discovery. |
| 8/28/25 | Opening Expert Reports. |
| 9/30/25 | Rebuttal Expert Reports. |
| 10/28/2025 | Close of Expert Discovery. |
| 11/4/25 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 11/11/25 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civilforms/notice-consent-and-reference-civil-action-magistratejudge. |
| 11/25/25 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 12/9/25 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 12/15/25 | Parties to jointly email the Court's law clerk (See OGP at 1) to confirm their pretrial conference and trial dates. |
| 12/16/25 | Serve objections to rebuttal disclosures; file motions *in limine*. |
| 1/6/26 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine*.<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |

| Date | Item |
|---|---|
| 1/13/26 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com Deadline to file replies to motions *in limine*. |
| 1/20/26 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 1/22/26 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 1/27/26 | Final Pretrial Conference. Held in person unless otherwise requested. |
| 2/16/26 | Jury Selection/Trial.[5] |

SIGNED this 5th day of August, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

---

[5] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.