██████████████████████

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>    Plaintiff,<br>v.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., and<br>INSTITUT STRAUMANN AG,<br><br>    Defendants. | **Civil Action No.: 6:24-cv-00187**<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE**<br><br>██████████████<br><br>**PUBLIC VERSION** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

I. ███████████████████ .................................................................................................1

II. Align's False Advertising, Unfair Competition, and Civil Conspiracy Claims Are Not Adequately Pled ........................................................................................................................4

III. Align Fails to Allege That The Accused Software Performs The Collision Avoidance Limitations ...................................................................................................................................5

IV. The "Treatment Planning" and "Composite Image" Patents Are Not Patent Eligible Under § 101 .................................................................................................................................6

    A. Align's procedural challenges to Defendants' motion fail ......................................6

    B. The claims of the "treatment planning" patent are ineligible ..................................8

    C. The claims of the "composite image" patent are ineligible ....................................9

V. Conclusion .................................................................................................................................10

# TABLE OF AUTHORITIES

                                                                                                         **Page(s)**

**Federal Cases**

*AI Visualize, Inc. v. Nuance Comm's, Inc.*,
    97 F.4th 1371 (Fed. Cir. 2024) ....................................................................................10

*Bamforth v. Facebook, Inc.*,
    2021 WL 4133753 (N.D. Cal. Sept. 10, 2021) ...........................................................1, 3

*Berkheimer v. HP Inc.*,
    881 F.3d 1360 (Fed. Cir. 2018) ...................................................................................7, 8

*Crystaphase Prods., Inc. v. Criterion Catalysts & Techs., LP*,
    2018 WL 4266237 (S.D. Tex. Aug. 20, 2018) .................................................................4

*Customedia Techs., LLC v. Dish Network Corp.*,
    951 F.3d 1359 (Fed. Cir. 2020) .......................................................................................9

*Dental Monitoring SAS v. Align Tech., Inc.*,
    No. 3:22-cv-07335 (N.D. Cal.) .........................................................................6, 8, 9, 10

*Florida Virtual Sch. V. K12, Inc.*,
    674 F. Supp. 3d 1127 (M.D. Fla. May 30, 2023)..............................................................1

*Greater Houston Trans., Co. v. Uber Techs., Inc.*,
    2015 WL 1034254 (S.D. Tex. Mar. 10, 2015)..............................................................4, 5

*Grecia v. VUDU, Inc.*,
    2015 WL 538486 (N.D. Cal. Feb. 9, 2015) .....................................................................1

*Hawk Tech. Sys., LLC v. Castle Retail, LLC*,
    60 F.4th 1349 (Fed. Cir. 2023) ........................................................................................8

*IBM Corp. v. Zillow Grp., Inc.*,
    2024 WL 89642 (Fed. Cir. 2024).....................................................................................9

*Intellectual Ventures I LLC v. Erie Indemnity Co.*,
    850 F.3d 1315 (Fed. Cir. 2017) .......................................................................................9

*Lakeview Ests. Lake Ass'n, Inc. v. Swamp Thing, LLC*,
    2015 WL 9459928 (E.D. Ky. Dec. 23, 2015)...................................................................3

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
    837 F.3d 1299 (Fed. Cir. 2016) .......................................................................................9

*Melancon v. Carnival Corp.*,
 835 F. App'x 721 (5th Cir. 2020) ...................................................................................1

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
 2014 WL 12705573 (N.D. Cal. 2014) ............................................................................3

*Moser v. Navistar Int'l Corp.*,
 2019 WL 763480 (E.D. Tex. Feb. 20, 2019) ...................................................................1

*Network Architecture Innovations LLC v. CC Network Inc.*,
 2017 WL 1398276 (E.D. Tex. April 18, 2017) ................................................................7

*Prewitt v. Continental Automative*,
 927 F. Supp. 2d 435 (W.D. Tex. Feb. 26, 2013) .............................................................1

*RFC Lenders of Texas, LLC v. Smart Chem. Sol'ns, LLC*,
 No. 23-cv-00832 (W.D. Tex.) ..........................................................................................8

*Semantic Search Techs. LLC v. Aldo U.S., Inc.*,
 425 F. Supp. 3d 758 (E.D. Tex. Aug. 21, 2019) .............................................................6

*Spectrum Gulf Coast LLC v. City Public Service of San Antonio*,
 2022 WL 22328992 (W.D. Tex., July 18, 2022) ............................................................3

