IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,<br><br>Defendants.<br><hr>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' MOTION FOR A
<u>PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(C)</u>**

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | FACTUAL BACKGROUND | | 2 |
| II. | LEGAL STANDARD | | 4 |
| III. | ARGUMENT | | 4 |
| | A. | Seeking ClearCorrect Documents Through SoftSmile Is Improper | 4 |
| | B. | Align's Request For ClearCorrect-SoftSmile Arbitration Materials Is Improper | 6 |
| | C. | Align Improperly Seeks ClearCorrect's Confidential Information From Its Technical Collaboration With SoftSmile | 8 |
| IV. | CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AGV Sports Grp., Inc. v. Protus IP Sols., Inc.*,
 2010 WL 1529195 (D. Md. Apr. 15, 2010) ...................................................................5

*Alloc, Inc. v. Unilin Beheer B.V.*,
 2006 WL 757871 (E.D. Wis. Mar. 24, 2006) ...............................................................10

*Atlas Global Techs., LLC v. Sercomm Corp.*,
 638 F. Supp. 3d 721 (W.D. Tex. 2022) (Albright, J.) ...................................................10

*Barrella v. Village of Freeport*,
 2012 WL 6103222 (E.D.N.Y. Dec. 8, 2012) ..................................................................5

*City of Colton v. Am. Promotional, Inc.*,
 2006 WL 8436702 (C.D. Cal. Feb. 6, 2006) ..................................................................7

*Cooley v. Curves Int'l, Inc.*,
 2008 WL 11333881 (W.D. Tex. May 19, 2008) ........................................................7, 9

*Donelon v. Herbert Clough, Inc.*,
 2006 WL 8436296 (M.D. La. Aug. 18, 2016) ................................................................7

*Donelon v. Herbert Clough, Inc.*,
 2006 WL 8436324 (M.D. La. Oct. 19, 2016) .................................................................8

*Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*,
 2005 WL 1522783 (E.D.N.Y. June 28, 2005) ................................................................8

*Humphries v. Progressive Corp.*,
 2022 WL 1018404 (N.D. Tex. Apr. 5, 2022) .................................................................6

*In re Keebaugh*,
 2019 WL 5802703 (E.D. Pa. Nov. 6, 2019) ..............................................................5, 10

*Kelly v. Cowboy's Motorsports of San Antonio, LLC*,
 2013 WL 12345010 (W.D. Tex. Oct. 15, 2013) .............................................................4

*Kilmon v. Saulsberry Indus., Inc.*,
 2018 WL 5800759 (W.D. Tex. Feb. 13, 2018) ...........................................................4, 6

*Murr v. Midland Nat'l Life Ins. Co.*,
 2011 WL 3236001 (S.D. Cal. July 28, 2011) .................................................................6

*Ntakirutimana v. CHS/Community Health Sys., Inc.*,
 2011 WL 13135608 (S.D. Tex. June 28, 2011) ..................................................4, 5, 10

*ParkerVision, Inc. v. Realtek Semiconductor Corp.*,
 No. 6:22-cv-01162-ADA, Dkt. 123 (W.D. Tex. Aug. 9, 2024) ..................................5

*Pasternak v. Dow Kim*,
 2013 WL 1729564 (S.D.N.Y. Apr. 22, 2013) ..............................................................8

*Pictsweet Co. v. R.D. Offutt Co.*,
 2020 WL 12968432 (M.D. Tenn. Apr. 23, 2020) ....................................................5, 7

*Savant Sys., LLC v. Crestron Elecs., Inc.*,
 2012 WL 987404 (E.D. Pa. Mar. 22, 2012) ................................................................5

*Schmidt Tr. of Estate of Border Anesthesia Servs., P.C. v. McKee*,
 2012 WL 13137023 (S.D. Tex. Feb. 21, 2012) ...........................................................9

*Whitest v. Crisp Cnty. Bd. of Educ.*,
 2019 WL 13098893 (M.D. Ga. July 23, 2019) ...........................................................7

*Z Best Body & Paint Shops, Inc. v. Sherwin-Williams Co.*,
 2017 WL 3730515 (C.D. Cal. Aug. 29, 2017) .........................................................5, 7

**Other Authorities**

Wright & Miller, *Federal Practice & Procedure* ........................................................4, 5

Defendants and Counterclaim-Plaintiffs ClearCorrect Operating, LLC, ClearCorrect Holdings, Inc., Institut Straumann AG, and Straumann USA, LLC (collectively, "ClearCorrect") herein move for a protective order barring Align Technology Inc. ("Align") from enforcing a subpoena Align served on SoftSmile, Inc. ("SoftSmile") (the "Subpoena"), or from otherwise collecting from SoftSmile any documents within the scope of that Subpoena.

