# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ALIGN TECHNOLOGY, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,**<br><br>Defendants. | Case No. 6:24-cv-00187-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |
| **CLEARCORRECT OPERATING, LLC, CLEARCORRECT, HOLDINGS, INC., & STRAUMANN USA, LLC,**<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>**ALIGN TECHNOLOGY, INC.,**<br><br>Counterclaim-Defendant. | |

**PLAINTIFF'S NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45, Align Technologies, Inc. ("Align"), by and through its attorneys, requests the production of documents, things, and information by SoftSmile, Inc. ("SoftSmile"), on or before September 3, 2024. Pursuant to Rule 45, the document requests directed to SoftSmile are set forth in Attachment A to the attached subpoena.

Dated: August 13, 2024

Respectfully submitted,

By: */s/ Richard S.J. Hung*

Brian C. Nash (TX Bar No. 24051103)
Austin M. Schnell (TX Bar No. 24095985)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel: (512) 617-0650
Fax: (737) 910-0730
BNash@mofo.com
ASchnell@mofo.com

Daralyn J. Durie (*pro hac vice*)
Richard S.J. Hung (*pro hac vice*)
Forrest McClellen (*pro hac vice*)
Ian Bennett (*pro hac vice*)
Jenny Xin (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522
DDurie@mofo.com
RHung@mofo.com
FMcclellen@mofo.com
IBennett@mofo.com
JXin@mofo.com

Bradley S. Lui (*pro hac vi*ce)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-1500
Fax: (202) 887-0763
blui@mofo.com

Malavika M. Fitzgerald (*pro hac vi*ce)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000
Fax: (212) 468-7900
mfitzgerald@mofo.com

*Attorneys for Plaintiff and Counterclaim-Defendant*
*ALIGN TECHNOLOGY, INC.*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

ALIGN TECHNOLOGY, INC.,
*Plaintiff*
v.
CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,
*Defendants*

Civil Action No. 6:24-cv-00187-ADA-DTG

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: SoftSmile, Inc., 175 Varick St, New York, NY 10014, USA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Document Requests in Attachment A. Please produce on or before September 3, 2024.

| Place: Morrison Foerster, LLP<br>250 West 55th Street<br>New York, NY 10019-9601 | Date and Time:<br>09/03/2024 9:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

________________________ ________________________
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Align Technology, Inc. , who issues or requests this subpoena, are:

Richard Hung, 425 Market Street, San Francisco, CA 94105 RHung@mofo.com, (415) 268-7000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:24-cv-00187-ADA-DTG

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
__________________________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________
__________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. The terms "You," "Your," and "SoftSmile" means SoftSmile, Inc., its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

2. "The term "ClearCorrect Holdings, Inc." means Defendant and Counterclaim-Plaintiff ClearCorrect Holdings, Inc., its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

3. The term "ClearCorrect Operating LLC" means Defendant and Counterclaim-Plaintiff ClearCorrect Operating LLC, its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

4. The term "Institut Straumann AG" means Defendant Institut Straumann AG, its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

5. The term "Straumann USA, LLC" means Counterclaim-Plaintiff Straumann USA, LLC, its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

6. The terms "Align" or "Plaintiff" mean Plaintiff Align Technology Inc, its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

7. The term "Action" means the above-captioned case.

8. The term "Align Products" means Align's Invisalign® aligners, iTero® scanners, ClinCheck® or "Treat" software, and any other software by Align for planning aligner treatments.

9. The term "Asserted Patents" means U.S. Patent Nos. 10,973,613, 11,154,384, 11,648,090, 11,648,091, 8,038,444, 10,456,217, 10,524,879, 11,369,456, 10,791,936.

10. The term "Asserted Patent Families" means all patents and patent applications related to the Asserted Patents by priority, including, but not limited to: (1) U.S. Patent Nos. 9,655,691, 9,655,693, 10,052,176, 11,213,369, 11,576,753, 11,766,313, 11766,314 and U.S. Patent Application Nos. 13/470,681, 15/132,171, 15/476,655, 15/476,622, 16/835,101, 16/382,918, 16/043,065, 16/264,420, 17/510,276, 17/902,445, 17/214,487, 17/553,590, 17/858,825, 18/107,736, 18/107,742, 18/763,934, 18/763,941; (2) U.S. Patent Nos. 9,326,830, 10,420,631, 11,717,381, 11,950,977 and U.S. Patent Application Nos. 60/824,022, 60/824,024, 11/848,172, 13/209,276, 15/086,491, 15/834,608, 15/834,649, 16/723,706, 16/947,595, 17/710,579, 18/481,798; and (3) U.S. Patent Nos. 10,610,107, 10,791,934, 10,945,609, 11,147,458, 11,284,802, 11,426,077, 11,690,517, U.S. Application Nos. 61/365,556, 13/574,723, 15/050,673, 15/930,374, 16/176,474, 16/586,528, 17/247,467, 17/247,668, 17/586,355, 17/809,707, 18/320,746, 18/759,489, and International Application No. PCT/IL11/00574.

