# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY INC.,<br><br> Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING LLC, CLEARCORRECT HOLDINGS, INC. & INSTITUT STRAUMANN AG,<br><br> Defendants<br><br>CLEARCORRECT OPERATING LLC, CLEARCORRECT HOLDINGS, INC. & STRAUMANN USA, LLC,<br><br> Counterclaim-Plaintiffs<br><br>v.<br><br>ALIGN TECHNOLOGY INC.,<br><br> Counterclaim-Defendant | Case No. 6:24-CV-00187-ADA-DTG |

## PLAINTIFF ALIGN TECHNOLOGY INC.'S FIRST SET OF REQUESTS FOR PRODUCTION REGARDING JURISDICTION

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Court's Standing Order Governing Proceedings (OGP) 4.4—Patent Cases, Plaintiff and Counterclaim Defendant Align Technology Inc. ("Align" or "Plaintiff"), requests that Defendant Institut Straumann AG produce for inspection and copying at the offices of Morrison & Foerster LLP, 300 Colorado Street, Suite 1800, Austin, Texas 78701, within twenty (20) days from the date of service of this request for production of documents (the "document requests"), the following documents and materials, as more fully set forth and in accordance with the definitions and instructions below.

# DEFINITIONS

1. The terms "You," "Your," "Defendant," and "Institut" means Defendant Institut Straumann AG, its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

2. The term "ClearCorrect Operating LLC" means Defendant and Counterclaim-Plaintiff ClearCorrect Operating LLC, its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

3. The term "ClearCorrect Holdings, Inc." means Defendant and Counterclaim-Plaintiff ClearCorrect Holdings, Inc., its predecessors, successors, parents, subsidiaries, divisions, officers, directors, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

4. The term "Defendants" means Institut Straumann AG, ClearCorrect Operating LLC, and ClearCorrect Holdings, Inc.

5. The terms "Plaintiff" or "Align" mean Plaintiff Align Technology Inc.

6. The term "Action" means the above-captioned case.

7. The term "document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.

8. The term "all documents" means any and all documents locatable through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein. A draft or non-identical copy is a separate document within the meaning of this term. Any comment or notation

appearing on any document, and not part of the original text, is to be considered a separate "document."

9. The term "communication" means all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any interaction between persons.

10. The term "deposition transcript" shall include all video and audio recordings of any deposition as well as all written transcriptions.

11. The terms "person" or "persons" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12. The term "date" means the exact day, month, and year, if ascertainable, or if not, your best approximation thereof.

13. The term "Texas residents" means persons who live in Texas, work in Texas, are registered as a corporation in Texas, or are headquartered in Texas. It includes, but is not limited to, medical professionals who provide aligners to consumers in Texas, who use intraoral scanners in Texas, and who use software to plan aligner treatments in Texas. It also includes, but is not limited to, consumers of aligners who live or work in Texas.

14. "Identify," when used with respect to any natural person, means to state the person's full name, present or last-known address, telephone number, position/occupation, and employer.

15. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

16. The terms "relate to," "relates to," "related to," "relating to," "referring to," "concerning," and "regarding" mean constituted, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern, or be in any way logically or factually connected with the matter discussed or identified.

17. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

18. The terms "any" and "each" should be understood to include and encompass "all."

19. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

20. All pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case makes the request more inclusive.

21. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. In answering the following document requests, furnish all available information, including information in the possession, custody, or control of any of Plaintiff's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Plaintiff's control.

2. As required by Federal Rule of Civil Procedure Rule 34(b), documents must be produced (a) in the manner in which they are kept in the ordinary course of business, or (b) organized and labeled to correspond with the requests set forth below.

3. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which they were derived

sufficient to permit rendering the records and information intelligible.

4. Selection of documents from files and other sources and numbering of such documents shall be performed in such a manner as to ensure that the source and order of each document may be determined, if necessary.

5. File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

6. Documents attached to each other shall not be separated.

7. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a. the basis on which the privilege is claimed;

    b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

    c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    d. the date of the document;

    e. the source of the document;

    f. the general subject matter of the document;

    g. a description of any accompanying material transmitted with or attached to such document;

    h. the number of pages in such document;

    i.  the particular Request to which such document is responsive; and

    j.  whether any business or non-legal matter is contained or discussed in such document.

