# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG, <br><br> Defendants. <br><br> CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> ALIGN TECHNOLOGY, INC., <br><br> Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG <br><br> PATENT CASE |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT ALIGN TECHNOLOGY INC.'S REQUEST FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), Plaintiff and Counterclaim-Defendant Align Technology, Inc. ("Align") by and through their undersigned counsel, respectfully request that the Court take judicial notice of the following exhibits in connection with the Align's Motion to Dismiss Defendant and Counterclaim-Plaintiff's Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss").

1. **Exhibit 1:** A true and correct copy of an Order Granting Motions Summary Judgement, *Simon & Simon, PC v. Align Tech., Inc.*, No. 20-CV-03754-VC, 2024 WL 710623 (N.D. Cal. Feb. 21, 2024).

2. **Exhibit 2:** A true and correct copy of a sealed Order Granting in Part and Denying in Part 243 Align's Sealed Mot. for Partial Summary Judgment, ECF No. 306, *Align Technology, Inc v. ClearCorrect, Inc.*, Case No. 4:11-cv-00695, (S.D. Tex. Mar. 15, 2019), filed under seal.

3. **Exhibit 3:** A true and correct copy of a press release issued by Align Technology, titled "ITC Judge Finds ClearCorrect Infringes All of Align's Asserted Patents", dated May 6, 2013, publicly available and accessible at https://investor.aligntech.com/news-releases/news-release-details/itc-judge-finds-clearcorrect-infringes-all-aligns-asserted.

4. **Exhibit 4:** A true and correct copy of a printout of a webpage for ClearCorrect Support, titled "How to Submit Cases with an iTero Scanner Tutorial", accessed on September 11, 2024, publicly available and accessible at https://support.clearcorrect.com/hc/en-us/articles/4404214285847-How-to-Submit-Cases-with-an-iTero-Scanner-Tutorial#1.

5. **Exhibit 5:** A true and correct copy of a printout of a webpage for Jarosz & Valente Orthodontics, P.C, titled "iTero and Clear Correct", accessed on September 11, 2024, publicly available and accessible at https://www.jvortho.com/our-blog/i-tero-and-clear-correct.

6. **Exhibit 6:** A true and correct copy of a SureSmile document titled "SureSmile

1

Protocol: iTero Orthodontic Scanner", accessed on September 11, 2024, publicly available and accessible at https://www.suresmile.com/wp-content/uploads/uploads/2016/07/DOC-500368-6-protocol-iTero.pdf.

7. **Exhibit 7:** A true and correct copy of a press release issued by Align Technology, titled "Align Technology Files Six Patent Infringement Lawsuits Asserting 26 Patents Against 3Shape", dated November 14, 2017, publicly available and accessible at https://investor.aligntech.com/news-releases/news-release-details/align-technology-files-six-patent-infringement-lawsuits.

8. **Exhibit 8:** A true and correct copy of a Dentsply Sirona document titled "National PDC 2022", dated March 10, 2022, accessed on September 11, 2024, publicly available and accessible at https://assets.dentsplysirona.com/flagship/en_ca/2021folder/webbooklet/CAN-DS-WB-PDC-2022-EN.pdf.

9. **Exhibit 9:** A true and correct copy of a Dentsply Sirona document titled "Primescan Savings", accessed on September 11, 2024, publicly available and accessible at https://assets.dentsplysirona.com/flagship/en-us/DIM-DS-World-Promo-Flyer.pdf.

10. **Exhibit 10:** A true and correct copy of a printout of a ClearCorrect webpage titled "Experience Clear Aligner Excellence with ClearCorrect & 3Shape TRIOS 5", accessed on September 11, 2024, publicly available and accessible at
https://www.straumann.com/clearcorrect/us/en/landing/commitmentbundle.html.

11. **Exhibit 11:** A true and correct copy of a Align Technology Financial Results Q4 and Year End 2016, accessed on September 11, 2024, publicly available and accessible at https://investor.aligntech.com/static-files/96d62ed5-e494-4e07-a6a3-8044523fcad4.

12. **Exhibit 12:** A true and correct copy of a VIP Dental Spas' Third Amended Responses to Align's First Set of Interrogatories, dated January 31, 2023, publicly available at

*Simon & Simon v. Align Tech., Inc.,* No. 20-cv-03754-VC, ECF No. 323-7 (N.D. Cal.).

13. **Exhibit 13:** A true and correct copy of the American Dental Association's Dentist Demographics dashboard, accessed on September 11, 2024, publicly available and accessible at https://www.ada.org/resources/research/health-policy-institute/us-dentist-demographics.

