# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,<br><br>        Defendants. | Case No. 6:24-cv-00187-ADA-DTG<br><br>PATENT CASE<br><br>**JURY TRIAL DEMANDED** |
| CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA LLC<br><br>        Counterclaim-Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Counterclaim-Defendant. | |

# OPPOSITION TO DEFENDANTS AND COUNTERCLAIMANT'S
# MOTION FOR PROTECTIVE ORDER

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 1 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 3 |
|  | A. Align properly subpoenaed SoftSmile | 3 |
|  |     1. ClearCorrect has not shown that SoftSmile producing documents would harm ClearCorrect | 3 |
|  |     2. ClearCorrect has not shown Align could obtain the requested documents from ClearCorrect | 5 |
|  | B. Align's subpoena seeks relevant documents | 5 |
|  |     1. Request Nos. 1 & 2 seek relevant documents | 6 |
|  |     2. Request No. 3 seeks relevant documents | 7 |
|  |     3. Request No. 4 seeks relevant documents | 8 |
|  | C. The documents' confidentiality in no way precludes their discovery | 9 |
|  |     1. ClearCorrect has failed to show that the arbitration's confidentiality agreement warrants a protective order against Align's subpoena | 9 |
|  |     2. The documents' confidentiality does not otherwise bar discovery | 10 |
|  | D. The Court should not bar Align from "collecting" documents from SoftSmile | 10 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*AGV Sports Grp., Inc. v. Protus IP Sols., Inc.*,
   No. 08-cv-03388, 2010 WL 1529195 (D. Md. Apr. 15, 2010)...................................................4

*Anzures v. Prologis Texas I LLC*,
   300 F.R.D. 316 (W.D. Tex. Apr. 23, 2012) ..............................................................................3

*Barrella v. Village of Freeport*,
   No. 12-cv-348, 2012 WL 6103222 (E.D.N.Y. Dec. 8, 2012).....................................................4

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021)..................................................................................................8

*C R Bard Inc. v. AngioDynamics, Inc.*,
   979 F.3d 1372 (Fed. Cir. 2020).................................................................................................6

*Cooley v. Curves Int'l, Inc.*,
   No. 08-cv-00108, 2008 WL 11333881 (W.D. Tex. May 19, 2008) ....................................9, 10

*Georgetown Rail Equip. Co. v. Holland L.P.*,
   867 F.3d 1229 (Fed. Cir. 2017).................................................................................................7

*Gotham Holdings LP v. Health Grades Inc.*,
   580 F.3d 664 (7th Cir. 2009) ..................................................................................................10

*In re Keebaugh*,
   No. 19-mc-163, 2019 WL 5802703 (E.D. Penn. Nov. 6, 2019) ................................................4

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
   941 F.3d 1133 (Fed. Cir. 2019).................................................................................................7

*Murr v. Midland Nat. Life Ins. Co.*,
   No. 11-cv-1362, 2011 WL 3236001 (S.D. Cal. July 28, 2011) .................................................4

*Pictsweet Co. v. R.D. Offutt Co.*,
   No. 19-cv-722, 2020 WL 12968432 (M.D. Tenn. Apr. 23, 2020) ............................................4

*Savant Sys., LLC v. Creston Elecs., Inc.*,
   No. 12-mc-00051, 2012 WL 987404 (E.D. Penn. Mar. 22, 2012) ............................................4

*SoftSmile, Inc. v. Institut Straumann AG et al.*,
   No. 1:22-cv-1189 (D. Del. Oct. 21, 2022) ..........................................................................2, 6

*Z Best Body and Paint Shops, Inc. v. Sherwin-Williams Co.*,
   No. 16-cv-02398, 2017 WL 3730515 (C.D. Cal. Aug. 29, 2017) .............................................4

# TABLE OF AUTHORITIES
(continued)

**Page**

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)................................................................................................3

Fed. R. Civ. P. 45........................................................................................................3

**Note on Emphasis**: All emphasis is added and all citations and quotation marks are omitted in this brief unless otherwise stated.

