# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DEBBIE ZAGAJA,

                                                **STIPULATED**
                                                **PROTECTIVE ORDER**
                    Plaintiff,

          -against-

VILLAGE OF FREEPORT and ANDREW
HARDWICK, as both Mayor and in his                 Case No. CV-10-3660
Individual capacity.                                            (JFB)(WDW)

                    Defendants.
----------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED**, pursuant to Fed. R. Civ. P. 26(c)(1), by and between plaintiff, Debbie Zagaja ("Plaintiff"), and defendants, the Incorporated Village of Freeport and Andrew Hardwick ("Defendants") (collectively, Plaintiff and Defendants are the "Parties"), in the above-captioned action (the "Action"), through their respective counsel, to this Stipulated Protective Order ("Protective Order") protecting the confidential, proprietary, private, business or trade secret information, as follows:

### I.    Types of Materials Which May Be Designated Confidential

1.    Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in response to discovery requests in this litigation by any party, including any such material initially produced in any other litigation (hereinafter, collectively, "Discovery Material"), may be designated by a producing party or non-party as "CONFIDENTIAL" under this Protective Order.

2.    "Confidential Information" (sometimes referred to as "Confidential Material") means any Discovery Material which the producing party or non-party reasonably believes, in

good faith, contains information that would qualify for a protective order if sought from a court, including without limitation, any information of a personal or intimate nature regarding any individual, and documents which contain confidential and/or proprietary information.

3. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Information shall also be treated as Confidential Information pursuant to this Protective Order.

4. Any producing party or non-party may additionally designate as "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" any Confidential Information to be disclosed and/or produced that relates to or reflects information and documents that the producing party or non-party reasonably believes, in good faith, are highly sensitive. Disclosure of information and documents with the designation "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" shall be limited to the persons identified in paragraph numbered "18" herein.

## II. Designation of Discovery Materials as Confidential

5. Any party or non-party who reasonably and in good faith believes information and documents produced in the Action to be Confidential Information may, at the time of production, by written notice described herein, designate such information and documents as Confidential Information and the information and documents so designated shall thereafter be subject to the provisions of this Protective Order and shall refer to both "CONFIDENTIAL" and "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" material. Such material will be treated as designated unless the designation is changed by written agreement between the parties or by Order of the Court.

6. Any documents, material or information to be designated Confidential Information may be so designated by: (a) furnishing a separate written notice to the undersigned

counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable, specifically identifying the documents, material or information to be so designated, (a) by identifying the document number(s); or (b) by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" on such documents, material or information prior to their production. Stamping such a legend on the cover of any multi-page document shall designate all pages of such document, unless otherwise indicated by the producing party. Any Confidential Information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be so designated by labeling the outside of such non-paper media as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY". In the event a non-producing party generates any hard copy transcription, or printout from any such designated non-paper media, such party agrees to mark each page or the cover of any multi-page document "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY", and the hard copy, transcription or printout shall be treated as Confidential Information.

7.   Any person who creates any records, abstract, summary, excerpt, document (electronic or otherwise) that is materially based on or derived from or contains Confidential Information shall mark such document or information as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY", and such document and information shall be treated as Confidential Information.

8.   If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts

relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Protective Order.

9. Any information, document or tangible item designated Confidential Information that is disclosed and/or produced in connection with the Action shall be maintained in strict confidence by the receiving party and its agents, representatives, and counsel; shall be used solely in connection with the Action, subject to any further order by a court regarding confidentiality; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Protective Order.

10. Inadvertent production of or failure to designate any information as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY shall be without prejudice to any claim that such material is confidential or privileged in any respect or protected from discovery as trial preparation material within the meaning of Fed. R. Civ. P. 26 (as applicable), and shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY as appropriate.

