# EXHIBIT 5

# EXHIBIT G

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/17
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STARR SURPLUS LINES INSURANCE COMPANY
and HOUSTON CASUALTY COMPANY,

      . Plaintiffs,

-against-

CRF FROZEN FOODS, LLC,

      Defendant.

Docket No. 1:17:cv:01030-PGG

**STIPULATED CONFIDENTIALITY AGREEMENT AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

    WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

    IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, employees, attorneys, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order— will adhere to the following terms, upon pain of contempt:

    1.    All "Discovery Material" (i.e. information of any kind produced or disclosed in the course of discovery in this action) shall be deemed "Confidential" and shall be marked as such. Recipients of Discovery Material may use such material solely for the prosecution and

defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

2. No person subject to this Order may disclose any Discovery Material to anyone else except as this Order expressly permits, or otherwise Ordered by this Court, regardless of its designation as "Confidential", "Highly Confidential", or lack thereof.

3. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Highly Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, marketing plans or business-sensitive information that is not otherwise available from other sources;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information this Court subsequently affords confidential status.

4. With respect to the Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such

portion as "Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5. Upon request, any party may request that the Producing Party provide another copy of the Highly Confidential Discovery Material with the confidential information redacted for filing with the Court. Any such filing of Highly Confidential Discovery Material shall be filed under seal in accordance with this Order.

6. If the Court denies a motion to seal Discovery Materials marked Highly Confidential, that Discovery Material shall maintain its confidential status, generally, and shall be deemed marked "Confidential."

7. If a Producing Party inadvertently fails to mark Discovery Materials as Highly Confidential, it may, upon notice to all parties, revise its designation in accordance with this Order.

8. It shall not be deemed a violation of this Agreement for counsel to disseminate Confidential Discovery Materials as part of their filings with the Court. All filings containing Highly Confidential or Confidential Discovery Materials shall remain subject to the provisions of this Agreement notwithstanding their filing or dissemination to counsel or availability from the Clerk or "online."

9. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Highly Confidential Information Governed by Protective Order;" or (b) notifying the

reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

10. Persons subject to this Order may only disclose Discovery Material, whether Confidential or Highly Confidential, to the following persons:

    (a) the Parties to this action, their insurers and reinsurers, and counsel to their insurers and reinsurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first

    executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

11. Before disclosing any Discovery Material, whether Confidential or Highly Confidential, to any person referred to in subparagraphs 10(d), 10(f), or 10(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

120 (2d Cir. 2006). If the filing party is not the Producing Party, the Producing Party shall supplement the filing party's letter to the Court setting forth any justification for sealing.

13.     The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Highly Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Highly Confidential.

14.     In filing Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Highly Confidential Discovery Material ("Highly Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Highly Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Highly Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Highly Confidential Court Submission.

15.     Any Party who objects to any designation of "Highly Confidential" may at any time during discovery and at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

16.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the

request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

17. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Moreover, nothing contained in this Order shall restrict or otherwise limit the use of Discovery Material that was obtained from a source or in a manner not subject to this Order.

18. Nothing in this Order will prevent any Party from producing any Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

19. Each person who has access to Discovery Material, regardless of whether it has been designated as Highly Confidential pursuant to this Order, must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. The production of any privileged or otherwise protected Discovery Material shall not be deemed a waiver or impairment of any claim or privilege or protection, including, but not limited to, the attorney/client privilege and the protection afforded to work product materials or the subject matter thereof. Upon receiving notice from the other party that such materials have been produced or copied, all such materials (including all copies or summaries thereof) shall be

returned within five (5) business days of receipt of such notice, or as soon as is practicable. If a party believes that such "recalled" documents are not privileged or otherwise protected, such party may challenge such designation as provided by the applicable rules, but may not argue waiver.

21. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection or other protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

22. Within 60 days of the final disposition of this action – including all appeals – all recipients of Discovery Material, both Highly Confidential or otherwise, must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material or delete electronically stored materials to the extent possible. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery Material. Any such archival copies that contain or constitute Discovery Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material is produced or disclosed.

24.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

STARR SURPLUS LINES INSURANCE COMPANY,

By its attorneys,

/s/ John A. Nadas
Robert S. Frank (admitted *pro hac vice*)
John A. Nadas (admitted *pro hac vice*)
Matthew B. Arnould (admitted *pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000
(617) 248-4000 (Fax)
rfrank@choate.com
jnadas@choate.com
marnould@choate.com

Michael M. Marick (admitted *pro hac vice*)
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Ste. 300
Chicago, IL 60601
(312) 704-3660

Brent Reitter (BR0639)
HINSHAW & CULBERTSON LLP
800 3rd Ave.
New York, NY 10022
(212) 471-6200

*Counsel for Starr Surplus Lines Insurance Company*

HOUSTON CASUALTY COMPANY

By its attorneys,

/s/ Jeffrey S. Weinstein
Jeffrey S. Weinstein
Diana E. McMonagle

- 9 -

63177.3

One New York Plaza
New York, New York 10004
(212) 804-4200
jweinstein@moundcotton.com
dmcmonagle@moundcotton.com

*Counsel for Houston Casualty Company*

CRF FROZEN FOODS, LLC

/s/ Steven J. Pudell
Steven J. Pudell
Christina Yousef
ANDERSON KILL P.C.
One Gateway Center, Suite 1510
Newark, New Jersey 07102
(973) 642-5858
(973) 621-6361 (Fax)
spudell@andersonkill.com
cyousef@andersonkill.com

/s/ Mark R. Hanson
Mark R. Hanson (admitted *pro hac vice*)
NILLES LAW FIRM
201 5th St. N.
Fargo, North Dakota 58102
(701) 237-5544
mhanson@nilleslaw.com

*Counsel for CRF Frozen Foods, LLC*


Dated: September 11, 2017

New York, New York

SO ORDERED.

Paul G. Gardephe
United States District Judge

Sept. 13, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARR SURPLUS LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>CRF FROZEN FOODS, LLC, and HOUSTON CASUALTY COMPANY,<br><br>Defendants. | Docket No. 1:17:cv:01030-PGG<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Highly Confidential." I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

- 11 -

63177.3