IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., &<br>INSTITUT STRAUMANN AG,<br><br>   Defendants.<br><hr>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., &<br>STRAUMANN USA, LLC,<br><br>   Counterclaim-Plaintiffs,<br><br> v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>   Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' REPLY IN SUPPORT OF
THEIR MOTION FOR A PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(C)**

# TABLE OF CONTENTS

I. Seeking ClearCorrect Documents Through SoftSmile Is Improper ...................................1
II. Align's Overbroad Subpoena Seeks Irrelevant Documents..................................................3
III. Align Has Failed To Establish A Compelling Need for Arbitration Materials ...................4
IV. Conclusion ............................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Barrella v. Village of Freeport*,
   2012 WL 6103222 (E.D.N.Y. Dec. 8, 2012) ................................................................. 2

*Cooley v. Curves Int'l, Inc.*,
   2008 WL 11333881 (W.D. Tex. May 19, 2008) ............................................................ 5

*Donelon v. Herbert Clough, Inc.*,
   2006 WL 8436296 (M.D. La. Aug. 18, 2016) .............................................................. 5

*In re Keebaugh*,
   2019 WL 5802703 (E.D. Pa. Nov. 6, 2019) ............................................................. 2, 3

*Lemoine v. Mossberg Corp.*,
   2020 WL 3316119 (D. Conn. June 18, 2020) ................................................................ 2

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
   941 F.3d 1133 (Fed. Cir. 2019) ..................................................................................... 4

*Mojo Mobility, Inc v. Samsung Elecs. Co., Ltd.*,
   2024 WL 3355122 (E.D. Tex. June 4, 2024) ................................................................ 4

*Murr v. Midland Nat'l Life Ins. Co.*,
   2011 WL 3236001 (S.D. Cal. July 28, 2011) ............................................................ 1, 3

*Ntakirutimana v. CHS/Community Health Sys., Inc.*,
   2011 WL 13135608 (S.D. Tex. June 28, 2011) ............................................................. 1

*ParkerVision, Inc. v. Realtek Semiconductor Corp.*,
   No. 6:22-cv-01162-ADA (W.D. Tex. Aug. 9, 2024) ..................................................... 4

*Petrol. Mktg. Group, Inc. v. Universal Prop. Servs., Inc.*,
   2023 WL 5985300 (D.N.J. Mar. 30, 2023) .................................................................... 1

*Pictsweet Co. v. R.D. Offutt Co.*,
   2020 WL 12968432 (M.D. Tenn. Apr. 23, 2020) .......................................................... 2

*Turnbow v. Life Partners, Inc.*,
   2013 WL 1632795 (N.D. Tex. Apr. 16, 2013) ........................................................... 3, 4

*Warnock Eng'g, LLC v. Canton Municipal Utilities*,
   2018 WL 11418435 (S.D. Miss. Apr. 20, 2018) ........................................................ 1, 6

**Other Authorities**

Federal Rule of Civil Procedure 26 ...................................................................................................1

Federal Rule of Civil Procedure 34 ................................................................................................1, 3

Federal Rule of Civil Procedure 45 ................................................................................................1, 3

Align contends that it may serve a non-party subpoena seeking confidential ***party*** documents and arbitration materials that are in a non-party's possession because, e.g., that non-party obtained those materials in an ***unrelated*** dispute involving ***different,*** non-patent claims. As in *ParkerVision*, this Court should prevent Align from circumventing proper party discovery.[1]

I. **SEEKING CLEARCORRECT DOCUMENTS THROUGH SOFTSMILE IS IMPROPER**

Align's subpoena threatens to take discovery of ClearCorrect's own documents out of ClearCorrect's hands and place it in the hands of SoftSmile, an adverse non-party and disgruntled former business partner that does not have the "same interests" as ClearCorrect in protecting those documents. *See Murr v. Midland Nat'l Life Ins. Co.*, 2011 WL 3236001, at *2 (S.D. Cal. July 28, 2011). Align's subpoena seeks thousands of ClearCorrect documents, and good cause exists to enter a protective order to protect discovery of ClearCorrect's "sensitive business information" from a non-party.[2] *See Warnock Eng'g, LLC v. Canton Municipal Utilities*, 2018 WL 11418435, at *2 (S.D. Miss. Apr. 20, 2018). Align cannot circumvent Rule 34 by serving a subpoena on a non-party. *Petrol. Mktg. Group, Inc. v. Universal Prop. Servs., Inc.*, 2023 WL 5985300, at *3 (D.N.J. Mar. 30, 2023) (determining it was inappropriate to seek the documents through "broad third-party discovery" rather than "party discovery"); *Ntakirutimana v. CHS/Community Health Sys., Inc.*, 2011 WL 13135608, at *2 (S.D. Tex. June 28, 2011) ("Rule 45 subpoenas are not meant to circumvent the regular discovery process under Rules 26 and 34").

