IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., &<br>INSTITUT STRAUMANN AG,<br><br>    Defendants.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., &<br>STRAUMANN USA, LLC,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>    Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**COUNTERCLAIM-PLAINTIFFS' OPPOSITION TO
COUNTERCLAIM-DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

It is axiomatic that, in reviewing a Rule 12(b)(6) motion, a court must accept "all well-pleaded facts as true" and view them "in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). A defendant cannot, therefore, introduce factual disputes in an effort to dismiss claims. *See Miller v. Stroman,* 2020 U.S. Dist. LEXIS 84955, at *8 (W.D. Tex. May 14, 2020) ("Defendants cannot introduce disputed facts through judicial notice at the dismissal stage…."). Faced with a mountain of well-pleaded facts describing its ongoing anticompetitive scheme, Align attempts to circumvent this most basic rule by injecting factual disputes into its motion to dismiss under the guise of its Request for Judicial Notice (Align's "Request" or "RJN"). For ***every single one*** of the thirteen documents at issue, Align improperly requests the Court (1) take notice of disputed facts *and* (2) take notice of the documents for the truth of their contents. The Request should be denied in full.

## I.  LEGAL STANDARD

A court may take judicial notice of a fact that "***is not subject to reasonable dispute*** because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b) (emphasis added). To satisfy this standard, "the fact to be noticed must be 'the type of self-evident truth that no reasonable person could question, a truism that approaches platitude or banality.'" *Blue v. Am. Nat'l Ins. Co.*, 2021 WL 12303182, at *2 (W.D. Tex. June 2, 2021) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)). When considering a request to take judicial notice of a document, a court must consider not only whether the document is of a *type* that is judicially noticeable, but also whether the *fact* for which the court is being asked to take notice of the document is indisputable. *See, e.g.*, *Miller,* 2020 U.S. Dist. LEXIS 84955, at *8 (denying request for judicial notice of public records where the moving party sought to introduce irrelevant and disputed facts). The party requesting judicial notice has the

1

burden of persuading the court that the fact is appropriate for judicial notice. *Ambler v. Williamson Cnty.*, 2021 U.S. Dist. LEXIS 35905, at *7 (W.D. Tex. Feb. 25, 2021). The power to take judicial notice "must be exercised by courts with caution" and "[e]very reasonable doubt upon the subject should be resolved promptly in the negative." *Id.*

## II. ARGUMENT

Here, without exception, Align attempts to use opinions and discovery responses from other cases, press releases *about* other cases, and even web pages to introduce disputed facts through judicial notice, including by asking this Court to take notice of the documents for the truth of matters asserted within them. That is plainly improper and warrants denial. ClearCorrect addresses each document Align offers below, but first addresses the pervasive issues that infect all documents for which Align requests judicial notice.

### A. Align Requests Judicial Notice Of Facts "Subject To Reasonable Dispute"

To be judicially noticed, a fact must be "not subject to reasonable dispute." Fed. R. Evid. 201(b). Align ignores this requirement entirely, stating instead with respect to each exhibit it offers that notice is proper because "the ***authenticity***" of each document is "not subject to reasonable dispute," and the "exhibits are ***from a source*** that cannot reasonably be questioned." RJN at 3-4 (emphasis added). For the reasons stated below, many of the documents Align presents *are* from sources that can be reasonably questioned, but more importantly, ***all*** of them are offered to solicit judicial notice of facts stated within them that are subject to reasonable dispute, and that either conflict with the well-pleaded allegations in the Counterclaims, or that are entirely irrelevant to the motion to dismiss. *See, e.g.*, Ex. 1, Ex. 12 (introducing factual dispute regarding the exclusionary impact of challenged contracts); Exs. 2, 3, 7 (introducing factual and irrelevant dispute about ClearCorrect's alleged prior infringement of patents and the reasons for Align's termination of its interoperability agreement with 3Shape); Exs. 4, 5, 6 (introducing factual dispute

2

about the effect of the technological and financial barriers associated with the iTero); Exs. 8, 9, 10 (introducing factual dispute regarding the sales practices of competing clear aligner companies); Ex. 11 (introducing factual dispute regarding the availability of reasonable substitutes to intraoral scans); and Ex. 13 (introducing factual dispute regarding the foreclosure achieved by Align's *de facto* exclusive dealing). Align bears the burden of showing "that the fact is appropriate for judicial notice" and Align has not even attempted to argue that threshold requirement is met. *Ambler*, 2021 U.S. Dist. LEXIS 35905, at *7.

