# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **ALIGN TECHNOLOGY, INC.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL NO. W-24-CV-00187-ADA-DTG |
| § | |
| **CLEARCORRECT OPERATING,** § | |
| **LLC, CLEARCORRECT HOLDINGS,** § | |
| **INC., INSTITUT STRAUMANN AG,** § | |
| § | |
| **Defendants.** | |

## ORDER ON DISCOVERY DISPUTE

Three days before the deadline to serve its opening claim construction brief, Defendant submitted a discovery dispute chart, which is attached as Exhibit 1 to this Order. *See* ECF No. 71 (Scheduling Order). Because of the extremely high volume of claims Plaintiff has asserted, Defendant requests that either Plaintiff be ordered to cut the number of asserted claims drastically or that the parties be allowed to "brief 8 disputed terms for construction, in addition to the proposed [22] means-plus-function issues." Defendant also requests a hearing and that its opening brief deadline be moved to three days after the Court issues an order on the dispute.

Because Defendant raised this issue with the Court three days before its opening claim construction brief is due, Defendant's request for a hearing is **DENIED**. The parties were required to exchange claim terms on October 3, 2024, exchange proposed constructions on October 10, 2024, and exchange extrinsic evidence on October 17, 2024. *See* ECF No. 71. Defendant had ample opportunity to raise this issue in advance of its briefing deadline.

The Court is sympathetic, however, to the volume of patents and claims being asserted. As such, the Court will permit the parties to brief up to eighteen (18) terms with page limits as stated in the January 23, 2024, Standing Order Governing Proceedings (OGP) 4.4–Patent Cases.

Further, in light of footnote 1 in the chart, the Court reminds the parties that the Scheduling Order requires that Defendant's opening claim construction brief include "any arguments that any claim terms are indefinite." *Id*. at 3.

SIGNED this 29th day of October, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

| Issue | ClearCorrect's Position | Align's Position |
|---|---|---|
| Whether there should be modifications to the presumed limit on the number of terms for construction. | Despite asserting *179* claims across *nine* patents, Align has not agreed to *any* proposed enlargement of the Court's default limit on the number of claim terms. ClearCorrect has already significantly narrowed its proposed terms.[1] In view of the current October 31 opening *Markman* brief deadline, ClearCorrect can no longer wait for Align.<br><br>Align should reduce to no more than 75 asserted claims by October 29. Align could undoubtedly shrink the number of terms-at-issue by narrowing its case, particularly where many terms appear in just a handful of asserted claims; Align's argument here that *14* terms appear in just *two* claims of *one* asserted patent confirms this. Courts require pre-*Markman* claim narrowing for this reason. *See* Rule 26(f) Report, Dkt. 59, 19-20 (ClearCorrect collecting cases).<br><br>Align has refused to meaningfully narrow its case, dropping only 4 of 183 claims to date. And although the Court previously declined to order narrowing, this dispute confirms that such limits are necessary now. Align has not identified any specific discovery it needs to narrow, nor could it: it has had months of discovery, including ClearCorrect's invalidity contentions and core technical production. Align should not be allowed *both* assert an unwieldy number of claims *and* refuse to adjust the default *Markman* limits.<br><br>To the extent the Court does not order Align to narrow its claims now, ClearCorrect requests that the Court authorize the parties to brief 8 disputed | The Court rejected ClearCorrect's prior request to force case narrowing, and the Court's rules already reflect enlarged briefing. OGP, 7-8 (for 5+ patents, allowing 12 terms).<br><br>Seeking reconsideration, ClearCorrect again requests early narrowing. Alternatively, ClearCorrect seeks to broaden the terms for construction by *250%* and delay its opening brief. The Court should deny both requests.<br><br>**Number of Terms.** ClearCorrect contends 22 terms are indefinite. With its "8 disputed terms," ClearCorrect seeks leave to brief *30 terms.*<br><br>Blaming Align, ClearCorrect argues that *Align* "could undoubtably shrink the number of terms" that *ClearCorrect proposed*. The Court has rejected arguments exactly like ClearCorrect's.<br><br>In *SitePro, Inc. v. WaterBridge Res., LLC*, the defendant sought leave to brief extra terms via a dispute chart and, when that failed, briefed them anyway. No. 23-cv-115-ADA-DTG, 2023 WL 10366528, at *1 (W.D. Tex. Nov. 21, 2023). It then argued that Section 112(f) justified briefing 20 means-plus-function terms. *Id.*, ECF No. 60 at 2-4. Deeming those arguments "inadequate," the Court limited construction to 15 terms. *Id.*, 2023 WL 10366528, at *1–2. As in *SitePro*, ClearCorrect is not entitled to brief every conceivable issue.<br><br>*Kemco* does not help ClearCorrect. *Kemco* dealt with how—not when—to construe a 112(f) term. It is "well es- |

3

terms, in addition to proposed means-plus-function terms.

