# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | Case No. 6:24-cv-00187-ADA-DTG |
| Plaintiff, | PATENT CASE |
| v. | **JURY TRIAL DEMANDED** |
| CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG, | |
| Defendants. | |
| CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| ALIGN TECHNOLOGY, INC., | |
| Counterclaim-Defendant. | |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT ALIGN TECHNOLOGY'S
<u>REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE</u>**

Plaintiff/Counterclaim-Defendant, Align Technology, Inc. ("Align"), respectfully requests that the Court take judicial notice of Exhibits 1-13 submitted in connection with Align's Motion to Dismiss Defendants'/Counterclaim-Plaintiffs', ClearCorrect Operating, LLC, ClearCorrect Holdings, Inc., and Straumann USA, LLC (collectively "Straumann"), Counterclaims. ECF Nos. 96, 97. Each Exhibit is a judicially noticeable public record. Further, Straumann's selective incorporation of these sources throughout its Counterclaims highlights both the propriety and relevance of considering Exhibits 1-13 at the motion to dismiss stage. Align therefore asks the Court to GRANT Align's Request for Judicial Notice. ECF No. 97.

**I.     Exhibits 1-2 and 12 are Judicially Noticeable Court Orders and Public Records.**

Exhibits 1 and 2 (court orders in related cases) are the appropriate subject of judicial notice because their authenticity cannot reasonably be disputed and they are from a source that cannot reasonably be questioned—public records of other federal courts. "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Dolly Varden Mgmt., Inc. v. City of Universal City*, No. 5:21-CV-00001-DAE, 2021 WL 11670026, at *3 (W.D. Tex. Sept. 29, 2021). Courts extend this principle to filings and orders in other actions, particularly where those actions are related or involve similar issues. *See Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 688 (S.D. Tex. 2014), *aff'd*, 582 F. App'x 279 (5th Cir. 2014). This Court has also taken judicial notice of discovery responses in related actions like Exhibit 12. *See Asure Software, Inc. v. Meeting Maker Holding B.V.*, No. A-13-CA-051-SS, 2013 WL 12182047, at *2 (W.D. Tex. June 20, 2013).

Straumann's argument that Align relies on disputed facts within Exhibits 1-2 and 12 lacks merit. ECF No. 112 at 1-2. Align cites these documents in its Motion to Dismiss as necessary background information underlying this case, including prior proceedings between the parties. They highlight Align's unique history with enforcing clear aligner patents against infringers like

1

(and including) Straumann while also refuting anticompetitive claims lodged against it based on similar theories as Straumann's Counterclaims. Straumann cannot reasonably challenge the authenticity of these courts' prior decisions to rule in Align's favor on similar issues merely because Straumann may dispute the facts underlying those decisions.

Further, specific to Exhibit 1, "[j]udicial notice may be appropriate at the motion to dismiss stage when the judicially noticed facts render a plaintiff's factual allegations implausible." *Malheur Forest Fairness Coal. v. Iron Triangle, LLC*, 699 F. Supp. 3d 1086, 1103 (D. Or. 2023); *see also*, *Garcia v. Greenland LA Metropolis Hotel Dev. LLC*, No. 2:20-cv-10603-FLA (AGRx), 2021 WL 11586056, at *3 (C.D. Cal. Dec. 20, 2021). This Court has accordingly considered "documents subject to judicial notice, such as court records," in assessing "whether a plaintiff's claims are time-barred" under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred." *Sutton Place 1 Townhouse v. AmGuard Ins. Co.*, 668 F. Supp. 3d 684, 689 (W.D. Tex. 2023). Straumann repeatedly cites Align's decision to terminate its interoperability agreement with 3Shape in 2017 as evidence of Align's supposed "monopolistic scheme" and exclusive dealing. ECF No. 56 ¶ 71.[1] Exhibit 1 confirms the existence of litigation that already assessed that conduct. The document's existence itself demonstrates that Straumann could have raised similar claims well before being faced with yet another patent infringement lawsuit and that its failure to do so within the four-year statute of limitations period renders Straumann's antitrust claims time-barred. The Court should, therefore, take judicial notice of Exhibits 1-2 and 12.

