IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC.,<br>& INSTITUT STRAUMANN AG,<br><br>Defendants.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC.,<br>& STRAUMANN USA, LLC,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Counterclaim-Defendant. | Civil Action No. 6:24-cv-00187-ADA-DTG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND COUNTERCLAIM-PLAINTIFFS' OBJECTION TO OCTOBER 29, 2024 ORDER ON DISCOVERY DISPUTE [DKT. 120]**

Pursuant to Rule 4(a) of Appendix C of the Court's Local Rules, Defendants and Counterclaim-Plaintiffs ClearCorrect Holdings, Inc. and ClearCorrect Operating, LLC, and Defendant Institut Straumann AG (collectively, "ClearCorrect"), respectfully object to Magistrate Judge Gilliland's October 29, 2024 Order on Discovery Dispute (Dkt. 120, the "Order"), as ClearCorrect wishes to preserve its objection for any appeal.

On October 29, 2024, Judge Gilliland issued an Order denying ClearCorrect's request that the parties be allowed to "brief 8 disputed terms for construction, in addition to the proposed [22] means-plus-function issues." Dkt. 120 at 1. As explained in the parties' discovery dispute submission related to ClearCorrect's request, there are 22 means-plus-function terms that ClearCorrect contends are indefinite. *Id.* at Ex. 1. The Order, however, permitted the parties "to brief up to eighteen (18) terms"—fewer than the 30 terms ClearCorrect requested and fewer than the number of terms that ClearCorrect contends are indefinite. *Id.* at 1. The Order also "remind[ed] the parties that the Scheduling Order requires that Defendant's opening claim construction brief include 'any arguments that any claim terms are indefinite.'" *Id.* at 2. In accordance with Judge Gilliland's Order, ClearCorrect filed its opening claim construction brief on October 31, 2024 on 18 claim terms. Dkt. 121. ClearCorrect, however, respectfully objects to the 18-term limit imposed by the Order for the reasons described in its discovery dispute submission, and for the additional reasons explained below.

*First*, the Order effectively prevents ClearCorrect from raising all its indefiniteness positions at *Markman*. It is undisputed that, of the ***179*** currently asserted claims, there are 22 means-plus-function terms at issue, and ClearCorrect's position is that those terms are indefinite. The terms include, for example, "means for receiving an electronic representation of a desired final position for each respective dental object" ('444 patent, claim 15), and "means for determining the

1

distance each respective dental object will move to achieve its respective final position" ('444 patent, claim 16).[1] It is also undisputed that the Court must construe means-plus-function terms. Indeed, the Federal Circuit has directed that "[o]nce a court establishes that a means-plus-function limitation is at issue, ***it must construe that limitation***, thereby determining what the claimed function is and what structures disclosed in the written description correspond to the 'means' for performing that function." *Kemco Sales, Inc. v. Control Papers Co., Inc.*, 208 F.3d 1352, 1360 (Fed. Cir. 2000) (emphasis added); *see* Dkt. 120 at Ex. 1. Yet the Order limited the parties "eighteen (18) terms" at *Markman*, Dkt. 120 at 1, fewer than the number of terms that ClearCorrect contends are indefinite. ClearCorrect seeks to preserve its indefiniteness arguments, and therefore respectfully objects to the 18-term limit.

***Second***, the Order indicates that ClearCorrect's request was denied because—according to the Order—it could have been brought sooner. *Id.* ClearCorrect, however, was diligent in bringing the issue to the Court. For instance:

- ClearCorrect asked Plaintiff—on October 14, only two business days after receiving Plaintiff's proposed constructions, and 10 days before the Court's meet-and-confer