*Tattoo Art, Inc. v. Tat Int'l, LLC*,
 711 F. Supp. 2d 645 (E.D. Va. 2010) .............................................................................3

*Trinity Info Media, LLC v. Covalent, Inc.*,
 72 F.4th 1355 (Fed. Cir. 2023) ...................................................................................6, 7

*Weatherford Int'l, LLC v. Binstock*,
 452 F. Supp. 3d 561 (S.D. Tex. Feb. 7, 2020) ................................................................2

*Yu v. Apple Inc.*,
 1 F.4th 1040 (Fed. Cir. 2021) .......................................................................................10

**State Cases**

*Grohman v. Kahlig*,
 318 S.W.3d 882 (Tex. 2010) ...........................................................................................3

*TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*,
 667 S.W.3d 694 (Tex. 2023) ...........................................................................................2

**Federal Statutes**

35 U.S.C. § 286 .......................................................................................................................2

As explained in ClearCorrect's motion, Align's Complaint never should have been filed, and the claims within it are fundamentally flawed. Nothing in Align's opposition changes that.[1]

**I.** ███████████████████████████████████████

In its opposition, Align ██████████████████████████████████████████
██████████████████████████████ Align, however, offers a list of excuses. Each fails.

*First*, Align argues that ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

What is more, Align repeatedly ████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[1] Align appears to have used 24-point spacing in its brief instead of the double-spacing required.
[2] In any event, the Court can ████████████████████████████████
████████████████████████████████████████████████████████

***Second***, Align argues that █████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████

Even if █████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████

***Third***, Align argues that ████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

      ***Fourth***, dismissal is the appropriate remedy. ████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████

---

[3] Contrary to Align's argument in its opposition, ████████████████
[4] Align's reliance on ████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

[5] Align's complaint that ClearCorrect ██████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

## II. ALIGN'S FALSE ADVERTISING, UNFAIR COMPETITION, AND CIVIL CONSPIRACY CLAIMS ARE NOT ADEQUATELY PLED

Align confirms that it does not claim the accused advertising—which compares the stain resistance of aligners—is literally false, and Align admits the ad expressly describes the parameters used in the underlying experiments. Opp. 11-12. Still, Align argues that the advertisements "mislead" consumers into believing "that Invisalign aligners will appear unattractive and stained during normal use." Compl. ¶ 36. Align supports this bare conclusion with a cropped version of the ad that *excludes* the unambiguous description of the experimental conditions. Opp. 11-12.



As shown above, the advertising expressly states the two conditions used to generate the images—(1) 24 hour submersion at (2) 37°C—in text immediately adjacent to the accused images (*see, e.g.*, Dkt. 32-2 at 5; 32-3 at 16). Where, as here, the advertisement's text adequately explains what is shown, a plaintiff cannot sustain a false advertising claim. *See, e.g.*, *Greater Houston Transp., Co. v. Uber Techs., Inc.*, 2015 WL 1034254, at *12 (S.D. Tex. Mar. 10, 2015) (dismissing false advertising claim where one would have to be "careless enough to disregard the information actually provided" to find the ad misleading). Even the case on which Align relies—*Crystaphase Prods., Inc. v. Criterion Catalysts & Techs., LP*, 2018 WL 4266237, at *9 (S.D. Tex. Aug. 20, 2018)—confirms that such "context is so important."[6]

---

[6] In *Crystaphase*, unlike here, the accused advertising had images that did not match up with the accompanying text or actual product. 2018 WL 4266237, at *9.

4

Align further declares—as it must—that the statements in the accused advertising are "material" and "likely to deceive," Opp. 12-13, but offers no factual allegations in support. Instead, Align *assumes* that the statements must be material and likely to deceive—otherwise, Align questions, "why would Defendants advertise them?" Opp. 12-13. But if deception was the goal, why would the accused ads detail the conditions used in its testing? Moreover, Align's complaint contends that no reasonable consumer would consider the conditions used in the testing to constitute "normal use." Compl. ¶ 36. If true, it is implausible that a consumer would be deceived by advertisements that clearly describe how and when the aligners appear stained. As in *Greater Houston*, for the accused statements to be found misleading, a customer would have to be "careless enough to disregard the information actually provided." 2015 WL 1034254, at *12. Nothing in Align's Complaint permits such an inference. Accordingly, this Court should dismiss Align's false advertising claim, as well as the unfair competition and civil conspiracy claims, which are based on the same (insufficient) allegations. Opp. 13-14; Compl. ¶¶ 64-67.