Although served on SoftSmile, the Subpoena is a transparent and improper attempt to collect irrelevant and highly confidential ***ClearCorrect*** materials—materials that ClearCorrect had provided to SoftSmile either subject to a protective order as part of an ongoing confidential arbitration or subject to a non-disclosure agreement during the confidential technical collaboration that led to the arbitration. Align plainly hopes that SoftSmile, a disgruntled former business partner and now litigation adversary to ClearCorrect, will quickly turn over thousands of documents to Align so that Align can go on a baseless fishing expedition. Respectfully, this Court should not permit such an end run around party discovery, around this Court's authority to decide the scope of that discovery, and around the well-established rule barring discovery into confidential arbitration materials absent a showing of compelling need.

That is especially critical here because the dispute between ClearCorrect and SoftSmile is irrelevant—it involves a baseless claim that ClearCorrect breached a contract with SoftSmile and misused technology *SoftSmile* claimed to develop; it does not involve *any* claim of patent infringement at all, let alone infringement of Align's patents-in-suit. To the extent Align has any colorable basis to claim anything within the scope of this Subpoena is material to this case, Align should seek those ClearCorrect materials from ClearCorrect, negotiate the scope of relevant and proportional discovery in good faith, and present any disagreement to this Court if the parties reach impasse.

1

## I. FACTUAL BACKGROUND

On September 9, 2022, SoftSmile filed a sealed complaint against Institut Straumann AG and ClearCorrect Operating, LLC in the United States District Court for the District of Delaware, baselessly claiming that ClearCorrect breached an agreement between the parties and misappropriated alleged SoftSmile trade secrets. *See SoftSmile, Inc. v. Institut Straumann AG, et al.*, Case No. 1:22-cv-1189, Dkt. 13 (redacted), at 1. SoftSmile did not assert **any** claim that **any** ClearCorrect entity infringed **any** patent. *Id.* Instead, the claims in the case are limited to whether ClearCorrect breached the agreement—it did not—and whether ClearCorrect misused certain technology SoftSmile allegedly developed—it did not. Importantly, the materials exchanged during the parties' technical collaboration are subject to mutual non-disclosure agreements requiring SoftSmile not to disclose to any third-party the confidential ClearCorrect information it obtained as part of the collaboration. Ex. 2 ¶ 4.

By stipulation entered on November 7, 2022, SoftSmile and the ClearCorrect defendants agreed to transfer the dispute to confidential arbitration before the International Court of Arbitration. *See SoftSmile, Inc.*, Case No. 1:22-cv-1189, Dkt. 42. The arbitration and all submissions and disclosures made as part of it are subject to a "Confidentiality Agreement" that protects ClearCorrect's confidential information from disclosure by SoftSmile. Ex. 3.

On April 11, 2024, Align filed this lawsuit. Align alleges that ClearCorrect purportedly infringed patents related to the materials used in clear aligners for teeth, a feature of an intraoral scanner, and particular software-generated methods of treating malocclusions. *See* Dkt. 1 ¶¶ 44-52. Align further contends that ClearCorrect falsely advertised its aligners. *See* Dkt. 1 ¶¶ 33-37, 60-63. ClearCorrect filed counterclaims asserting that Align has monopolized the market for intraoral scanners and clear aligners and falsely advertised its clear aligners in violation of federal and state law and breached the party's settlement agreement. *See* Dkt. 49. On July 29, 2024, this

Court opened written and document discovery on all claims, including party discovery. *See* Dkt. 71, at 2. Since then, both parties have exchanged initial requests for production of documents.