11. The term "communication" means all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations,

agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any interaction between persons.

12. The term "date" means the exact day, month, and year, if ascertainable, or if not, your best approximation thereof.

13. The term "deposition transcript" shall include all video and audio recordings of any deposition as well as all written transcriptions.

14. The term "document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.

15. The term "all documents" means any and all documents locatable through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein. A draft or non-identical copy is a separate document within the meaning of this term. Any comment or notation appearing on any document, and not part of the original text, is to be considered a separate "document."

16. The terms "any" and "each" should be understood to include and encompass "all."

17. The term "information" shall be interpreted in the broadest possible manner to include any and all data, documents, communications, and materials, regardless of their format or medium. This encompasses written, printed, or electronically stored documents such as reports, memoranda, notes, correspondence, contracts, financial records, corporate records, and personnel records, all forms of communications, digital and electronic data stored on computers, servers, databases, and other electronic storage devices, as well as data contained in software applications, websites, social media accounts, and other online platforms. Furthermore, the term includes tangible items such as physical objects, prototypes, samples, products, marketing

materials, office supplies, equipment, and other tangible assets. The term also includes intellectual property, including patents, trademarks, copyrights, trade secrets, licenses, assignments, and other agreements related to intellectual property, as well as research and development records. Finally, the term includes any other data, documents, or materials that pertain to a company's operations, finances, governance, business activities, relationships with employees, customers, suppliers, competitors, and other stakeholders.

18. "Identify," when used with respect to any natural person, means to state the person's full name, present or last-known address, telephone number, position/occupation, and employer.

19. "Identify," when used with respect to any legal entity (such as a corporation, company, or person other than a natural person), means to state the entity's name, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal entity.

20. "Identify," when used with respect to any document, means to state the document's title and subject matter, form (e.g., letter, memorandum, email, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

21. The terms "include" and "including" mean include or including without limitation.

22. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

23. The terms "person" or "persons" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

24. The terms "relate to," "relates to," "related to," "relating to," "referring to,"

"concerning," and "regarding" mean constituted, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern, or be in any way logically or factually connected with the matter discussed or identified.

## INSTRUCTIONS

1. This Subpoena requires that You produce all documents and things sought by each Request below You created or originated or that came into Your possession, custody, or control from all files or other sources that contain responsive documents and things, wherever located.

2. If only a portion of a document concerns the subject indicated, You should produce the entire document, along with all attachments, appendices, and exhibits.

3. You should produce all documents and things as they are kept in the ordinary course of business, with any identifying labels, file markings, or similar identifying features.

4. If You have no documents or things responsive to a Request, You should state as much in writing.

5. You should produce electronic records and computerized information in an intelligible format or with a description of the system from which it is derived, as to permit rendering the material intelligible.

6. If You are aware that a document or thing once existed but has since been destroyed, You should state when the document or thing was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

## DOCUMENT REQUESTS

1. All pleadings, motions, briefing, declarations, exhibits, hearing transcripts, interrogatory responses, responses to document requests, responses to requests for admission, deposition transcripts, contracts, and all other documents produced or received by You in connection with *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv-01189-CFC (D. Del.) or any related arbitration or mediation proceeding(s) that refer or relate to Align, any Align Products or information, Artem Borovinskikh, Ian Kitching, or other person who You are aware is employed by or was formerly employed by Align.

2. All orders, reports, recommendations, and other documents issued or produced by courts, arbitrators, or mediators in *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv-01189-CFC (D. Del.) and any related arbitration or mediation proceeding(s) that refer or relate to Align, any Align Products or information, Artem Borovinskikh, Ian Kitching, or other person who You are aware is employed by or was formerly employed by Align.

3. All documents that refer or relate to knowledge by Institut Straumann AG, ClearCorrect Operating LLC, ClearCorrect Holdings, Inc., or Straumann USA, LLC of any Align Products or information, Asserted Patents, or Asserted Patent Families.

4. All documents that refer or relate to Institut Straumann AG, ClearCorrect Operating LLC, CLearCorrect Holdings, Inc., or Strauman USA, LLC's development of the treatment planning software named “Cut & Stage” or “ClearPilot.”

**INTERIM PROTECTIVE ORDER**

The following interim protective order governs *Align Technology Inc. v. ClearCorrect Operating, LLC et al.*, No. 24-cv-00187-ADA-DTG (W.D. Tex.):

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).
>
> If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this OGP shall keep it confidential and use it only for purposes of litigating the case.

Standing Order Governing Proceedings (OGP) 4.4—Patent Cases at 6-7 (W.D. Tex. Jan. 23, 2024), *available at* https://www.txwd.uscourts.gov/wp-content/uploads/2024/05/Standing-Order-Governing-Proceedings-Patent-Cases-0123202.pdf.