  8.  If your response to a particular document request is a statement that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular document or category of information never existed, has been destroyed, cannot be currently located, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of information must be identified.

  9.  If you are aware of any document within the scope of these requests that is not being produced for any reason other than a stated objection, you should make a statement to that effect, identify the document, and state why the document is not being produced.

  10.  If any document cannot be produced in full, you should produce the document to the extent possible and specify the reasons for being unable to produce the remainder.

  11.  If you contend certain document requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such or as required by any protective order that may be entered in this action.

  12.  If you find the meaning of any term in these requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

  13.  Your obligation to respond to these document requests is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with

the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify, in the last twelve (12) months, how many persons visited the clearcorrect.com website and were redirected to a website in the straumann.com website domain or visited the straumann.com website and were directed to a website in the dr.clearcorrect.com domain.

**REQUEST FOR PRODUCTION NO. 2:** All contracts between You and any person in the United States including, but not limited to, between You and ClearCorrect Operating LLC, ClearCorrect Holdings Inc., Straumann USA LLC, Straumann Manufacturing Inc., and Bay Materials LLC, that refer or relate to aligners, intraoral scanners, or software used to plan aligner treatments.

**REQUEST FOR PRODUCTION NO. 3:** All communications between You and ClearCorrect Operating LLC, ClearCorrect Holdings Inc., or other Texas residents referring or relating to aligners, intraoral scanners, or software used to plan aligner treatments.

**REQUEST FOR PRODUCTION NO. 4:** Organizational charts and other documents sufficient to show Your complete business and legal relationship with ClearCorrect Operating LLC and ClearCorrect Holdings Inc., including the identities of common executives and employees and those persons' roles and responsibilities at each of You, ClearCorrect Operating LLC, and ClearCorrect Holdings, Inc.

**REQUEST FOR PRODUCTION NO. 5:** All documents that support or contradict Your arguments in support of Your motion to dismiss Align's Complaint for lack of personal jurisdiction

(ECF No. 30).

**REQUEST FOR PRODUCTION NO. 6:** All documents referring or relating to any former employee of Align now employed by You or any United States subsidiary of Straumann Holdings AG including, but not limited to, Artem Borovinskikh.

**REQUEST FOR PRODUCTION NO. 7:** All briefing, supporting exhibits, declarations, testimony, and documents produced by You in *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv-01189 (D. Del.), *Zircore, LLC v. Institut Straumann AG et al.*, No. 15-cv-01557 (E.D. Tex.), and any related arbitration or mediation proceedings that refer or relate to Your role in the design, development, use, offer for sale, or sale of aligners, intraoral scanners, or software used to plan aligner treatments.

**REQUEST FOR PRODUCTION NO. 8:** All minutes, notes, memoranda, or other documentation of Your meetings, including, but not limited to, meetings of Your board of directors, referring or relating to ClearCorrect Operating LLC, ClearCorrect Holdings, Inc., or other Texas residents who make, use, sell, or offer to sell aligners, intraoral scanners, or software used to plan aligner treatments.

**REQUEST FOR PRODUCTION NO. 9:** For each of the three employees You identified in response to Align's Interrogatory No. 3, all documents in each employee's custody referring or relating to ClearCorrect Operating LLC, ClearCorrect Holdings, Inc., or other Texas residents who make, use, sell, or offer to sell aligners, intraoral scanners, or software used to plan aligner treatments.

**REQUEST FOR PRODUCTION NO. 10:** All documents referring or relating to visits by Your employees, officers, or directors to Texas in the last five years.

Dated: July 23, 2024					Respectfully submitted,

*/s/ Forrest McClellen*
Brian C. Nash (TX Bar No. 24051103)
Austin M. Schnell (TX Bar No. 24095985)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel: (512) 617-0650
Fax: (737) 910-0730
BNash@mofo.com
ASchnell@mofo.com

Richard S.J. Hung (*pro hac vice*)
Daralyn J. Durie (*pro hac vice*)
Forrest M. McClellen (*pro hac vice*)
Ian A. Bennett (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522
rhung@mofo.com
ddurie@mofo.com
fmcclellen@mofo.com
ibennett@mofo.com

*Counsel for Plaintiff*
*ALIGN TECHNOLOGY, INC.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document has been served on all counsel of record via electronic mail on July 23, 2024.

>*/s/ Forrest McClellen*
>Forrest McClellen