I.  **LEGAL STANDARD**

"When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) (citations omitted). Pursuant to Federal Rule of Evidence 201, a fact is judicially noticeable whenever it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

A.  **Exhibits 1-2 and 12 are Judicially Noticeable Court Filings and Opinions**

Courts "may take judicial notice of prior court proceedings as matters of public record." *Lake Eugenie Land & Dev., Inc. v. Halliburton Energy Servs., Inc. (In re Deepwater Horizon)*, 934 F.3d 434, 440 (5th Cir. 2019) (citation omitted). Align's request for judicial notice of Exhibits 1 and 11 pertains to matters of public record, previous opinions and proceedings. *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) ("[A]s the district court did, we take judicial notice of the previous judgments and opinions, matters of public record that were attached to the motion to dismiss"). Specifically, Exhibits 1 and 2 are orders from the Northern District of

California and the Southern District of Texas. *See Simon & Simon v. Align Tech., Inc. and Snow v. Align Tech., Inc.*, Nos. 20-cv-03754-VC & 21-cv-03269-VC, 2024 WL 710623 (N.D. Cal. Feb. 21, 2024); Order Granting in Part and Denying in Part 243 Align's Sealed Mot. for Partial Summary Judgment, ECF No. 306, *Align Technology, Inc v. ClearCorrect, Inc.*, Case No. 4:11-cv-00695, (S.D. Tex. Mar. 15, 2019). Similarly, Exhibit 12 is verified interrogatory responses from the named plaintiff in another judicial proceeding publicly available on the court docket. *See Simon & Simon v. Align Tech., Inc.,* No. 20-cv-03754-VC, ECF No. 323-7 (N.D. Cal.).

Judicial notice of these exhibits is proper, as the authenticity is not subject to reasonable dispute, the exhibits are from a source that cannot reasonably be questioned, and this Court may take judicial notice of orders and judicial proceedings in other cases. *See Karaha Bodas Co., LLC v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 (5th Cir. Mar. 5, 2003) ("[t]his court can take judicial notice of another court's judicial action"); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516 (5th Cir. 2015); Fed. R. Evid. 201.

### B. Exhibits 3-11 and 13 are Judicially Noticeable Matters of Public Record Not Subject to Reasonable Dispute

Courts may take judicial notice of publicly available documents, transcripts, and sources, which are "matters of public record directly relevant to the issue at hand." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). Align's request for judicial notice of Exhibits 3-11 and 13 pertains to publicly available material not subject to reasonable dispute that are relevant to the issues at hand. *Id.*; Fed. R. Evid. 201. There is no rational reason to doubt the authenticity of any of Exhibits 2-10, and 12, as the addresses for the webpages they were printed from have been provided and can be readily verified. Fed. R. Evid. 201. Additionally, Exhibits 3-4, 7, and 10-11 are true and accurate copies of publicly available material on Align and ClearCorrect's official websites. *See Columbare v. Sw. Airlines, Co.*, No. 3:21-cv-297-B-BK, 2023 WL 406439, at *4

(N.D. Tex. Jan. 10, 2023) ("Courts have taken judicial notice of publicly available information on a company's official website."); 29 Am. Jur. 2d Evidence § 95 ("A court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination."). Such material includes Align and ClearCorrect's publicly available and widely disseminated press releases, documents, and official webpages. *Id.*; *see also In re Online Travel Co.*, 997 F. Supp. 2d 526, 532 n.6 (N.D. Tex. 2014) (taking judicial notice of a press release) *HCL Techs. v. Atos S.E.*, 3:23-cv-868-L, 2024 WL 1076821, at *8 (N.D. Tex. Jan. 31, 2024) (taking judicial notice of screenshots from defendants' website).

Thus, because Align requests that the Court take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned," and has "supplied [the Court] with the necessary information[,]" the Court should grant Align's Request as to Exhibits 2-10 and 12. *See* Fed. R. Evid. 201.

## II. CONCLUSION

For the foregoing reasons, Align respectfully requests that the Court take judicial notice of the twelve documents described herein (Exhibits 1-13).

DATED: September 13, 2024

*Respectfully submitted,*

By: */s/ James M. Pearl*
    James M. Pearl

James M. Pearl (*pro hac vice*)
Emma Farrow (*pro hac vice*)
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: 1(310) 620-5899
jamespearl@paulhastings.com

emmafarrow@paulhastings.com

Michael F. Murray (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
michaelmurray@paulhastings.com

Adam M. Reich (*pro hac vice*)
PAUL HASTINGS LLP
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
adamreich@paulhastings.com

Noah B. Pinegar (TX Bar No. 24074900)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
noahpinegar@paulhastings.com

Brian C. Nash (TX Bar No. 24051103)
Austin M. Schnell (TX Bar No. 24095985)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Telephone: (512) 617-0650
Facsimile: (737) 910-0730
bnash@mofo.com
aschnell@mofo.com

Daralyn J. Durie (*pro hac vi*ce)
Rich S.J. Hung (*pro hac vi*ce)
Forrest McClellen (*pro hac vi*ce)
Ian Bennett (*pro hac vi*ce)
Jenny Xin (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
ddurie@mofo.com
rhung@mofo.com

fmcclellen@mofo.com
ibennett@mofo.com
jxin@mofo.com

Bradley S. Lui (*pro hac vi*ce)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
blui@mofo.com

Malavika M. Fitzgerald (*pro hac vi*ce)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
mfitzgerald@mofo.com

*Attorneys for Plaintiff and Counterclaim Defendant Align Technology, Inc.*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 13, 2024.

_/s/ James M. Pearl_
James M. Pearl