## I. INTRODUCTION

Defendants and Counterclaim-Plaintiffs (collectively, ClearCorrect") cannot show good cause for a protective order. ClearCorrect asks the Court to bar enforcement of Align's subpoena to **non-party** SoftSmile, Inc. and to further bar Align from informally "collecting" any responsive documents from SoftSmile. There is no basis for either request. Absent ClearCorrect's interference, SoftSmile apparently would be willing and able to produce responsive documents. ECF No. 78 ("Br.") at 3. Unlike typical disputes regarding subpoenas, the burden on the third party subpoena recipient therefore is not at issue.

ClearCorrect instead mounts three unrelated attacks on Align's subpoena—all of which fail. First, ClearCorrect vaguely argues that Align should be taking discovery directly from ClearCorrect. But ClearCorrect never once explains how SoftSmile's production would harm ClearCorrect and further omits that Align *did* serve document requests—ClearCorrect just never bothered to answer one set of requests and stonewalled in response to the other.

Second, ClearCorrect fails to refute the relevance of Align's subpoena. The subpoena seeks evidence that ClearCorrect copied Align's software when developing its infringing product. That evidence is relevant to willfulness, non-obviousness, and damages, at minimum.

Third, ClearCorrect weakly claims that its confidentiality agreements with SoftSmile bar discovery. Contrary to ClearCorrect's arguments, Align has no obligation to show a compelling need for the subpoena, and confidentiality concerns cannot credibly override Align's right to take discovery under the federal rules. The Court should deny ClearCorrect's motion.

## II. BACKGROUND

Align sued ClearCorrect for willfully infringing four patents covering treatment planning methods. ECF No. 1, ¶¶ 153-230. Treatment planning means determining when and how an

1

orthodontic patient's teeth should move during treatment. *Id.*, ¶ 19. Since at least 2021, SoftSmile has developed treatment planning software for ClearCorrect. *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 1:22-cv-1189, ECF No. 30 at 7 (D. Del. Oct. 21, 2022).

ClearCorrect did not rely on SoftSmile alone to develop its treatment planning software. In 2020, ClearCorrect hired Artem Borovinskikh, a former Align software engineer. Ex. A, at 2.[1] Mr. Borovinskikh previously spent sixteen years working for Align, including on Align's treatment planning software. *Id.* After ClearCorrect hired Mr. Borovinskikh, it quickly released eight separate versions of its accused ClearPilot treatment planning software. *See* Ex. B at 1 (v1.0); Ex. C at 1 (v8.0). Mr. Borovinskikh now is ClearCorrect's Global Head of Orthdontic Software, Ex. D at 4, and he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Br. at 6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Br. at 6.

Eventually, SoftSmile and ClearCorrect's relationship frayed, and SoftSmile accused ClearCorrect of misappropriating its trade secrets. *Id.* at 8. Among other things, SoftSmile has alleged that "[i]t would be extremely difficult for others to develop SoftSmile's Trade Secrets independently." *SoftSmile*, ECF No. 15 at 4 (D. Del. Sept. 20, 2022). ClearCorrect disputes those allegations, calling them "baseless." Br. at 2. SoftSmile and ClearCorrect are now in arbitration over SoftSmile's trade secret claim. *SoftSmile*, ECF No. 44 (D. Del. July 26, 2024). The core issues in that arbitration are likely how ClearCorrect's software works and how ClearCorrect built it. Those also are core issues in this action. ECF No. 1, ¶¶ 153-230.

---

[1] Numbered exhibits refer to documents attached to ECF No. 78-1. Lettered exhibits refer to documents attached to declaration of Forrest McClellen filed with this Opposition.

## III. LEGAL STANDARD

Courts can limit discovery through protective orders when a movant shows "good cause and a specific need for protection." *Anzures v. Prologis Texas I LLC*, 300 F.R.D. 316, 317 (W.D. Tex. Apr. 23, 2012). The movant must show good cause via "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.*

## IV. ARGUMENT

### A. Align properly subpoenaed SoftSmile

#### 1. ClearCorrect has not shown that SoftSmile producing documents would harm ClearCorrect

ClearCorrect's lead argument is that Align has not shown that it cannot obtain the subpoenaed documents from ClearCorrect. Br. at 4. But as the movant, it is ClearCorrect's burden—not Align's—to make "a particular and specific demonstration of fact …," *Anzures*, 300 F.R.D. at 317, as to why a protective order is necessary to avoid "annoyance, embarrassment, oppression, or undue burden or expense …," Fed. R. Civ. P. 26(c)(1).