11. Inadvertent production of any information, material or document produced in response to discovery requests in this Action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such

document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the receiving parties shall, within five business days, destroy or return to the producing party or non-party the Inadvertently Produced Privileged Document and all copies thereof, and shall expunge from any other document or material information derived solely from the Inadvertently Produced Privileged Document. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but said party may not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. Nothing in this Protective Order, however, shall preclude a party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver. Any such application or motion shall be filed under seal in accordance with the provisions of paragraph numbered "29" herein.

12. The Parties shall serve a copy of this Protective Order simultaneously with any discovery request made to a non-party in this Action.

### III. Permissible Uses of Discovery Material

13. All Discovery Material produced in connection with this Action shall be used solely for the purpose of prosecuting or defending this Action and not for any other purpose, including without limitation, any business or commercial purpose or for any other litigations, administrative proceedings or dispute resolution procedures, except by written agreement by the producing party. No person or entity receiving any Confidential Information shall disclose such material to any other person or entity other than those identified in paragraphs numbered "15," "16", "18", "19" and "21", as applicable, and such disclosure shall be in accordance with the

terms of this Protective Order. Any person found to have made an impermissible use of any Discovery Material will be subject to, without limitation, appropriate civil penalties, as determined by the Court including for contempt of court. Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

14. This Protective Order shall not be construed: (a) to apply to information or documents which are or become publicly known through no fault of the receiving party; or (b) to apply to information or documents which the receiving party or its counsel has, subsequent to the date of receipt of the information or documents from the producing party, lawfully obtained from a third party or shall independently develop.

15. Confidential Information may be disclosed only to the following persons:

   (a) The Court;

   (b) The Parties to the Action whose counsel have executed this Protective Order on their behalf, including those officers, directors, agents and employees of such Parties who are deemed necessary to aid counsel in the prosecution or defense of the Action;

   (c) Outside counsel for a receiving party who have entered an appearance in the Action, including associated personnel necessary to assist outside counsel in the Action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

   (d) Independent consultants, experts or litigation support services, including outside vendors who perform copying services, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this Action, provided that they are not presently (and

shall not during the pendency of the Action), and have no present plans to become, an employee or consultant of a receiving party or any direct competitor of either party;

(e) Court reporters and other persons engaged in preparing transcripts of testimony or hearings or depositions in the Action;

(f) Associated personnel of any person within categories (a) through (e) for whom access to Confidential Information is necessary to assist such persons in the Action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing or videotaping of testimony in this Action, and principals and employees of the firm with which consultants or experts are associated;

(g) Deponents at any deposition in the Action, during the course of and to the extent necessary, in preparation for depositions or testimony in the Action, subject to the provisions of paragraph numbers "19", "20' and "21" of this Protective Order;

(h) Any other person to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto;

(i) In-house counsel for the receiving party; and

(j) Any non-party witness if such person is employed by the same entity as a person identified in the document to be the author, addressee, or a copy recipient of the document.

16. Counsel for a party may disclose Confidential Information to any actual or potential witness provided counsel has obtained consent of counsel for the party or nonparty who produced such information. Such consent shall not be unreasonably withheld. Consent need not

be obtained if (i) the person is an author, addressee or copy recipient of the Confidential Information (provided there is sufficient indicia establishing receipt by the addressee or copy recipient); or (ii) the person is a former employee of the producing party or non-party and is known to have prior knowledge of the specific document containing the Confidential Information to be disclosed.

17. Prior to being permitted access to Confidential Information subject to this Protective Order, any individual or business entity described in paragraphs 15(d), (g), (h) and (j) herein shall be advised that the information is Confidential Information and may only be used in connection with this or related litigation and sign the form of agreement annexed hereto as Exhibit "A". The original of each agreement shall be retained by counsel of record for the party producing Confidential Information to any person required to execute the form of agreement referred to in this paragraph. Persons described in paragraph 15(c) agree to be bound by the terms of this Protective Order upon its entry by the Court.