Align first defends its subpoena on SoftSmile by noting that ClearCorrect has not yet

---

[1] On September 20, 2024, the Southern District of New York transferred ClearCorrect's Motion to Quash to this Court. *See ClearCorrect Holdings, Inc. v. Align Tech.*, 24-mc-399, Dkt. 30.
[2] Align suggests that the Court's "interim protective order" will ensure confidential treatment of the ClearCorrect documents that SoftSmile would produce, but ignores that a protective order governing treatment of confidential information "does not mean that information beyond what is within the scope of discovery" must be produced, *see Murr*, 2011 WL 3236001, at *2.

1

produced the requested documents (Opp. 4-5). But ClearCorrect has not **refused** to produce any documents.[3] As stated in its responses and objections, ClearCorrect is willing to meet and confer regarding an appropriate scope of production and will timely produce after that meet-and-confer. If Align is not "satisfied with the responses received [from ClearCorrect]," then the appropriate course would be to "file a motion to compel, not to serve a subpoena" on a non-party to get those documents. *Lemoine v. Mossberg Corp.*, 2020 WL 3316119, at *1 (D. Conn. June 18, 2020).

Align next attempts to distinguish "most" of ClearCorrect's authority by misleadingly suggesting they apply only when "the subpoena clashed with another court's protective order." (Opp. 3-4). To be sure, some of those courts referenced provisions in the applicable protective orders dictating that materials produced "only be used in that action," *see, e.g., In re Keebaugh*, 2019 WL 5802703, at *5 (E.D. Pa. Nov. 6, 2019); *see also Barrella v. Village of Freeport*, 2012 WL 6103222, at *2 (E.D.N.Y. Dec. 8, 2012) (where protective order dictated that materials "be used solely for the purpose of prosecuting or defending this Action"), ███████████ Regardless, the thrust of those decisions, which Align ignores, is that irrespective of whether a non-party possesses the documents "subject to [a] Protective Order or possesses them independently," a party's documents are "appropriately sought" from that party.

---

[3] Align's jurisdictional discovery requests were mooted because Institut Straumann withdrew its motion to dismiss for lack of jurisdiction. Dkts. 76-77. Moreover, ClearCorrect will be producing its core technical documents on September 26, as required under the schedule.

[4] For example, in *Barrella*, § 28 of the protective order at issue set forth the process for responding to subpoenas. 2:12-cv-00348, Dkt. 14-2 at 12 (Ex. 4). Similarly, in *Pictsweet Co. v. R.D. Offutt Co.*, 2020 WL 12968432, *4 (M.D. Tenn. Apr. 23, 2020), the protective order at issue included a similar provision. 3:19-cv-00722, Dkt. 37-7, at 6 § 18 (Ex. 5).

*Keebaugh*, 2019 WL 5802703, at *5 ("[R]esort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party"); *Murr*, 2011 WL 3236001, at *1 ("Murr may request the documents directly from Midland without involving a third party that does not have the same interests as Midland in protecting the documents relating to its business practices and policyholders.").

Finally, Align strains to argue that it cannot obtain all relevant documents from ClearCorrect directly, but it can only muster a single example of a hypothetical internal SoftSmile document "referring to ClearCorrect's knowledge of Align's products, information, and patents." Opp. 5. As explained further below, ClearCorrect's general knowledge of Align's products, information or patents is not relevant to any issue in this case. But even if it were, anything in SoftSmile's possession would necessarily have come from ClearCorrect. And the mere possibility that such a far-fetched, hypothetical (inadmissible) internal SoftSmile document might conceivably exist is no reason to allow SoftSmile to turn over thousands of confidential ***ClearCorrect*** documents that do exist so that Align can go fishing.

## II. ALIGN'S OVERBROAD SUBPOENA SEEKS IRRELEVANT DOCUMENTS

Align all but concedes that its current requests are non-targeted and extremely broad, but it makes no attempt to narrow the scope of its fishing expedition. *See Turnbow v. Life Partners, Inc.*, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013) (quashing subpoena seeking document requests that were "overly broad" and not limited to "the heart of [the] litigation.").

Align speculates that Requests Nos. 1 and 2 are relevant because they seek materials from the ClearCorrect-SoftSmile arbitration that ***might*** relate to copying or infringement. Other than contending that the arbitration "places the development and operation of ClearCorrect's software at the center of that dispute," Align does ***nothing*** to connect Align's patent infringement claims, i.e., the "heart" of its allegations, to the subject matter of the arbitration—SoftSmile's contract and

3

trade secret claims. *See Turnbow*, 2013 WL 1632795, at *1. As Align would have it, regardless of the specific product, features, or functionality accused in this litigation, Align would be entitled to any document that references Align Products or information, Dr. Borovinskikh, Dr. Kitching,[5] or any Align employee. But that is not the law, even according to the case upon which Align relies, which explains that "the proponent of objective evidence offered … such as copying, must show that a ***nexus*** exists between the evidence and the claimed features of the invention," for the copying to be relevant. *Liqwd, Inc. v. L'Oreal USA, Inc.*, 941 F.3d 1133, 1138 (Fed. Cir. 2019) (emphasis added). This court has rejected similar requests in other cases. *See ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6:22-cv-01162-ADA, Dkt. 123 (W.D. Tex. Aug. 9, 2024) (denying request "for invalidity/validity experts reports, expert deposition transcripts, and non-public marking briefing, from" non-party).