### B. Align Seeks To Introduce Documents For The Truth Of Their Contents

Documents containing "a fact in dispute" may be "considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Blue,* 2021 U.S. Dist. LEXIS 272769, at *6 (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). There is a "very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the truth or falsity [of the] *contents* of any such document for the purpose of making a finding of fact." *Manix Energy Ltd. v. James (In re James)*, 300 B.R. 890, 895 (Bankr. W.D. Tex. 2003) (emphasis in original). Align is plainly offering all exhibits for the truth of the documents' contents, including, for example, that Align's conduct does not violate the antitrust laws (Ex. 1), that ClearCorrect infringed Align's patents (Ex. 2, Ex. 3), that it is not unduly burdensome to send a scan from an iTero to a competing clear aligner company (Ex. 4, Ex. 5, Ex. 6), that Align terminated its agreement with 3Shape because 3Shape infringed its patents (Ex. 7), that competing aligner companies offer similar bundles to those offered by Align (Ex. 8, Ex. 9, Ex. 10), that PVS is a reasonable substitute for intraoral scans (Ex. 11), that doctors offer competing clear aligners in the face of Align's anti-

steering provisions and contractual restrictions (Ex. 12), and that Align's anticompetitive conduct has not foreclosed a significant share of the market (Ex. 13).

### C. None Of Align's Proffered Documents Are Judicially Noticeable

1. *"Court Filings and Opinions"* (Ex. 1, 2, 12)

Align asks this Court to take judicial notice of Exhibits 1, 2, and 12, which it describes as "Court Filings and Opinions." Specifically, Align requests judicial notice of (1) a summary judgment decision in another antitrust case (Ex. 1); (2) a summary judgment decision in a patent case between Align and ClearCorrect (Ex. 2); and (3) excerpts of interrogatory responses filed in the antitrust case in Exhibit 1 (Ex. 3). None of these requests are proper.

First, while a court "may take judicial notice of related proceedings and court records . . . a 'court cannot take judicial notice of factual findings of another court.'" *Johnson v. Henderson*, 2014 U.S. Dist. LEXIS 123806, at *10 (W.D. Tex. June 13, 2014). A court may only "take judicial notice of 'a document filed in another court . . . to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable." *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007). Align ***explicitly*** asks this Court to take judicial notice of the findings of the other courts in Ex. 1 and Ex. 2—in fact, Align repeatedly cites the district court decision in the *Simon & Simon* case (Ex. 1) to dispute the truth of ClearCorrect's well-pleaded allegations regarding unlawful tying, *de facto* exclusive dealing, foreclosure, and the intent behind the termination of the 3Shape agreement. MTD at 1, 13-15. For example, ClearCorrect alleges that Align terminated its interoperability agreement with 3Shape to effectuate the unlawful tie that facilitates Align's *de facto* exclusive dealing scheme. *See* CC ¶ 73. Align quotes Ex. 1 in its motion to dismiss to invite this Court to embrace the California District Court's factual finding which Align believes rebuts those allegations, MTD at 13, even though that court's conclusions

about those disputed facts are on appeal to the Ninth Circuit and opposed by the Department of Justice. This is a blatant attempt to end-run the motion to dismiss standard requiring the Court to accept as true the well-pleaded facts in the Counterclaims.

Second, that another court entered an order in favor of Align in a case brought by other plaintiffs is irrelevant to this Court's consideration of ClearCorrect's Counterclaims. *See Silva v. Sunpath, Ltd.*, 2024 U.S. Dist. LEXIS 114501, at *8 (W.D. Tex. June 28, 2024) (declining to take judicial notice of an order issued in another case, where "another court granted [defendant's] motion to dismiss similar claims brought by a different plaintiff," reasoning "[t]hat another plaintiff did not adequately state their claims against [defendant] is irrelevant to whether the Plaintiff in this case plausibly stated her own claims"). In fact, "[a] 'basic premise of preclusion law' is that '[a] court's judgment binds ***only the parties to a suit***.'" *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 37 F.4th 1078, 1087 (5th Cir. 2022) (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011)) (emphasis added). Due process entitles ClearCorrect to its own day in court, especially because ClearCorrect's antitrust claims are based on a broader set of allegations and result in separate antitrust injury. *See Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989) ("The imposition of a preclusive bar against a non-party to the original adjudication is limited for obvious reasons: a non-party has had no day in court").[1]

---

[1] Neither of the cases Align cites are instructive. The court in *Anderson* took judicial notice of previous judgements and opinions for purposes of deciding *res judicata*—where the fact of those prior cases was integral to the question before the court. *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020). And the court in *Lake Eugenie* relied on a Fifth Circuit holding that a court may "take judicial notice of ***its own records or those of inferior courts***." *Lake Eugenie Land & Dev., Inc. v. Halliburton Energy Servs., Inc. (In re Deepwater Horizon)*, 934 F.3d 434, 440 (5th Cir. 2019) (*citing ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981)) (emphasis added). Align does not ask this Court to take notice of its own records or the records of an inferior court—but to accept the *factual findings* of a California district court.