***First***, the number of terms ClearCorrect proposes is reasonable:

- 22 are means-plus-function terms subject to § 112 ¶ 6 that Align does not dispute the Court "***must construe***." *Kemco Sales v. Control Papers*, 208 F.3d 1352, 1360 (Fed. Cir. 2000); 35 U.S.C. §112(f) ("***shall*** construe").
- Of the only 8 remaining disputed terms, 4 recite particular treatment "pattern[s]" and raise virtually identical *Markman* issues.

*SitePro* does not help Align because: (1) the defendant "did not seek leave of Court to" exceed the presumed limits before submitting its brief (ClearCorrect has); nonetheless (2) the Court ***granted*** "an expansion of the presumptive limit on terms" given the number of asserted patents/claims (fewer than here). 2023 WL 10366528, at *1-2. *Eon*, an out-of-district case, is similarly unhelpful to Align where the court ***addressed*** the disputed "means" terms. 62 F. Supp. 3d at 948-50.

***Second***, Align's categorical rejection of ***any*** potential expansion of the presumed limit is inconsistent with the OGP, which contemplates: "the Court [may] grant[] leave for additional terms to be construed" beyond the presumptive limit. OGP(v.4.4), 7, 14. Such modifications are appropriate here.

**Requested Relief.** Order that "Align shall narrow the number of asserted claims to no more than 75 by no later than October 29." Alternatively, Order that "the parties are granted leave to

tablished" that courts may "limit[] the number of terms they construe at any one pretrial proceeding." *Eon CorpIP Holdings LLC v. Aruba Networks Inc*, 62 F. Supp. 3d 942, 953 (N.D. Cal. 2014) (construing "six terms" parties identified as "likely to be most significant to resolving the parties' dispute").

ClearCorrect's request is prejudicial. Even if its arguments overlap, that does not justify briefing 2.5x the default number. ClearCorrect is wrong that Align "categorical[ly] rejected any potential expansion of the presumed limit." After ClearCorrect disclosed 55 terms, Align suggested it *might* brief up to 18—*if* ClearCorrect narrowed its terms to 18 before the claim construction exchange. ClearCorrect declined.

**Early Claim Narrowing**. The scheduling order sets two claim narrowing dates. ECF No. 71 at 4. Those dates account for many inputs into that decision—the *Markman* order, final contentions, and fulsome discovery. To modify those dates, ClearCorrect must show good cause. FRCP 16(b)(4). Neither its earlier nor its latest request does so. (ECF No. 71 at 4.)

ClearCorrect's argument—that Align's asserted claims are excessive—fails. 13 claims, including their parent claims, contain ***all*** of ClearCorrect's proposed terms. To illustrate, ClearCorrect proposes 14 terms from '444 claims 18 and 20 (inclusive of their parent claims). Even if Align reduced its claims to 75, all disputed terms would remain. It is the number of ClearCorrect's terms that is excessive, not Align's asserted claims.

ClearCorrect misleadingly claims

4

| | | |
|---|---|---|
| | brief 8 disputed terms for construction, in addition to the proposed means-plus-function issues. ClearCorrect's opening *Markman* brief shall be filed three business days after the Court's Order." | Align has had "months of discovery." The parties dispute whether ClearCorrect's technical production is sufficient. Apart from scheduling order-mandated productions, ClearCorrect has *yet to produce a single document*. |
| | [1] Given the Court's presumptive limits at the *Markman* phase and Align's general unwillingness to agree to address additional terms at this time, ClearCorrect has agreed to defer and not to address at this time its arguments that certain terms of the Material Patents are indefinite. To be clear, ClearCorrect is not withdrawing those indefiniteness positions, and reserves the right to raise those issues at the appropriate time as the case proceeds. | Further, ClearCorrect states it "has agreed to defer" other indefiniteness arguments. Align does not agree that ClearCorrect may argue indefiniteness later. Nor does Align agree to ClearCorrect's last-minute request to extend the briefing schedule.<br><br>**Requested Relief.** Deny ClearCorrect's requested relief and order "ClearCorrect must immediately disclose to Align what 12 terms ClearCorrect will brief." |