II. **Exhibits 3-11 and 13 are Judicially Noticeable Public Records.**

The Court should also consider Exhibits 3-11 and 13 submitted in connection with Align's

---

[1] For clarity, Align's citations to specific paragraph numbers within ECF No. 56 refer to the numbered paragraphs in Straumann's Counterclaims rather than its Answer.

Motion to Dismiss because these documents are authentic public records. Straumann relies on non-binding authority from other federal districts to assert that courts "routinely" decline to take judicial notice of press releases and webpages. ECF No. 112 at 7. But federal courts in *Texas* regularly take "judicial notice of publicly available information on a company's official website" in ruling on motions to dismiss, including press releases. *Columbare v. Sw. Airlines, Co.*, No. 3:21-CV-297-B-BK, 2023 WL 406439, at *4 (N.D. Tex. Jan. 10, 2023) (collecting cases). Courts also take notice of relevant public records whose authenticity is not reasonably challenged, even if a party may "dispute" the "inferences drawn from the exhibits." *HCL Techs. Ltd. v. Atos S.E.*, No. 3:23-CV-868-L, 2024 WL 1076821, at *3-4 (N.D. Tex. Jan. 31, 2024), *report and recommendation adopted*, No. 3:23-CV-868-L, 2024 WL 1094697 (N.D. Tex. Mar. 12, 2024).

Exhibits 3-11 and 13 are authentic public records offered for permissible purposes. Exhibits 3 and 7 are Align press releases cited as background for Align's related patent infringement claims. Exhibits 4-6 and 10 are public webpages cited as background in response to Straumann's explanation of doctors' ability to submit iTero scans, whereas Exhibits 8 and 9 provide further background information on scanner bundle programs as described in Straumann's Counterclaims. Exhibit 11 is a publicly available copy of Align's Financial Results Q4 and Year End 2016 presentation that both qualifies as a public record and supplements Straumann's allegations of illegal tying. Straumann cannot reasonably challenge the document's authenticity even if it may now dispute the "inferences drawn" from the document. *HCL Techs. Ltd.*, 2024 WL 1076821, at *3-4. Straumann's argument against judicial notice of Exhibit 11 is further undercut by Straumann's substantive reliance on Align's 2016 financial documents in its Counterclaims, including a transcript corresponding with Exhibit 11's contents. *See* ECF No. 56 ¶ 54, ¶ 125. Straumann's decision to rely on this information throughout its Counterclaims opens the door for

the Court to consider that information in rendering Straumann's "factual allegations implausible." *Malheur*, 699 F. Supp. 3d at 1103. Exhibit 13 likewise provides valuable background information relevant to Straumann's substantial foreclosure allegations in light of Straumann's own reliance on ADA studies. *See* ECF No. 56 ¶ 56, ¶ 74. The Court should, therefore, take judicial notice of Exhibits 3-11 and 13 as public records.

**III.    Judicial Notice is Proper Because Straumann Incorporates These Sources by Reference Throughout its Counterclaims.**

Exhibits 1-13 are judicially noticeable public records. Moreover, Straumann's assertion that these documents are irrelevant is undercut by Straumann's mass reliance on these sources in support of its own Counterclaims. In turn, Straumann's dependence on these sources in support of its Counterclaims provides the Court with another ground to take judicial notice of Exhibits 1-13. "The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference." *DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Tr. Co.*, 958 F. Supp. 2d 738, 744 (W.D. Tex. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). In doing so, the Court "need not accept as true factual assertions that are contradicted . . . by documents upon which the pleadings rely, or by facts of which the court may take judicial notice." *Wheeler v. City of Middletown*, No. 16 CV 8857 (VB), 2021 WL 2206490, at *3 (S.D.N.Y. June 1, 2021); *see also*, *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55-56 (1st Cir. 2012). "Consequently, when the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading." *Harmon v. Hilton Grp.*, No. C-11-03677 JCS, 2011 WL 5914004, at *6 (N.D. Cal. Nov. 28, 2011) (citation and quotation marks omitted).