---

[1] The additional means-plus-function terms not included in ClearCorrect's October 31, 2024 opening claim construction brief are: "means for receiving an electronic representation of a desired final position for each respective dental object" ('444 patent, claim 15); "means for determining the distance each respective dental object will move to achieve its respective final position" ('444 patent, claim 16); "means for dividing the total distance for each dental object by its respective maximum speed to determine a number of movement stages for each dental object" ('444 patent, claim 20); "means for determining a number of non-movement stages for each respective dental object" ('444 patent, claim 20); "means for adding the number of movement stages to the number of non-movement stages for each dental object to determine a minimum number of stages for each respective dental object" ('444 patent, claim 20); "means for selecting the largest of the minimum number of stages" ('444 patent, claim 20); "means for ordering the movement of the dental objects in an all-equal pattern" ('444 patent, claim 21); "means for ordering the movement of the dental objects in an A-shaped pattern" ('444 patent, claim 23); "means for ordering the movement of the dental objects to form an M-shaped pattern" ('444 patent, claim 24); "means for ordering the movement of the dental objects in a mid-line shift pattern" ('444 patent, claim 25); "means for staggering the movement of at least two dental objects" ('444 patent, claim 26); and "means for slowing the movement of at least one dental object" ('444 patent, claim 28).

deadline, Dkt. 71 at 2-3—for their availability to confer on *Markman* issues.

- ClearCorrect sent its draft discovery dispute chart to Plaintiff on October 18, only one day after the parties' meet-and-confer.

- Thereafter, ClearCorrect continued to confer with Plaintiff to try to reach agreement and/or narrow the issues. Plaintiff, however, rejected any proposed enlargement of the Court's default limit on the number of claim terms.

- ClearCorrect promptly sent its request to the Court on October 28, within hours after receiving Plaintiff's final edits to the discovery dispute chart.

- Over the course of the parties' negotiations, ClearCorrect narrowed significantly from 53 terms to 30 for potential briefing.

The timing of ClearCorrect's request therefore respectfully did not support its denial.

For the foregoing reasons, and as set forth in ClearCorrect's discovery dispute submission, ClearCorrect respectfully objects to Judge Gilliland's Order denying ClearCorrect's request that the parties be allowed to "brief 8 disputed terms for construction, in addition to the proposed [22] means-plus-function issues."

Dated: November 12, 2024                     Respectfully submitted,

                                              */s/ Marissa A. Lalli*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903)934-8450
Fax: (903)934-9257

James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM AND SMITH, LLP
102 N. College, Suite 800
Tyler, TX 75702
(903) 934-8450
Fax: (903)934-9257

Joseph J. Mueller
Vinita Ferrera
Mark A. Ford
Marissa A. Lalli
Harry D. Hanson
Holly A. Ovington
Tyler L. Shearer
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
joseph.mueller@wilmerhale.com
vinita.ferrera@wilmerhale.com
mark.ford@wilmerhale.com
marissa.lalli@wilmerhale.com
harry.hanson@wilmerhale.com
holly.ovington@wilmerhale.com
tyler.shearer@wilmerhale.com

Omar A. Khan
WILMER CUTLER PICKERING

   HALE AND DORR LLP  
250 Greenwich Street  
New York, NY 10007  
(212) 230-8800  
omar.khan@wilmerhale.com  

R. Gregory Israelsen  
Jonathan P. Knight  
Gerard A. Salvatore  
Robert B. Stiller  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
2100 Pennsylvania Avenue, NW  
Washington, DC 20037  
(202) 663-6000  
greg.israelsen@wilmerhale.com  
jonathan.knight@wilmerhale.com  
jerry.salvatore@wilmerhale.com  
robert.stiller@wilmerhale.com  

Hannah Santasawatkul  
Texas State Bar No. 24107617  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
1225 17th Street, Suite 2600  
Denver, Colorado 80202  
(720) 274-3135  
hannah.santasawatkul@wilmerhale.com  

*Attorneys for Defendants and Counterclaim-Plaintiffs ClearCorrect Operating, LLC ClearCorrect Holdings, Inc.*

*Attorneys for Defendant Institut Straumann AG*

*Attorneys for Counterclaim Plaintiff Straumann USA LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served on all counsel of record via electronic mail on November 12, 2024.

*/s/ Melissa R. Smith*
Melissa R. Smith