### III. ALIGN FAILS TO ALLEGE THAT THE ACCUSED SOFTWARE PERFORMS THE COLLISION AVOIDANCE LIMITATIONS

Align admits that ClearCorrect technicians perform the steps that the asserted "treatment planning" patents require *software* to perform. Compl. ¶ 172, 191, 209. Align's attempts to walk back that admission to avoid dismissal fail. *First*, the fact that ClearCorrect petitioned for IPR of one of the "treatment planning" patents does not, as a matter of law or logic, establish that the accused products satisfy this element of those patents. Opp. 14 (citing Compl. ¶¶ 158, 178, 197, 215). *Second*, the two statements in ClearCorrect's 510(k) submission Align cites, Opp. 14, say *nothing* about using collision avoidance in a treatment plan or performing such techniques through ClearCorrect's software. *Third*, the allegation that "ClearCorrect advertises that its technicians will, by default, treatment plan … using 'anterior roundtripping as needed,'" Opp. 14, serves only

5

to reinforce that ClearCorrect ***technicians***, not software, perform collision avoidance. ***Fourth***, the YouTube video Align cites, which it claims shows that ClearCorrect uses the "staggering" technique, Opp. 14, never maintains that ClearCorrect's ***software*** determines the staggering.[7]

IV. **THE "TREATMENT PLANNING" AND "COMPOSITE IMAGE" PATENTS ARE NOT PATENT ELIGIBLE UNDER § 101**

A. **Align's procedural challenges to Defendants' motion fail**

Align lodges two procedural challenges to ClearCorrect's § 101 motion. ***First***, Align argues that the Court should ignore the motion until after claim construction and discovery. But patent eligibility is a "threshold issue," *Semantic Search Techs. LLC v. Aldo U.S., Inc.*, 425 F. Supp. 3d 758, 769 (E.D. Tex. Aug. 21, 2019), and the Federal Circuit has "repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360 (Fed. Cir. 2023). Align itself has urged the invalidation of claims under § 101 on a motion to dismiss. *Dental Monitoring SAS v. Align Tech., Inc.*, No. 3:22-cv-7335, 2023 WL 5444482 (N.D. Cal. July 13, 2023), ECF 53.

To avoid dismissal, a "patentee must propose [1] a ***specific claim construction*** or [2] identify ***specific facts*** and [3] ***explain why those circumstances must be resolved*** before the scope of the claims can be understood for § 101 purposes." *Trinity Info*, 72 F.4th at 1360-61. Align has not attempted to do so. In its opposition, Align identifies only two potential claim terms—"round-tripping" and "staggering"—relating to the "treatment planning" patents and none for the "composite image" patent. It does not, however, ***propose*** a construction for those terms; it does not identify any dispute regarding the meaning of those terms; and it does not explain how

---

[7] In its opposition, Align contends that ClearCorrect's "technicians practice the claimed methods *by running ClearCorrect's software*." Opp. 15. But this is inconsistent with the allegations in Align's complaint. *See, e.g.*, Compl. ¶ 172 ("ClearCorrect advertises that its technicians will, by default, treatment plan … using 'anterior roundtripping as needed").

6

those terms would impact the § 101 analysis. To the contrary, Align contends only that the terms are "expressly define[d]" in the specification, Opp. 16, and the Court can address ineligibility based on those definitions. *See, e.g.*, Network Architecture Innovations LLC v. CC Network Inc., 2017 WL 1398276, at *4 (E.D. Tex. April 18, 2017) (granting 12(b)(6) motion that claims were ineligible where plaintiff proposed construing term as defined in specification). In addition to identifying these two terms, Align generically asserts that "other construction disputes are likely." Opp. 16. But a plaintiff must do more than invoke a generic need for claim construction to postpone a determination on § 101 at the pleadings stage. *Trinity Info*, 72 F.4th at 1360-61.

Align also argues that specific facts must be resolved before any § 101 determination. Specifically, Align argues that "its treatment planning patents" are the result of "years of research and development," cover "critical advancements," and provide "major benefits." Opp. 16-17. But Align fails to explain how development of those facts "must be resolved before the scope of the claims can be understood for § 101 purposes." *Trinity Info*, 72 F. 4th at 1360-61. As to the "composite image" patent, the complaint is even thinner. The complaint alleges that intraoral scanning **generally** is "faster and more accurate [and more flexible] than the conventional method of … casting a patient's teeth." Compl., ¶ 25. It does **not** allege that **Align** introduced a non-abstract technological improvement that is "faster and more accurate."