On August 14, 2024, Align served the Subpoena on SoftSmile requesting four broad categories of documents:

> 1. All pleadings, motions, briefing, declarations, exhibits, hearing transcripts, interrogatory responses, responses to document requests, responses to requests for admission, deposition transcripts, contracts, and all other documents produced or received by You in connection with *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv-01189-CFC (D. Del.) or any related arbitration or mediation proceeding(s) that refer or relate to Align, any Align Products or information, Artem Borovinskikh, Ian Kitching, or other person who You are aware is employed by or was formerly employed by Align.
>
> 2. All orders, reports, recommendations, and other documents issued or produced by courts, arbitrators, or mediators in *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv- 01189-CFC (D. Del.) and any related arbitration or mediation proceeding(s) that refer or relate to Align, any Align Products or information, Artem Borovinskikh, Ian Kitching, or other person who You are aware is employed by or was formerly employed by Align.
>
> 3. All documents that refer or relate to knowledge by Institut Straumann AG, ClearCorrect Operating LLC, ClearCorrect Holdings, Inc., or Straumann USA, LLC of any Align Products or information, Asserted Patents, or Asserted Patent Families.
>
> 4. All documents that refer or relate to Institut Straumann AG, ClearCorrect Operating, LLC, ClearCorrect Holdings, Inc., or Straumann USA, LLC's development of the treatment planning software named "Cut & Stage" or "ClearPilot."

On August 23, 2024, the parties met and conferred regarding the subpoena. Align declined to withdraw its subpoena. On August 26, 2024, ClearCorrect met and conferred with SoftSmile. SoftSmile did not take a position on the relief sought herein, but it agreed not to produce until this motion is resolved.

## II. LEGAL STANDARD

A party may seek a protective order under Fed R. Civ. P. 26(c) if "it believes its own interest is jeopardized by discovery sought from a third person." *Kilmon v. Saulsberry Indus., Inc.*, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) (quoting Wright & Miller, *Federal Practice & Procedure* § 2035). A court may issue a "protective order for good cause to narrow the scope of discovery or limit the dissemination of privileged or confidential information to protect the party from annoyance, embarrassment, oppression, or undue burden or expense." *Kelly v. Cowboy's Motorsports of San Antonio, LLC*, 2013 WL 12345010, at *2 (W.D. Tex. Oct. 15, 2013). Courts consider, among other factors, whether the disclosure would violate "privacy interests," whether it serves a "legitimate purpose," and whether it "promote[s] fairness and efficiency." *Id.*

## III. ARGUMENT

Good cause exists to bar Align from collecting confidential ClearCorrect information through SoftSmile. When it comes to ClearCorrect's information, the Federal Rules protect ClearCorrect's right to limit disclosure to its monopolistic rival, Align, requiring only that ClearCorrect produce materials that are non-privileged, relevant, and proportional within the scope of Rule 26. Align seeks an end-run around Rule 26 so that it can engage in a fishing expedition, and this Court should not permit it. In addition, courts do not permit litigants discovery into confidential arbitrations absent a "compelling need," which Align cannot establish.

**A. Seeking ClearCorrect Documents Through SoftSmile Is Improper**

Subpoenas are not "meant to circumvent the regular discovery process under Rules 26 and 34." *Ntakirutimana v. CHS/Community Health Sys., Inc.*, 2011 WL 13135608, at *2 (S.D. Tex. June 28, 2011). "[W]here the sought-after documents are within the possession, custody, or control of a party"—and Align makes no showing otherwise here—"it is not appropriate to employ Rule 45 to secure such documents from a non party." *Id.* at *2 (holding that where documents are

available from a party, it is "preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them [from a nonparty] pursuant to Rule 45"); Wright & Miller, *Federal Practice & Procedure* § 2204 n.12. The circumvention of normal discovery procedures—by seeking the production of documents of a party (ClearCorrect) by subpoenaing a non-party (SoftSmile) that ***received*** those documents under a protective order in separate litigation—should "only occur in justified circumstances and not when the information could be obtained from another party in the same litigation." *Pictsweet Co. v. R.D. Offutt Co.*, 2020 WL 12968432, at *3-4 (M.D. Tenn. Apr. 23, 2020). Indeed, this Court has prohibited parties from requesting that a non-party produce a party's "experts reports, expert deposition transcripts, and non-public … briefing" from separate litigation. *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6:22-cv-01162-ADA, Dkt. 123 (W.D. Tex. Aug. 9, 2024).[1] Thus, where—as here—a party possesses the sought-after documents, it is inappropriate to seek those documents through a nonparty subpoena. *Ntakirutimana*, 2011 WL 13135608, at *2. That conclusion makes eminent sense (especially now that party discovery is open in this case), and it is alone sufficient grounds to grant the relief ClearCorrect seeks here.