ClearCorrect has not carried its burden. It vaguely accuses Align of trying to circumvent "normal discovery procedures," Br. at 5, but subpoenas *are* normal discovery, Fed. R. Civ. P. 45. ClearCorrect also asserts that it would be better if ClearCorrect produced these documents, lest SoftSmile divulge non-responsive confidential ClearCorrect information. Br. at 5-7, 10. But that is mere speculation. ███████████████████████████████████████████████████████████████████████████████████████ And regardless, the possibility that *SoftSmile* might breach a contract with *ClearCorrect* is not good cause for a protective order against *Align*. Finally, ClearCorrect offers no reason why the Court's interim protective order will not adequately protect the confidentiality of its information, if produced.

ClearCorrect's laundry list of cases also does not show good cause here. Br. at 4-5, 6-7,

3

10. Most of ClearCorrect's cases involve courts rejecting subpoenas where the subpoena clashed with another court's protective order. *See AGV Sports Grp., Inc. v. Protus IP Sols., Inc.*, No. 08-cv-03388, 2010 WL 1529195, at *5 (D. Md. Apr. 15, 2010); *Barrella v. Village of Freeport*, No. 12-cv-348, 2012 WL 6103222, at *4 (E.D.N.Y. Dec. 8, 2012); *In re Keebaugh*, No. 19-mc-163, 2019 WL 5802703, at *3 (E.D. Penn. Nov. 6, 2019); *Murr v. Midland Nat. Life Ins. Co.*, No. 11-cv-1362, 2011 WL 3236001, at *1 (S.D. Cal. July 28, 2011); *Pictsweet Co. v. R.D. Offutt Co.*, No. 19-cv-722, 2020 WL 12968432, at *4 (M.D. Tenn. Apr. 23, 2020); *Savant Sys., LLC v. Creston Elecs., Inc.*, No. 12-mc-00051, 2012 WL 987404, at *4 (E.D. Penn. Mar. 22, 2012); *Z Best Body and Paint Shops, Inc. v. Sherwin-Williams Co.*, No. 16-cv-02398, 2017 WL 3730515, at *3 (C.D. Cal. Aug. 29, 2017). Here, ███████████████████████████████████████████████████████████████████████

ClearCorrect's other cases lend it no aid. In *City of Colton v. American Promo., Inc. – West*, the Central District of California barred a subpoena against a party's document management company to avoid burdening a third party with "the annoyance and expense of producing documents." No. 05-cv-1479, 2006 WL 8436702, at *3 (C.D. Cal. Feb. 6, 2006). SoftSmile, by contrast, is indifferent to the outcome of this motion. Br. at 3. In *Ntakirutimana v. CHS/Community Health Systems, Inc.*, the plaintiff had already agreed to search for and produce non-privileged documents. No. 09-cv-00114, 2011 WL 13135608, at *1-2 (S.D. Tex. June 28, 2011). ClearCorrect offers no such assurance here. Finally, this Court's decision in *ParkerVision, Inc. v. Realtek Semiconductor Corp.* does not support ClearCorrect's position. No. 22-cv-01162-ADA, ECF No. 123 (W.D. Tex. Aug. 9, 2024). Although the Court's order does not detail why the Court barred third-party discovery and no hearing transcript is yet available, the main dispute in *ParkerVision* centered on the subpoenaed materials' relevance.

4

*See id.*, ECF Nos. 107, 111, 116. Here, the materials sought are relevant. *See infra* § IV.B.

### 2. ClearCorrect has not shown Align could obtain the requested documents from ClearCorrect

ClearCorrect has not shown that SoftSmile's production would be duplicative of what ClearCorrect will produce. The subpoena seeks SoftSmile's documents, not just ClearCorrect's. As just one example, Align's Request No. 3 encompasses internal SoftSmile documents referring to ClearCorrect's knowledge of Align's products, information, and patents. Ex. 1, Request No. 3. ClearCorrect never explains how it could provide Align with SoftSmile's internal documents.