18. In the event that a party designates Confidential Information as "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY", the information and documents shall be treated the same as and shall be subject to the same procedures as set forth in this Protective Order for Confidential Information simply designated as "CONFIDENTIAL," except that such information and documents shall be disclosed only to:

(a) Outside counsel for a receiving party who have entered an appearance in the Action, including associated personnel necessary to assist outside counsel in the Action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(b) Those persons identified in paragraph 15(d) of this Protective Order who need such information and documents to advise such respective counsel or to testify in the

Action (who shall be required to sign the form of agreement annexed hereto as Exhibit "A" prior to being permitted access to Confidential Information);

(c) Court reporters and other persons engaged in preparing transcripts of testimony or hearings or depositions in the Action; and

(d) The Court and its authorized personnel.

19. No person other than the individuals described in paragraph numbers "15" and "18" herein who, as applicable, have executed the form of agreement annexed hereto as Exhibit "A" shall be permitted to attend any deposition during the disclosure of Confidential Information. This provision shall not act as a bar to attendance at such proceedings during the disclosure of other information.

20. All documents, material or information disclosed at a deposition shall be treated as "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" until thirty (30) days after the transcript is received unless counsel for the Parties agrees to a different period of time. During such period, any party to the Action may notify another in writing that designated portions of the transcript, specified by page(s) and line(s) thereof, are CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY. Such designated portions will then be treated as if designated in accordance with these designations at the deposition. Any portions not designated as Confidential Information within the 30-day period may be used without restriction by this Protective Order.

21. Upon the good faith assertion by counsel for the producing party that a question or line of questions at a deposition is likely to result in the disclosure of Confidential Information, any person not entitled under paragraph numbers "15" and/or "18" of this Protective Order to access to such Confidential Information shall leave the deposition until the

question or line of questions is completed, unless otherwise ordered by the Court and the Confidential Information disclosed at the deposition shall not, directly or indirectly, in whole or in part, be disclosed or made available to any person, except those persons falling within categories defined in paragraph number "15", with respect to material designated as CONFIDENTIAL, and in paragraph number "18", with respect to material designated as CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY.

## IV.   Challenges to Confidential Designations

22.   If any receiving party contends that any information, material or document treated as Confidential Information, or otherwise subject to this Protective Order, is not entitled to such protection, the information, material or document will nevertheless be treated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY material (however designated by the producing party) until the receiving party: (a) obtains written permission from the producing party to do otherwise, or (b) obtains an order from the Court determining that the information, material or document does not constitute Confidential Information or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY material. On any motion to the Court regarding a claim of confidentiality, the producing party seeking to assert a claim of confidentiality shall have the burden of proof and the receiving party shall comply with the provisions of this Protective Order regarding the filing of Confidential Information under seal. The designation of information, material or document as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY shall not create any presumption with regard to the actual confidentiality of any document, nor shall it affect the burden of proof necessary for establishing confidentiality.

23.   This Protective Order shall be without prejudice to the right of the Parties to: (a) bring before the Court at any time (subject to the procedural requirements of paragraph 22 above) the question of whether any particular document or information is Confidential Information or whether its use should be restricted, or (b) present a motion to the Court for a separate protective order, or other appropriate relief, as to any particular document or information, including restrictions differing from those specified herein.

24.   This Protective Order shall not be deemed a waiver of any party's right to: (a) object to any discovery request on any ground; (b) seek an order compelling discovery with respect to any discovery request; and/or (c) object to the admission of any evidence on any grounds in any proceeding.

25.   If Confidential Information is produced or disclosed without having been so designated, further disclosure of the information, document or material may be restricted in accordance with this Protective Order by notifying the receiving party in writing of the change in or addition of such restrictive designation with respect to the information, document or material. The receiving party shall then take reasonable steps to prevent any further disclosure of such material newly designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY, except as permitted by this Protective Order.

26.   If Confidential Information designated in accordance with the procedures set forth in this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the counsel of record for the party whose Confidential Information was disclosed and, without prejudice to any other rights and remedies

of the producing party, make every effort to prevent further disclosure by it or by the person or entity who was the recipient of such information or document.