Align contends that Requests No. 3 and 4—which seek documents related to ClearCorrect's knowledge of Align's products, Asserted Patents, Asserted Patent families, and the development of ClearCorrect's software—are relevant to copying and potential infringement. Yet it is well established that knowledge of patent families or competing products is not relevant to willfulness. *See, e.g.*, *Mojo Mobility, Inc v. Samsung Elecs. Co., Ltd.*, 2024 WL 3355122, at *1 (E.D. Tex. June 4, 2024) ("Willful infringement impliedly ***requires knowledge of the patent in suit***") (emphasis added). Nor are Align's broad requests tethered ***at all*** to the issues between ClearCorrect and Align. Indeed, other than referring vaguely to "Cut & Stage" and "ClearPilot," Align does not explain how the SoftSmile-ClearCorrect interactions relate to Align's infringement claims. After all, Align accused only limited aspects of ClearCorrect's technology in this case.

### III. ALIGN HAS FAILED TO ESTABLISH A COMPELLING NEED FOR ARBITRATION MATERIALS

---

[5] Dr. Kitching never even worked for ClearCorrect, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

4

Align's opposition claims that the "Fifth Circuit does not require a 'compelling need'" to discover confidential arbitration materials, but Align does not cite a ***single case*** addressing the standard for obtaining confidential arbitration documents. To the contrary, a Fifth Circuit district court has required a showing of a "compelling need" for confidential arbitration materials. *See Donelon v. Herbert Clough, Inc.*, 2006 WL 8436296, at *4 (M.D. La. Aug. 18, 2016). Align relies on *Cooley v. Curves Int'l, Inc.*, 2008 WL 11333881 (W.D. Tex. May 19, 2008), but *Cooley* merely held that a confidential contract could not be withheld merely because it was confidential. It did ***not*** address whether there is a heightened standard for discovery of arbitration proceedings, for which there are "important policy interests involved in protecting the expectations of confidentiality belonging to parties." *Donelon*, 2006 WL 8436296, at *3-4.

Finally, Align attacks a strawman, claiming it has a "compelling need" because absent the subpoena it could not "obtain *any* responsive SoftSmile documents." Opp. 9-10. But ClearCorrect's invocation of the "compelling need" standard is focused on the requests for arbitration materials (Requests 1 and 2). As stated above, there are other grounds to deny Align's other requests (3 and 4). Moreover, as to those arbitration materials, Align must show not only that the requested documents are relevant, but instead that they are "*vital* or *necessary*" and that the information sought cannot be obtained through other means. *Donelon*, 2006 WL 8436296, at *5. As explained above, Align cannot even show mere relevance, let alone that they are vital.

IV.  **CONCLUSION**

This Court should issue a protective order prohibiting Align from enforcing the subpoena or otherwise collecting documents from SoftSmile within the scope of the subpoena.[6]

---

[6] Align claims that it cannot be prohibited from collecting documents from SoftSmile. Opp. 10. It cites no case for this proposition, and indeed Align is wrong. *See Warnock*, 2018 WL 11418435, at *3.

5

Dated: September 23, 2024                    Respectfully submitted,


                                                   */s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903)934-8450
Fax: (903)934-9257

James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM AND SMITH, LLP
102 N. College, Suite 800
Tyler, TX 75702
(903) 934-8450
Fax: (903)934-9257

Joseph J. Mueller
Vinita Ferrera
Mark A. Ford
Marissa A. Lalli
Holly A. Ovington
Tyler L. Shearer
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
joseph.mueller@wilmerhale.com
vinita.ferrera@wilmerhale.com
mark.ford@wilmerhale.com
marissa.lalli@wilmerhale.com
holly.ovington@wilmerhale.com
tyler.shearer@wilmerhale.com

Omar A. Khan
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800

omar.khan@wilmerhale.com

Gerard A. Salvatore
Robert B. Stiller
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000
jerry.salvatore@wilmerhale.com
robert.stiller@wilmerhale.com

Hannah Santasawatkul
Texas State Bar No. 24107617
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

***Attorneys for Defendant***
***Institut Straumann AG***

***Attorneys for Defendants and Counterclaim***
***Plaintiffs***
***ClearCorrect Operating, LLC***
***ClearCorrect Holdings, Inc.***

***Attorneys Counterclaim Plaintiff***
***Straumann USA LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on September 23, 2024.

*/s/ Melissa R. Smith*
Melissa R. Smith