Finally, Align requests judicial notice of Exhibit 12, excerpted pages from what it claims are the interrogatory responses of a party to the *Simon & Simon* litigation, offering it to dispute ClearCorrect's allegations that Align's dealings surrounding the iTero constitute *de facto* exclusive dealing, have a coercive effect on doctors, and foreclose competition. *See, e.g.*, CC ¶¶ 104, 116, 177, 181. Align states that "[t]he agreements alleged are not exclusive" and cites in support Ex. 12 that "a Los Angeles dental practice among the name [sic] plaintiffs used its iTero scanner (with its purportedly closed system) to order competing Candid aligners." MTD at 14.[2] First, an interrogatory response is not a court filing and is not appropriate for judicial notice simply because it was at one point filed on a docket. *Do v. GW Trucking Inc.*, 2024 U.S. Dist. LEXIS 25947, *18 (E.D. Tex. Jan. 24, 2024) (declining to take judicial notice of an interrogatory response). Second, and crucially, this Court cannot possibly draw conclusions about industry dynamics and the impact of Align's conduct (including what all doctors in the industry *can* do), contrary to the well-pleaded allegations, on the basis of a hearsay statement from one practice in California about what that practice does or had done.

2. *"Publicly available material"* (Exhibits 3-11 and 13)

Align seeks judicial notice of the remainder of the exhibits on the basis that they are "publicly available material not subject to reasonable dispute that are relevant to the issues at hand." RJN at 4-5. But there is no rule that all publicly available material is appropriate for judicial notice. And courts will not accept for judicial notice documents or facts offered to challenge well-pleaded factual allegations at the motion to dismiss stage. *See Linenweber v. Sw. Airlines Co.*, 693 F. Supp. 3d 661, 674 (N.D. Tex. 2023) ("The Court will not consider the online

---

[2] Align selectively excerpts the interrogatory response (including only 5 of 10 pages), and the ECF filing information at the top of each page of Exhibit 12 is so distorted as to be unreadable. This does not meet the standard for a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

news article because Defendants offer it to challenge Plaintiffs' factual allegations, and the contents of the article are not indisputably true.").

*Exhibits 3 and 7.* Exhibits 3 and 7 are Align's own press releases relating to patent litigation between Align and ClearCorrect and 3Shape respectively. Courts have "routinely declined" to take judicial notice of press releases, "even those from public agencies, for the truth of the matter asserted." *Amos v. Cain*, 2020 U.S. Dist. LEXIS 211386, *14-15 (N.D. Miss. Nov. 12, 2020) (quoting *Gerritsen v. Warner Bros. Ent. Inc*., 112 F. Supp. 3d 1011, 1029-30 (C.D. Cal. 2015). Where a press release is self-serving (as these are, as they are Align's own press releases regarding litigation it was involved in), courts are even more skeptical. *State v. Real Estate Law Ctr., P.C.,* 430 F. Supp. 3d 761, 873 n.95 (D.N.M. 2019) (declining to take judicial notice of government "public, and possibly politically motivated, press release"). Further, the result of prior litigation between Align and ClearCorrect relating to different patents in a different jurisdiction is entirely irrelevant to ClearCorrect's antitrust claims, and for that reason alone the Court should disregard it. *See Miller v. Stroman,* 2020 U.S. Dist. LEXIS 84955, *6-8 (W.D. Tex. May 14, 2020) (holding that "the Court will only take judicial notice of public records that are relevant to the claim"). The fact that Align was engaged in patent litigation with 3Shape is similarly irrelevant. To the extent Align attempts to use the *fact* of the litigation to advance its pretextual justification for the termination of its interoperability agreement with 3Shape, that is yet another disputed fact, contrary to the allegations, CC ¶ 73, and thus improper for judicial notice.

*Exhibits 4-6.* Align cites Exhibits 4-6 (websites Align claim show that dentists can use iTero to purchase from other clear aligner companies) to contest ClearCorrect's well-pleaded allegations regarding the coercive effect of Align's unlawful tying and *de facto* exclusionary conduct, *see, e.g.*, CC ¶¶ 104, 116, 177, 181, and for that reason, the Court should deny Align's

7

request.  Exhibits 4-6 are also irrelevant because ClearCorrect's allegation is that the iTero includes unjustified technical impediments that render it unduly costly and time-consuming to order a competing aligner, not that it is impossible to do so.  CC ¶¶ 86-92.

*Exhibits 8-10.*  Align cites Exhibits 8-10 for the proposition that other companies offered similar bundles and discount programs as Align.  MTD at 4.  Align once again offers these web pages for the truth of the contents—that the companies do offer the bundles—which is improper.  Regardless, even if true, these purported facts are irrelevant to the pending motion—whether or not other companies, with fractional market shares, offer bundled discounts for their products provides the Court no basis to ignore the voluminous, well-pleaded facts explaining how Align's multifaceted exclusionary scheme forecloses competition.  *See, e.g.*, CC 129, 178, 223, 226, 234.