Regarding Exhibits 1 and 2, Straumann's Counterclaims are replete with incorporations by reference to prior litigation that Align engaged in, both involving Straumann and not. *See, e.g.*

ECF No. 56 ¶¶ 54-55, ¶ 88, ¶ 123, ¶ 138, ¶ 174. Straumann even cites some of the exact same proceedings in support of its Opposition to Align's Motion to Dismiss. *See* ECF No. 115 at 1-2. Regarding Exhibits 3-11, Straumann consistently tries to bolster its implausible allegations with the contents of Align press releases along with Align, ClearCorrect, and third-party webpages. *See* ECF No. 56 ¶ 65, ¶ 70, ¶ 81, ¶ 174, ¶ 187, ¶¶ 189-99, ¶ 262, ¶ 268, ¶ 296. Straumann also steadily cites Align's annual reports, executive officers' public statements, and public financial documents in support of its Counterclaims. *See* ECF No. 56 ¶ 2, ¶ 9, ¶¶ 16-18, ¶ 56, ¶ 65, ¶ 69, ¶ 77, ¶ 78, ¶¶ 82-83, ¶ 116, ¶ 125, ¶ 146, ¶¶ 152-53, ¶¶ 154-57, ¶¶ 157-59, ¶¶ 160-63, ¶ 166, ¶¶ 171-72, ¶ 182. Relevant to Exhibit 11 as noted above, Straumann even relies on the presentation transcript corresponding with that document. *See id.* ¶ 125.

Exhibits 12 and 13 are no exception. Align asks the Court to take judicial notice of Exhibit 12 as a public record relevant to assessing Align's Motion to Dismiss—just as Straumann urges the Court to consider testimony from other litigation in support of its Counterclaims. *See id.* ¶ 88. Straumann additionally relies on public information from the ADA in support of its Counterclaims, perhaps recognizing that courts often take judicial notice of such information just as Align seeks now. *See* ECF No. 56 ¶ 56, ¶ 74; *see also*, *Kennedy v. Equifax Info. Servs. LLC*, No. SA-23-CV-00470-FB, 2024 WL 332925, at *3 (W.D. Tex. Jan. 29, 2024). Taking judicial notice of Exhibits 1-13 is thus not only proper as a matter of public record, but Straumann has also invited the Court to do so while simultaneously undercutting its own objections. Align accordingly asks that the Court GRANT Align's Request for Judicial Notice.

**IV.     Conclusion**

For the foregoing reasons, Align respectfully requests that the Court GRANT Align's Request for Judicial Notice, ECF No. 97, and take judicial notice of Exhibits 1 through 13 submitted in connection with Align's Motion to Dismiss. A separate Proposed Order follows.

DATED: November 6, 2024                    *Respectfully submitted,*

By:  */s/ James M. Pearl*
James M. Pearl

James M. Pearl (*pro hac vice*)
Emma Farrow (*pro hac vice*)
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile:  (310) 620-5899
jamespearl@paulhastings.com
emmafarrow@paulhastings.com

Thomas A. Counts (*pro hac vice*)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
tomcounts@paulhastings.com

Michael F. Murray (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
michaelmurray@paulhastings.com

Adam M. Reich (*pro hac vice*)
PAUL HASTINGS LLP
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
adamreich@paulhastings.com

Brian C. Nash (TX Bar No. 24051103)
Austin M. Schnell (TX Bar No. 24095985)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, Texas 78701
Telephone: (512) 617-0650

Facsimile: (737) 910-0730
bnash@mofo.com
aschnell@mofo.com

Daralyn J. Durie (*pro hac vi*ce)
Rich S.J. Hung (*pro hac vi*ce)
Forrest McClellen (*pro hac vi*ce)
Ian Bennett (*pro hac vi*ce)
Jenny Xin (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
ddurie@mofo.com
rhung@mofo.com
fmcclellen@mofo.com
ibennett@mofo.com
jxin@mofo.com

Bradley S. Lui (*pro hac vi*ce)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
blui@mofo.com

Amanda A. Potter (*pro hac vice*)
Malavika M. Fitzgerald (*pro hac vi*ce)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
apotter@mofo.com
mfitzgerald@mofo.com

*Attorneys for Plaintiff and Counterclaim Defendant Align Technology, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 6, 2024.

          */s/ James M. Pearl*
          James M. Pearl