**Second**, Align argues ClearCorrect fails to establish that the claims featured in its motion are representative. Align, however, "does not present any meaningful argument for the distinctive significance of any claim limitations not found in [ClearCorrect's] representative claim[s]." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Align's **only argument** is that (1) claim 8 of the '217 patent recites a limitation not recited in representative claim 1, and (2) that claim 2 of the "composite image" patent recites a limitation not recited in representative claim 1.

Opp. 17. But those limitations do not change the analysis, and Align offers no argument why these limitations of dependent claims have distinct significance for eligibility. *RFC Lenders of Texas, LLC v. Smart Chem. Sol'ns, LLC*, No. 23-cv-00832 (W.D. Tex. Aug. 6, 2024), ECF 30 ("merely stat[ing] that each claim recites its own set of details and limitations but offer[ing] no discussion of how those additional limitations set the … claims apart from claim 1 … dooms [plaintiff's] argument"). In its complaint, Align treated claim 1 of the "treatment planning" patents and the "composite image" patent as representative; so may the Court. *Berkheimer*, 881 F.3d at 1365.

### B. The claims of the "treatment planning" patent are ineligible

At Step One, Align does not dispute that the claims are directed to planning a sequence of tooth movements to straighten teeth. Nor does it dispute that such planning can be performed manually. It argues only that automating the method (as claimed here) is "directed to an improved process, not its result." Opp. 18, 19. Align is wrong. At Step One, the analysis "must focus on the claim language," and the claimed methods plainly recite only functional, result-driven limitations that "lack sufficient recitation of *how* the purported invention improves" the treatment planning process. *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1357 (Fed. Cir. 2023). Nowhere do the claims recite *how* a computer is programmed to automate treatment planning using staggering and round-tripping as defined in the patents. Rather, they recite only the idea of using these techniques by itself. These are exactly the type of claims that Align challenged under § 101 in the *Dental Monitoring* case, which involved taking pictures of a patient's teeth and assessing the shape of an aligner. There, Align argued: "[The patentee] ha[s] to claim a specific algorithm in order to be able to say that there's been some technological improvement" … meanwhile "[patentee] just say[s], use this generic computer to go out and automate routine dental practices." *Dental Monitoring SAS v. Align Tech., Inc.*, No. 3:22-cv-7335 (N.D. Cal. April 3, 2024), ECF 143 at 14:23-15:4; 23:13-14. That is not enough, and the court

8

held the claims invalid. *Dental Monitoring SAS v. Align Tech., Inc.*, 2024 WL 2261931, at *4 (N.D. Cal. May 16, 2024) ("the claim describes the training process with a great deal of particularity, but the focus of the claim itself remains the abstract idea, albeit accompanied by a detailed set of instructions regarding its implementation in a particular technological context and field of use."). Moreover, the only technological improvement alleged by Align is "reducing the time and resources needed to stage the movement of teeth." Opp. 18. But "claiming the improved speed or efficiency inherent with applying the abstract idea on a computer [is] insufficient to render the claims patent eligible." *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020).[8]

At Step Two, it is insufficient for Align to repeat generic allegations regarding "critical advancements" and "major benefits" it discovered because "[m]erely alleging inventiveness without tying those allegations to the patent is insufficient to survive a Rule 12 motion." *IBM Corp. v. Zillow Grp., Inc.*, 2024 WL 89642, at *5 (Fed. Cir. 2024). Align does not dispute, in its opposition, that the claimed steps merely result from mathematical and "geometrical techniques," which could be done manually. '444 Patent 6:33-35; *see also Intellectual Ventures I LLC v. Erie Indemnity Co.*, 850 F.3d 1315, 1328 (Fed. Cir. 2017) ("use of a well-known" technique fails to "sufficiently transform[] the claims into a patent eligible invention").