---

[1] Numerous courts have rejected similar requests. *E.g.*, *In re Keebaugh*, 2019 WL 5802703, at *2 (E.D. Pa. Nov. 6, 2019) (requiring party to seek opposing party's documents "in discovery in her own action" rather than through a subpoena of a non-party adverse litigant); *AGV Sports Grp., Inc. v. Protus IP Sols., Inc.*, 2010 WL 1529195, at *5 (D. Md. Apr. 15, 2010) (subpoena seeking party's protected production in separate case from non-party was "inappropriate"); *Savant Sys., LLC v. Crestron Elecs., Inc.*, 2012 WL 987404, at *4 (E.D. Pa. Mar. 22, 2012) (quashing subpoena seeking a non-party's "disclosure of documents designated as confidential" by a party in separate litigation); *Barrella v. Village of Freeport*, 2012 WL 6103222, at *3-4 (E.D.N.Y. Dec. 8, 2012) (quashing subpoena seeking document productions in separate case "*not* from the source of the information"); *Z Best Body & Paint Shops, Inc. v. Sherwin-Williams Co.*, 2017 WL 3730515, at *2 (C.D. Cal. Aug. 29, 2017) (agreeing that subpoena seeking party's production in separate litigation from a non-party was an "improper attempt to circumvent traditional discovery").

**B. Align's Request For ClearCorrect-SoftSmile Arbitration Materials Is Improper**

Requests 1 and 2 of the Subpoena directly seek materials from the ClearCorrect-SoftSmile arbitration including, without limitation, ClearCorrect's document productions, witness statements, as well as the parties' filings and expert reports that include ClearCorrect confidential information. *See supra* (requests 1 and 2). That arbitration, however, involves different parties and different claims. It does not concern *any* claim of infringement of Align's patents (or any other claim any party is asserting). Instead, it involves an alleged breach of a contract between ClearCorrect and SoftSmile and an alleged misappropriation of SoftSmile's purported trade secrets. Irrelevance alone is a sufficient ground to issue a protective order. *Kilmon*, 2018 WL 5800759, at *4-5; *Humphries v. Progressive Corp.*, 2022 WL 1018404, at *2 (N.D. Tex. Apr. 5, 2022) (a court may issue a protective order "on the basis of lack of relevance or proportionality").

Align cannot justify this fishing expedition simply by nominally limiting the scope of Requests 1 and 2 to documents "that refer or relate to Align, any Align Products or information, Artem Borovinskikh, Ian Kitching, or other person who You are aware is employed by or was formerly employed by Align." As an initial matter, those topics themselves are overly broad on their face. Align is the long dominant market participant, and the invocation of its name (or the names of former employees, ███████████████████████████ cannot serve to demarcate the boundaries of proper discovery in this case. *See* Dkt. 1 ¶ 31; Dkt. 49 ¶¶ 151-176. ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ *See* Ex. 2 ¶¶ 5, 8.

But, regardless of how narrowly Align defines the scope of responsiveness, it is improper to allow SoftSmile—a party in a separate ongoing dispute with ClearCorrect—to unilaterally decide which of ClearCorrect's confidential materials are responsive or relevant. *Murr v. Midland Nat'l Life Ins. Co.*, 2011 WL 3236001, at *2 (S.D. Cal. July 28, 2011) (issuing order barring

6

subpoena to a nonparty "that does not have the same interests as [the party-in-suit] in protecting the [party's own] documents"); *Z Best*, 2017 WL 3730515, at *2 (subpoenaing a non-party for a party's documents is an "improper attempt to circumvent traditional discovery"); *City of Colton v. Am. Promotional, Inc.*, 2006 WL 8436702, at *2 (C.D. Cal. Feb. 6, 2006) (stating that documents should be collected from a party where possible to ensure "parties do not circumvent the limitations of Rule 34"). The risk that SoftSmile would produce irrelevant, immaterial, and non-responsive ClearCorrect confidential material in response to this subpoena is apparent.[2]