Equally, ClearCorrect has never agreed to produce ClearCorrect documents apparently in SoftSmile's possession, whether previously or in its motion. During jurisdictional discovery, Align asked ClearCorrect to produce many of the same documents. *Compare* Ex. 1, Request No. 1 *with* Ex. E, Request No. 7. ClearCorrect failed to respond to Align's requests by the August 12, 2024 deadline—and then never did. *See* Ex. F. Instead, on August 20, 2024, it moved to withdraw its 12(b)(2) motion to dismiss, ending jurisdictional discovery. ECF No. 76. Then on September 9, 2024, ClearCorrect again failed to confirm it would produce documents in response to a later, similar request. *Compare* Ex. 1, Request No. 1 *with* Ex. G, Request No. 23. ClearCorrect's objections regarding relevance and confidentiality here suggest that it has no intention of producing responsive documents. Br. at 6-9. The Court should not credit ClearCorrect's argument that Align could simply "seek" the documents from ClearCorrect.[2]

### B. Align's subpoena seeks relevant documents

ClearCorrect next attempts to justify a protective order by challenging Align's document requests as irrelevant. Br. at 6-7, 9. ClearCorrect's relevance arguments fail.

---

[2] Nor could Align obtain *SoftSmile* documents from *ClearCorrect*, as noted above.

5

### 1. Request Nos. 1 & 2 seek relevant documents

*Request 1: All pleadings, motions, briefing, declarations, exhibits, hearing transcripts, interrogatory responses, responses to document requests, responses to requests for admission, deposition transcripts, contracts, and all other documents produced or received by You in connection with SoftSmile, Inc. v. Institut Straumann AG et al., No. 22-cv-01189-CFC (D. Del.) or any related arbitration or mediation proceeding(s) that refer or relate to Align, any Align Products or information, Artem Borovinskikh, Ian Kitching, or other person who You are aware is employed by or was formerly employed by Align.*

*Request 2: All orders, reports, recommendations, and other documents issued or produced by courts, arbitrators, or mediators in* SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv-01189-CFC (D. Del.) and any related arbitration or mediation proceeding(s) that refer or relate to Align, any Align Products or information, Artem Borovinskikh, Ian Kitching, or other person who You are aware is employed by or was formerly employed by Align.*

SoftSmile's dispute with ClearCorrect centers on whether ClearCorrect misappropriated SoftSmile's trade secrets. Br. at 2. One of SoftSmile's arguments is that "[i]t would be extremely difficult for others to develop SoftSmile's Trade Secrets independently." *SoftSmile*, No. 1:22-cv-1189, ECF No. 15 at 4. ClearCorrect has called SoftSmile's allegations "baseless," Br. at 2, and, like other trade secret defendants, may have raised a defense that ClearCorrect independently developed SoftSmile's alleged trade secrets. But regardless of exactly how ClearCorrect has defended against SoftSmile's claims, SoftSmile's trade secret claim places the development and operation of ClearCorrect's software at the center of that dispute.

Given that focus, Align's Request Nos. 1 and 2 seek relevant documents. In patent cases, evidence that a defendant copied goes to whether the defendant committed willful patent infringement, whether the plaintiff's patents are non-obvious, and whether the defendant is liable for enhanced damages. *See, e.g.*, *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1380 (Fed. Cir. 2020) (copying supported willfulness) *Liqwd, Inc. v. L'Oreal USA, Inc.*, 941 F.3d 1133, 1138 (Fed. Cir. 2019) ("evidence of actual copying efforts . . . is always relevant" to non-obviousness); *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1245, n.6 (Fed. Cir.

2017) (enhanced damages factors include "whether the infringer deliberately copied"). Documents from the *SoftSmile* arbitration that also relate to Align, Align's products, or Align's information likely will reveal any copying of Align's software during the development of ClearCorrect's. Equally, evidence of how ClearCorrect's products work will go to infringement.

Documents regarding former Align employees are relevant for similar reasons. Mr. Borovinskikh worked as an Align software engineer for over sixteen years, including on Align's patented software. Ex. A at 2. He is now Institut Straumann AG's "Global Head of Orthodontic Software," Ex. D at 4, ███████████████████████████████████████████████████████████████████████████████████████████ Br. at 6. As Mr. Borovinskikh spent much of his career working on Align's software, responsive documents likely will show use of his knowledge of Align's software to develop ClearCorrect's.