27. Nothing in this Protective Order shall be construed to require disclosure of information, documents or material that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product privilege or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or material that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product privilege or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted."

## V. Efforts by Non-Parties to Obtain Confidential Information

28. In the event that any person or party having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce such information or documents from an entity or person who is not a party to the Action, such person or party shall (a) promptly give notice by hand or overnight/express mail of such subpoena or other process to counsel for the producing party, (b) furnish such counsel with a copy of said subpoena or other process or court order, and (c) refrain from producing any Confidential Information in response to such a subpoena or process until the earlier of (1) receipt of written notice from the producing party that such party does not object to production of the Confidential Information; (2) resolution of any objection asserted by the producing party either by agreement or by final order of the court or tribunal with jurisdiction over the objection of the producing party; or (3) the response date to the subpoena or other process, including any court-ordered extension or stay of such response date. The person or party receiving the subpoena or other

process or order shall be entitled to comply with it except to the extent that the producing party is successful in obtaining an order from a court or tribunal staying, modifying or quashing the subpoena or other process or order. The burden of opposing the enforcement of the subpoena shall fall solely upon the producing party. Nothing herein shall be construed as requiring the receiving party or any other person subject to this Protective Order to challenge or appeal any order directing production of Confidential Information covered by this Protective Order, or to subject itself to any penalties for non-compliance with a legal process or order, or to seek any relief from a court or appropriate tribunal.

## VI.  Filing Under Seal

29.  All Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a)  Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the caption of the Action, an identification of the nature of the contents of the sealed envelope, the name of the party filing the material, and the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed, revealed or made public, except by order of the Court."

The sealed envelope shall not be opened by anyone other than authorized Court personnel, absent an order from the Court identifying the person(s) who may have access to the sealed material and designating which portions of the sealed file may be revealed. Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between the parties,

the above message shall be placed on the cover sheet (or on a sheet directly following the cover sheet, if transmitted by facsimile). A full and unredacted copy of any such submission may be provided directly to chambers, marked "Contains Confidential Information Subject to Protective Order."

(b)  As soon as practicable, but in no event after ten (10) calendar days, the submitting party shall electronically file with the Court, for its public file, a copy of the submitted materials without the Confidential Information. If any party objects to identified portions of the materials remaining under seal, it shall, within ten (10) business days of submission of the materials, state its objections in a faxed letter to counsel for all Parties in this Action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten (10) business days after the Court's decision resolving that dispute or within such other time as directed by the Court.

### VII.  Use of Confidential Information at Trial

30.  In the event that any Confidential Information is used in any pre-trial court hearing or proceeding in this Action, and there is any dispute as to whether such material continues to be CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY, the Parties will meet and confer in an attempt to resolve such dispute.

31.  The Parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each non-party producing any Confidential Information which

may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at trial or hearing upon reasonable notice to all Parties and non-parties who have produced such information. The Parties shall provide non-parties with notice of potential use at trial of any Confidential Information produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial. The Parties shall give notice as soon as practicable after Confidential Information which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross-examination at trial, unless such information is to be used solely for impeachment purposes, upon which the Court will decide the appropriate protection of such information.

### VIII.   Procedures upon Termination of Action

32.   Within forty-five (45) days of the running of any applicable time to appeal the final order entered in this Action, any producing party or non-party may request that a party return or destroy any Discovery Material the producing party or non-party has provided at the request of the receiving party, which request shall be honored. If the receiving party elects to destroy the Discovery Material rather than return it, any such Discovery Material (including all summaries and copies thereof), shall be destroyed within thirty (30) days thereafter and within ten (10) days after such destruction, counsel for the receiving party shall provide to counsel for the producing party a written certification that the destruction has been completed.  The conclusion of the Action shall not relieve any person who has received Confidential Information pursuant to this Protective Order from the obligation to maintain the confidentiality of such material and information contained therein.