*Exhibit 11*.  Align cites Exhibit 11 for the proposition that "PVS submissions for Invisalign comprised the majority of Invisalign submissions on a quarterly basis until late 2016" and to support its conclusion that "the availability of PVS for submitting Invisalign demonstrates the absence of a tie between Invisalign and iTero." MTD at 10.  First, it is absurd to suggest this Court may take judicial notice of the accuracy of Align's internal data (especially without any basis to assess its reliability or completeness).  Moreover, the fact that Align chose not to offer facts about Invisalign submissions *since 2016* is telling, especially given the allegations that 95% of Invisalign purchases now are from an iTero.  CC ¶ 174 (based on Align's own reporting from 2024).  Regardless, whether and to what extent there is a tie between Invisalign and iTero is clearly a matter of factual dispute, as is whether and to what extent PVS is a reasonable substitute for an intraoral scan for purposes of ordering clear aligners.  ClearCorrect has pleaded that such a tie does exist, CC ¶¶ 9, 63-83, 173, that PVS is not a reasonable substitute for digital scans generated by intraoral scanners, CC ¶ 174, and that doctors that want to use intraoral scanners for their clear

aligner practice (as most modern doctors do) must use an iTero to gain access to Invisalign. CC ¶ 181. Those are the facts the Court must accept for purposes of the motion to dismiss.

*Exhibit 13*. Align cites Exhibit 13, an industry organization web page, to contest ClearCorrect's well-pleaded allegations of substantial foreclosure. *See, e.g.*, CC ¶ 178. The Court cannot possibly make a factual finding regarding the size of the market for purposes of calculating substantial foreclosure at the motion to dismiss stage on the basis of an unverified hearsay report of the number of dentists in the U.S. in 2023.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Align's request for judicial notice in full.

Dated: October 14, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Mark A. Ford*
　　　　　　　　　　　　　　　　　　　　　　Melissa R. Smith
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24001351
　　　　　　　　　　　　　　　　　　　　　　melissa@gillamsmithlaw.com
　　　　　　　　　　　　　　　　　　　　　　GILLAM & SMITH LLP
　　　　　　　　　　　　　　　　　　　　　　303 South Washington Avenue
　　　　　　　　　　　　　　　　　　　　　　Marshall, TX 75670
　　　　　　　　　　　　　　　　　　　　　　(903)934-8450
　　　　　　　　　　　　　　　　　　　　　　Fax: (903)934-9257

　　　　　　　　　　　　　　　　　　　　　　James Travis Underwood
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24102587
　　　　　　　　　　　　　　　　　　　　　　travis@gillamsmithlaw.com
　　　　　　　　　　　　　　　　　　　　　　GILLAM & SMITH LLP
　　　　　　　　　　　　　　　　　　　　　　102 N. College, Suite 800
　　　　　　　　　　　　　　　　　　　　　　Tyler, TX 75702
　　　　　　　　　　　　　　　　　　　　　　(903) 934-8450
　　　　　　　　　　　　　　　　　　　　　　Fax: (903)934-9257

　　　　　　　　　　　　　　　　　　　　　　Joseph J. Mueller
　　　　　　　　　　　　　　　　　　　　　　Vinita Ferrera
　　　　　　　　　　　　　　　　　　　　　　Mark A. Ford
　　　　　　　　　　　　　　　　　　　　　　Marissa A. Lalli
　　　　　　　　　　　　　　　　　　　　　　Holly A. Ovington
　　　　　　　　　　　　　　　　　　　　　　Harry Hanson

Tyler L. Shearer
WILMER CUTLER PICKERING
　HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
joseph.mueller@wilmerhale.com
vinita.ferrera@wilmerhale.com
mark.ford@wilmerhale.com
marissa.lalli@wilmerhale.com
holly.ovington@wilmerhale.com
harry.hanson@wilmerhale.com
tyler.shearer@wilmerhale.com

Omar A. Khan
WILMER CUTLER PICKERING
　HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800
omar.khan@wilmerhale.com

Gerard A. Salvatore
Robert B. Stiller
WILMER CUTLER PICKERING
　HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000
jerry.salvatore@wilmerhale.com
robert.stiller@wilmerhale.com

Hannah Santasawatkul
Texas State Bar No. 24107617
WILMER CUTLER PICKERING
　HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

*Attorneys for Defendant
Institut Straumann AG*

*Attorneys for Defendants and
Counterclaim-Plaintiffs
ClearCorrect Operating, LLC
ClearCorrect Holdings, Inc.*

*Attorneys Counterclaim-Plaintiff
Straumann USA LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ Melissa R. Smith*
Melissa R. Smith