### C. The claims of the "composite image" patent are ineligible

At Step One, Align does not dispute that the limitations of the "composite image" patent recite the abstract idea of collecting, manipulating, and displaying data.[9] It argues only that the

---

[8] Align's reliance on *McRo* is misplaced because, in that case, the claims incorporated "rules" that "improved [the] existing technological process." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016). No such rules or implementation details exist here.
[9] The claims provide no new way for collecting, manipulating, and displaying data, such as with an inventive algorithm or software process.

claims include "specialized hardware, three-dimensional digital models, and improved functionality over prior methods." Opp. 20. But the claims recite none of those things. They recite only a "hand-held oral scanner" (described as "any suitable scanner") and a generic "model." The only "improved functionality" Align identifies over prior systems is that the disclosed system "lets doctors rescan only the parts of a patient's mouth that need[s] to be rescanned." Opp. 19. But that "solution" is the abstract idea itself, *i.e.*, "tak[ing] one image and enhance[ing] it with another." *Yu v. Apple Inc.*, 1 F.4th 1040, 1044 (Fed. Cir. 2021). And, in any case, Align is again talking out of both sides of its mouth. In the *Dental Monitoring* case, where Align was the movant, Align admitted—and the court agreed—that taking and retaking pictures of teeth has long been a common part of dental practice. *Dental Monitoring SAS v. Align Tech., Inc.*, No. 3:22-cv-7335, 2024 WL 1856462 (N.D. Cal. April 3, 2024), ECF 53; *Dental Monitoring SAS v. Align Tech., Inc.*, No. 3:22-07335, 2024 WL 2261931, at *10 (N.D. Cal. May 16, 2024).

At Step Two, contrary to Align's attorney arguments, Align's complaint refers only to a generic intraoral scanner, does not identify any aspect of the ***claimed*** scanner that makes it faster, more accurate, and more flexible, and as such, is "wholly divorced from the claims or the specification." *AI Visualize, Inc. v. Nuance Comm's, Inc.*, 97 F.4th 1371, 1380 (Fed. Cir. 2024). That is not surprising because the patent repeatedly states that "any suitable scann[er]" and related components can be used to perform the generic data management functions. *See, e.g.*, '936 Patent, 18:10-48, 19:5-13, 20:18-57, 22:9-15. Accordingly, the claims are ineligible.

## V. CONCLUSION

The Court should dismiss due to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Alternatively, the Court should dismiss Counts 1-3 and 8-12 for failure to state a claim.

Dated: August 9, 2024                                    Respectfully submitted,


                                                         /s/ Melissa R. Smith
                                                         Melissa R. Smith
                                                         Texas Bar No. 24001351
                                                         melissa@gillamsmithlaw.com
                                                         GILLAM AND SMITH, LLP
                                                         303 South Washington Avenue
                                                         Marshall, TX 75670
                                                         (903)934-8450
                                                         Fax: (903)934-9257

                                                         James Travis Underwood
                                                         Texas Bar No. 24102587
                                                         travis@gillamsmithlaw.com
                                                         GILLAM AND SMITH, LLP
                                                         102 N. College, Suite 800
                                                         Tyler, TX 75702
                                                         (903) 934-8450
                                                         Fax: (903)934-9257

                                                         Joseph J. Mueller
                                                         Vinita Ferrera
                                                         Mark A. Ford
                                                         Marissa A. Lalli
                                                         Holly A. Ovington
                                                         Tyler L. Shearer
                                                         WILMER CUTLER PICKERING
                                                            HALE AND DORR LLP
                                                         60 State Street
                                                         Boston, MA 02109
                                                         (617) 526-6000
                                                         joseph.mueller@wilmerhale.com
                                                         vinita.ferrera@wilmerhale.com
                                                         mark.ford@wilmerhale.com
                                                         marissa.lalli@wilmerhale.com
                                                         holly.ovington@wilmerhale.com
                                                         tyler.shearer@wilmerhale.com

                                                         Omar A. Khan
                                                         WILMER CUTLER PICKERING
                                                            HALE AND DORR LLP
                                                         250 Greenwich Street
                                                         New York, NY 10007
                                                         (212) 230-8800

omar.khan@wilmerhale.com

Gerard A. Salvatore
Robert B. Stiller
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000
jerry.salvatore@wilmerhale.com
robert.stiller@wilmerhale.com

Hannah Santasawatkul
Texas State Bar No. 24107617
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

***Attorneys for Defendants
ClearCorrect Operating, LLC
ClearCorrect Holdings, Inc.***

***Limited and Special Appearance for
Defendant Institut Straumann AG***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on August 9, 2024.

                                            */s/ Melissa R. Smith*
                                            Melissa R. Smith