Finally, even putting aside the irrelevance of the Requests and impropriety of asking for SoftSmile to produce ClearCorrect materials, Requests 1 and 2 (as well as Requests 3 and 4 to the extent arbitration materials are responsive) are improper because this Court should preserve the confidentiality of the arbitration. *Cf. Cooley v. Curves Int'l, Inc.*, 2008 WL 11333881, at *3 (W.D. Tex. May 19, 2008); *Whitest v. Crisp Cnty. Bd. of Educ.*, 2019 WL 13098893, at *1 (M.D. Ga. July 23, 2019) (holding that a party has standing to seek to quash subpoena to "uphold[] the confidentiality" of proceedings with a non-party). The fact that the request seeks "materials from a confidential arbitration is a barrier that cannot be overcome." *Pasternak v. Dow Kim*, 2013 WL 1729564, at *3-4 (S.D.N.Y. Apr. 22, 2013).

To gain access to these arbitration materials, Align "must prove not only that the materials are relevant to its [claims or defenses], but it must also prove that it has a 'compelling need' for such information." *Donelon v. Herbert Clough, Inc.*, 2006 WL 8436296, at *4 (M.D. La. Aug. 18,

---

[2] There can be no serious question that ClearCorrect has standing to seek a protective order barring production of those materials by SoftSmile. Those materials are subject to the Confidentiality Agreement governing the confidential arbitration. *See* Ex. 3 § 6.3(a)-(c). This confidentiality agreement ensured that ClearCorrect maintained a "protectible interest" in its own documents even after their production and is sufficient to confer standing under Rule 26(c). *See Pictsweet*, 2020 WL 12968432, at *3-4.

7

2016). Align has not demonstrated a "compelling need" for these arbitration documents. *See Donelon v. Herbert Clough, Inc.*, 2006 WL 8436324, at *2 (M.D. La. Oct. 19, 2016); *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, 2005 WL 1522783, at *4 (E.D.N.Y. June 28, 2005). It is not enough to assert "conclusory allegations as to the information's relevance"; Align must show that "it [is] unable to obtain the information through other means." *Donelon*, 2006 WL 8436324, at *3-4. And it cannot do so. Align can seek relevant documents, testimony, and facts from ClearCorrect; it does not need irrelevant arbitration materials related to a distinct dispute. *See Pasternak*, 2013 WL 1729564, at *4 n.6 ("Pasternak has had access to many (if not most) of the same witnesses who testified in the Dukhon Arbitration…. Thus, he will not be prejudiced by not having access to a confidential arbitration proceeding.").

### C. Align Improperly Seeks ClearCorrect's Confidential Information From Its Technical Collaboration With SoftSmile

Requests 3 and 4 purport to seek documents that relate to ClearCorrect's "knowledge" of "Align's products or information," "Asserted Patents," and "Asserted Patent Families," and documents that refer to the "development" of "Cut & Stage" and "ClearPilot." While these Requests are not on their face directed to arbitration materials, to the extent they seek responsive materials SoftSmile has by virtue of the arbitration, they are improper for the same reasons Request 1 and 2 are. But even if Requests 3 and 4 ask SoftSmile to produce materials generated during SoftSmile's broader contractual relationship with ClearCorrect, they are equally improper. As demonstrated by the fact that SoftSmile itself filed its complaint against ClearCorrect in the District Court under seal (with only a heavily redacted publicly available version), the parties' technical engagement is confidential. ████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████. Align cannot be permitted to go on a fishing expedition through this

8

confidential material, even if ClearCorrect's disgruntled former business partner were happy to divulge ClearCorrect's confidential information to Align.[3]

Once again, Align cannot cure this by purporting to limit the scope of Requests 3 and 4 to documents relating to ClearCorrect's "knowledge" or "any Align Products or information" or of the "Asserted Patents, or Asserted Patent Families" (Request 3) or relating to ClearCorrect's "development of the treatment planning software named 'Cut & Stage' or 'ClearPilot'" (Request 4). These Requests are plainly overbroad and seek information irrelevant to the instant case.