Documents relating to Mr. Kitching would be relevant for the same reason. Mr. Kitching worked for Align and is an inventor of Align's asserted treatment planning patents. Ex. 2, ¶ 8; ECF Nos. 1-5, 1-6, 1-7, 1-8. If Mr. Kitching helped develop ClearCorrect's software, responsive documents also could show copying of Align's software or the operation of ClearCorrect's.

ClearCorrect's lone rebuttal is to call the requests overbroad because many irrelevant ClearCorrect documents might refer to Align or Align's employees. Br. at 6. But Align subpoenaed SoftSmile, not ClearCorrect. The most likely reason why SoftSmile would have responsive documents is that they relate to the development of ClearCorrect's accused software or its functionality.[3] Such documents would be go, at a minimum, to copying and infringement.

### 2. Request No. 3 seeks relevant documents

*Request 3: All documents that refer or relate to knowledge by Institut Straumann*

---

[3] Indeed, SoftSmile had sufficient information to allege ClearCorrect's breach and trade secret misappropriation. This would be relevant to Align's case against ClearCorrect.

*AG, ClearCorrect Operating LLC, ClearCorrect Holdings, Inc., or Straumann
USA, LLC of any Align Products or information, Asserted Patents, or Asserted
Patent Families.*

This request seeks documents showing copying and thus goes to willfulness, non-obviousness, and damages. For instance, documents showing ClearCorrect's knowledge of Align's products or information may show that ClearCorrect copied them. ClearCorrect's rejoinder that it "of course . . . had knowledge of 'Align's products'" fails because, again, Align subpoenaed SoftSmile, not ClearCorrect. If SoftSmile has responsive documents, that is likely because Align's products were used as models for the accused software.

Documents relating to ClearCorrect's knowledge of Align's patents also are relevant. ClearCorrect's knowledge of Align's "Asserted Patents" "is necessary . . . for a finding of willfulness." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). Equally, ClearCorrect's knowledge of Align's "Asserted Patent Families"—parents and children of the asserted patents, Ex. 1, Definitions, ¶ 10—goes to its knowledge of Align's asserted patents. And unlike in *Atlas Global Techs., LLC v. Sercomm Corp.*, where "general knowledge of a patent portfolio" did not show willfulness, Align's request targets knowledge of the asserted patents and patents with overlapping specifications. 638 F. Supp. 3d 721, 728 (W.D. Tex. 2022).

### 3. Request No. 4 seeks relevant documents

*Request 4: All documents that refer or relate to Institut Straumann AG,
ClearCorrect Operating LLC, ClearCorrect Holdings, Inc., or Strauman USA,
LLC's development of the treatment planning software named "Cut & Stage" or
"ClearPilot."*

This request seeks documents showing how SoftSmile developed the accused software for ClearCorrect, which naturally encompasses documents showing its operation and copying of Align's software. ClearCorrect argues the request is overbroad because its software has some features that Align has not accused. Br. at 9. But ClearCorrect's own authority, *Alloc, Inc. v.*

8

*Unilin Beheer B.V.*, confirms that the request is proper. *See* Nos. 03-cv-01266, 03-cv-00342, 04-cv-00121, 2006 WL 757871, at *2 (E.D. Wisc. Mar. 24, 2006). *Alloc* ordered an accused infringer to produce "all documents concerning the conception, research *and development of the allegedly infringing products*." *Id.* It is easy to see why: documents showing that ClearCorrect tried to copy Align's software, for example, would be probative of ClearCorrect's efforts to copy the accused features, even if they did not specifically identify those accused features. The Court should find that Request No. 4, like all of Align's other requests, seeks relevant documents.

### C. The documents' confidentiality in no way precludes their discovery

ClearCorrect's final argument why good cause exists is that it and SoftSmile agreed some responsive documents are confidential. Br. at 7-8. This argument also fails.

#### 1. ClearCorrect has failed to show that the arbitration's confidentiality agreement warrants a protective order against Align's subpoena

ClearCorrect is wrong that Align must "prove that it has a 'compelling need'" to take discovery from an arbitration proceeding. Br. at 7. The Fifth Circuit does not require a "compelling need" to discover arbitration materials. Instead, as ClearCorrect's own authority states, "[d]iscoverable information may not be shielded from disclosure merely by agreeing to maintain its confidentiality." *Cooley v. Curves Int'l, Inc.*, No. 08-cv-00108, 2008 WL 11333881, at *4 (W.D. Tex. May 19, 2008). Or as Judge Easterbrook once wrote:

> No one can "agree" with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off . . . . . That conclusion is equally applicable to confidentiality agreements that accompany arbitration.