## IX. Miscellaneous

33.    This Protective Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege, other than that the Discovery Material may only be obtained pursuant to a protective order issued pursuant to Fed. R. Civ. P. 26(c)(1)(G) . Moreover, the Protective Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil procedure.

34.    Nothing in this Protective Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Protective Order upon due notice to all other Parties and affected non-parties.

35.    Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Confidential Information; provided, however, that in rendering such advice the attorney shall not disclose any Confidential Information received from another party or third party to unauthorized persons.

36.    If the discovery process calls for the production of information, documents or material that a party cannot produce because its disclosure would breach an express or implied agreement with a third party to maintain such information or documents in confidence, the producing party shall promptly give written notice to the third party that its information or documents are subject to discovery in the Action and shall provide the third party with a copy of this Protective Order. At the same time such written notice is given to the third party, the producing party shall advise the putative receiving party of: (a) the fact that such notice has been

given; (b) the type of information being withheld; and (c) the name and address of the third party. The requested information or documents shall not be produced unless the third party so agrees or the requesting party secures an order from the Court compelling production.

37. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence in this Action.

38. The designation of information and documents as Confidential Information pursuant to this Protective Order shall not preclude any party from disclosing the information or documents to any person who, in the case of a document, is identified as the author, addressee or a copy recipient thereof (provided there is sufficient indicia establishing receipt by the addressee or copy recipient), or from disclosing the information or documents to any person from whom the information was obtained or who has been identified by the producing party as having been previously provided with the document or the information contained therein.

39. The Court shall retain jurisdiction even after the termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The Parties may apply to the Court at any time, before or after termination of the Action, for an order modifying this Protective Order or seeking further protection against discovery or use of Confidential Information. This Protective Order shall survive the termination of the Action.

40. This Protective Order may be executed in one or more counterparts and by facsimile and/or electronic mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

## X. **Discovery Already Produced**

41. In this action, Plaintiff has already produced over nine hundred (900) documents and several audio files in response to Defendants' First Discovery Demands ("Already Produced Discovery"). This agreement applies retroactively to those documents already produced by Plaintiff. All such Already Produced Documents shall be treated as "CONFIDENTIAL" until thirty (30) days after the full execution of this Stipulated Protective Order. During such period, Plaintiff may notify the Defendants in writing which portions of the Already Produced Documents are CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY. Such designated portions will then be treated as if designated in accordance with these designations made at the time of disclosure. Any portions not designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY within the 30-day period may be used without restriction by this Protective Order.

42. Any disclosure by Defendants of Already Produced Discovery which occurs prior to the full execution of this Stipulated Protective Order shall not be a violation of the Stipulated Protective Order. In the event that Plaintiff designates the Already Produced Discovery as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY within the 30-day period as set forth in Paragraph 41, Defendants will, where required by this Stipulated Protective Order, have Exhibit "A" executed by the person or entity in receipt of any such designated material which has been disclosed prior to the full execution of this Stipulated Protective Order. If Defendants are not able to obtain an executed Exhibit "A" where required, then they will take

reasonable steps to have such disclosure returned, and also provide to Plaintiff the identity and address of the person or entity to whom the Already Produced Discovery has been disclosed, if that information is known to Defendants.

| | |
|---|---|
| VALLI KANE & VAGNINI, LLP<br>*Attorneys for Plaintiff*<br><br>By: _____<br>Robert J. Valli, Jr.<br>Aneeba Rehman<br>600 Old Country Road, Ste. 519<br>Garden City, New York 11530<br>(Tel.) 516-203-7180<br>(Fax) 516-706-0248<br><br>Dated: June 16, 2011 | JASPAN SCHLESINGER LLP<br>*Attorneys for Defendants*<br><br>By: _____<br>Stanley A. Camhi<br>Christopher D. Palmieri<br>300 Garden City Plaza<br>Garden City, New York 11530<br>(Tel.) 516-746-8000<br>(Fax) 516-393-8282<br><br>Dated: June 20, 2011 |

**SO ORDERED**

_____
WILLIAM D. WALL, U.S.M.J.