***First***, ClearCorrect's knowledge of "Align's products and information" or knowledge of "Patent Families" has no bearing on the issues in the case. As a competitor of Align, of course, ClearCorrect had knowledge of "Align's products." Such knowledge does not in any way suggest that ClearCorrect infringed Align's patents. Similarly, to the extent ClearCorrect had knowledge of Align's "Patent Families," that information does nothing to show ClearCorrect's conduct was willful. *Atlas Global Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 728 (W.D. Tex. 2022) (Albright, J.) ("[G]eneral knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent" as required for a finding of willfulness). ***Second***, the requests do not focus on the accused functionality within ClearCorrect's software and are not targeted to collect relevant discovery. *Alloc, Inc. v. Unilin Beheer B.V.*, 2006 WL 757871, at *5 (E.D. Wis. Mar. 24, 2006) (limiting discovery to the "infringement issues in dispute").

---

[3] ClearCorrect's standing to move for a protective order with respect to this information cannot reasonably be disputed. ClearCorrect has a concrete interest in the confidential documents provided and created under the terms of that confidential relationship. *Cooley*, 2008 WL 11333881, at *3 (standing may be found based on "confidentiality of the Settlement Agreement"); *Schmidt Tr. of Estate of Border Anesthesia Servs., P.C. v. McKee*, 2012 WL 13137023, at *3-4 (S.D. Tex. Feb. 21, 2012) ("[T]o the extent the other subpoenas seek information regarding contracts … , the information sought involves a personal right or privilege regarding confidential information.").

But, again, even if Align were to further narrow and tailor those requests, it should not be up to SoftSmile to decide what ClearCorrect's confidential information is relevant and proportional, or even to decide unilaterally whether the information prepared during its engagement constitutes ClearCorrect confidential information. That analysis belongs in the hands of the parties and this Court to decide. In fact, it is for this reason that courts routinely prohibit the use of third-party subpoenas to obtain documents within the possession, custody, and control of the parties in suit. *Keebaugh*, 2019 WL 5802703, at *4 (holding that regardless of whether the documents were provided under a protective order or were "IBM-confidential documents in Keebaugh's 'possession,'" subpoena of non-party for IBM's documents was inappropriate). Align must instead "first avail [itself] of discovery under Rule 34." *Ntakirutimana*, 2011 WL 13135608, at *2. Align has not yet done so.

## IV. CONCLUSION

For these reasons, the Court should enter a protective order prohibiting Align from enforcing its subpoena against SoftSmile, or from otherwise collecting from SoftSmile any documents within the scope of that Subpoena.

Dated: August 26, 2024                              Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903)934-8450
Fax: (903)934-9257

James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM AND SMITH, LLP
102 N. College, Suite 800
Tyler, TX 75702
(903) 934-8450
Fax: (903)934-9257

Joseph J. Mueller
Vinita Ferrera
Mark A. Ford
Marissa A. Lalli
Holly A. Ovington
Tyler L. Shearer
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
joseph.mueller@wilmerhale.com
vinita.ferrera@wilmerhale.com
mark.ford@wilmerhale.com
marissa.lalli@wilmerhale.com
holly.ovington@wilmerhale.com
tyler.shearer@wilmerhale.com

Omar A. Khan
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800

omar.khan@wilmerhale.com

Gerard A. Salvatore
Robert B. Stiller
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000
jerry.salvatore@wilmerhale.com
robert.stiller@wilmerhale.com

Hannah Santasawatkul
Texas State Bar No. 24107617
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

***Attorneys for Defendant
Institut Straumann AG***

***Attorneys for Defendants and Counterclaim
Plaintiffs
ClearCorrect Operating, LLC
ClearCorrect Holdings, Inc.***

***Attorneys Counterclaim Plaintiff
Straumann USA LLC***

## CERTIFICATE OF CONFERENCE

On the 23rd day of August, 2024, the undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion, and was advised that opposing counsel opposed this Motion.

*/s/ Holly A. Ovington*
Holly A. Ovington

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on August 26, 2024.

*/s/ Melissa R. Smith*
Melissa R. Smith