*Gotham Holdings LP v. Health Grades Inc.*, 580 F.3d 664, 665 (7th Cir. 2009).

If Align must show a "compelling need," it has one. Absent a subpoena, Align cannot obtain *any* responsive SoftSmile documents, which likely will substantiate ClearCorrect's copying or otherwise undercut ClearCorrect's positions. *Supra* § IV.B. Responsive

9

ClearCorrect documents are relevant for the same reason. *Id.* As noted, although ClearCorrect contends that Align should "seek" them from ClearCorrect, it never commits to producing them, Br. at 8. Quashing the subpoena thus would be unfair and prejudice Align to a degree outweighing any confidentiality interest in the arbitration. Again, ClearCorrect previously withdrew a motion to dismiss rather than answer a document request seeking materials from the arbitration and it has now moved two federal courts to block discovery into the same. And, again, the Court's interim protective order will address ClearCorrect's confidentiality concerns. The arbitration materials plainly contain something that ClearCorrect badly does not want Align to see. The Court should not bar Align's subpoena.

### 2. The documents' confidentiality does not otherwise bar discovery

Because Align's Request Nos. 3 and 4 encompass documents not produced during the arbitration, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Br. at 8-9. Again, confidentiality is not a basis to withhold discovery. *Cooley*, 2008 WL 11333881, at *4; *Gotham*, 580 F.3d at 665.

### D. The Court should not bar Align from "collecting" documents from SoftSmile

ClearCorrect never explains what it means by Align "collecting" documents. Br. at 1. Its request to bar Align from doing so, however, raises the possibility that Align could violate an order through no fault of its own if SoftSmile sent unsolicited documents to Align. ClearCorrect also cannot have carried its burden for this relief because it never argues for it apart from a single sentence in its brief. *Id.* Although Align has no intention of seeking documents from SoftSmile apart from through Rule 45 subpoenas, the Court should deny ClearCorrect's request.

## V. CONCLUSION

The Court should deny ClearCorrect's motion for the reasons stated above.

Dated: September 10, 2024								MORRISON & FOERSTER LLP

								By: *Rich S.J. Hung*
								Brian C. Nash (TX Bar No. 24051103)
								Austin M. Schnell (TX Bar No. 24095985)
								MORRISON & FOERSTER LLP
								300 Colorado Street, Suite 1800
								Austin, TX 78701
								Tel: (512) 617-0650
								Fax: (737) 910-0730
								bnash@mofo.com
								aschnell@mofo.com

								Daralyn J. Durie (*pro hac vi*ce)
								Rich S.J. Hung (*pro hac vi*ce)
								Forrest McClellen (*pro hac vi*ce)
								Ian Bennett (*pro hac vi*ce)
								Jenny Xin (*pro hac vice*)
								MORRISON & FOERSTER LLP
								425 Market St.
								San Francisco, CA 94105
								Tel: (415) 268-7000
								Fax: (415) 268-7522
								ddurie@mofo.com
								rhung@mofo.com
								fmcclellen@mofo.com
								ibennett@mofo.com
								jxin@mofo.com

								Bradley S. Lui (*pro hac vi*ce)
								MORRISON & FOERSTER LLP
								2100 L Street, NW, Suite 900
								Washington, DC 20037
								Tel: (202) 887-1500
								Fax: (202) 887-0763
								blui@mofo.com

								Malavika M. Fitzgerald (*pro hac vi*ce)
								MORRISON & FOERSTER LLP
								250 West 55th Street
								New York, NY 10019
								Tel: (212) 468-8000
								Fax: (212) 468-7900
								mfitzgerald@mofo.com

								*Attorneys for Plaintiff and Counterclaim-*

*Defendant*
*ALIGN TECHNOLOGY, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, a true and correct copy of the foregoing document was served via electronic mail on all counsel of record.

>*/s/ Rich S.J. Hung*
>Richard S.J. Hung