UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,<br><br>    Defendants.<br><br>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>    Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG<br><br>PATENT CASE<br><br>**JURY TRIAL DEMANDED** |

### ORDER ON OCT. 25, 2024 DISCOVERY DISPUTE

Before the Court is Plaintiff and Counterclaim-Defendant Align Technology, Inc.'s ("Align") October 25, 2024, dispute chart (**Exhibit 1**) seeking an order compelling Defendants and/or Counterclaim-Plaintiffs ClearCorrect Operating, LLC, ClearCorrect Holdings, Inc., Straumann USA, LLC, and Institut Straumann AG (collectively, "ClearCorrect") to produce all documents responsive to Align's Request for Production No. 23 from *SoftSmile Inc. v. Institut Straumann AG et al.*, No. 22-cv-1189 (D. Del.) and a related arbitration ("*SoftSmile* actions").

Having considered the parties' positions, the Court **DENIES** Align's request. The Court **ORDERS** ClearCorrect to produce, by November 22, 2024, all documents produced by

ClearCorrect in the *SoftSmile* actions that are responsive to Align's discovery requests in this case other than Align's Request for Production No. 23.

The Court further **ORDERS** the parties to meet and confer regarding whether briefing, supporting exhibits, responses to discovery requests, declarations, testimony, expert reports, and other documents served or filed in the *SoftSmile* actions should be produced. If the parties cannot reach an agreement regarding those materials, Align may seek further relief from the Court.

SIGNED this 13th day of November, 2024.

                                                DEREK T. GILLILAND
                                                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

| Issue | Align's Position | ClearCorrect's Position |
|---|---|---|
| **Align RFP 23:**<br><br>All briefing, supporting exhibits, responses to discovery requests, declarations, testimony, expert reports, and other documents that You produced, served, or filed in *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv-01189 (D. Del.), *Zircore, LLC v. Institut Straumann AG et al.*, No. 15-cv-01557 (E.D. Tex.), *Bay Materials, LLC v. 3M Company*, No. 21-cv-01610 (D. Del.) and any related mediation, arbitration, or *inter partes* review proceedings that refer or relate to Align, the Accused Products, the Align Products, or the Asserted Patents. | At ClearCorrect's insistence, Align agreed to re-produce hundreds of thousands of documents from its prior lawsuits with third parties. ClearCorrect refuses to reciprocate.<br><br>ClearCorrect withholds documents from *SoftSmile, Inc. v. Institut Straumann AG*, No. 22-cv-1189 (D. Del.) ("*SoftSmile*") and a related arbitration. Align sought the same documents in a subpoena to third-party SoftSmile, which ClearCorrect (not SoftSmile) moved to quash. ECF Nos. 78, 92, 105; No. 24-mc-00487 (W.D. Tex.). In its multiple motions opposing that subpoena, ClearCorrect claimed it "ha[d] not refused to produce [those] documents." ECF No. 105 at 2. Yet it does exactly that.<br><br>The documents sought are relevant. SoftSmile built software for ClearCorrect. After a falling out, SoftSmile sued ClearCorrect for trade secret misappropriation. *SoftSmile*, ECF No. 30 at 1, 7-8. At issue was whether ClearCorrect could have "develop[ed] SoftSmile's [t]rade [s]ecrets independently." *Id.*, ECF No. 15 at 4.<br><br>Here, Align accuses ClearCorrect's software—which SoftSmile apparently helped develop—of patent infringement. ECF No. 1, ¶¶ 153-230. Documents from the *SoftSmile* actions will likely show how ClearCorrect built that software, including whether it copied Align's. *See also* ECF No. 92 at 1-2, 5-7. Such evidence of copying is relevant to willfulness, non-obviousness, and enhanced damages.<br><br>The documents sought also will likely show the involvement of a | Straumann is involved in an arbitration with SoftSmile regarding a contract dispute and the alleged misappropriation of SoftSmile trade secrets. That arbitration does not involve any claim of patent infringement, let alone infringement of Align's patents-in-suit. There is no overlap in the claims asserted in that case and the claims asserted here.<br><br>Align has the burden of demonstrating relevance, but offers only speculation. Without any knowledge of the details of SoftSmile's work, or of the asserted trade secrets, Align leaps from the fact that SoftSmile "built software for ClearCorrect" to the baseless supposition that those arbitration materials show how ClearCorrect developed the *accused technology* at issue in this case and "whether [ClearCorrect] copied Align." For support, Align cites language in SoftSmile's redacted PI motion that does not mention ClearCorrect at all. Align should not be permitted to rummage through confidential and irrelevant technical materials of an emerging competitor based on purely unsubstantiated conjecture.<br><br>Align claims it focused the request by seeking only *SoftSmile* arbitration materials that "refer or relate to Align, the Accused Products, [or] the Align Products," but this is far beyond the scope of what is relevant in this case about the alleged infringement of specific patents by specific features in ClearCorrect's products. As to what is relevant here, |

3

former Align employee, Artem Borovinskikh, in building the accused software. In 2020, ClearCorrect hired Mr. Borovinskikh. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 78 at 2. ClearCorrect launched eight versions of the accused software under his watch, and he presently serves as its "Global Head of Orthodontic Software." ECF No. 92 at 2. Evidence of Mr. Borovinskikh's involvement is further relevant to copying.

The documents sought are also relevant because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 78 at 2. Discovery is necessary to understand what, if anything, he said and opined regarding ClearCorrect's software development history.

Align's Request is proportional to the needs of this case. Apart from this RFP and its subpoena to SoftSmile, which ClearCorrect has obstructed, Align has no way to obtain the requested briefing, supporting exhibits, responses to discovery requests, declarations, testimony, and expert reports. And other than those materials, only a moderate number of documents is at issue. ECF No. 78 at 1 (ClearCorrect: "thousands"). Reproducing these materials—which SoftSmile stands ready to produce despite its objections and pending a meet-and-confer regarding scope, breadth, and relevance—should not unduly burden ClearCorrect.

Align expects ClearCorrect to counter that "cloned discovery" (*i.e.,* the wholesale reproduction of documents from other cases) is

ClearCorrect has already agreed to produce core technical documents, documents sufficient to show the conception, development, and operation of the accused features (including ClearCorrect's treatment planning software), documents relating to prior art relating to the asserted patents, and non-privileged documents relating to ClearCorrect's knowledge of those patents and ClearCorrect's purported knowledge of alleged infringement of those patents. Further, Align has two broad RFPs targeted to documents relating to Mr. Borovinskikh, the scope of which the parties are negotiating.

Align's claim that ClearCorrect has refused to produce *any* materials from the *SoftSmile* arbitration is false. It is Align that has repeatedly refused to "identify with specificity the documents that it is seeking with [RFP 23], and that ClearCorrect has not otherwise agreed to produce in response to other RFPs." 10/10/2024 Letter. Indeed, Align rejected ClearCorrect's request to further meet and confer before raising this dispute. Despite this, ClearCorrect has offered to search the underlying company documents it produced in the *SoftSmile* arbitration for documents that are responsive to Align's other requests in this case. Align rejected this offer, showing this for the fishing expedition it is.

Finally, Align draws a false equivalency between its request here and its own agreement to reproduce documents it produced in prior antitrust cases. Those cases also involved Align's alleged monopolization of the

4

| | disfavored.  But Align has not requested every document from the *SoftSmile* action.  It seeks documents relating to Align, the accused products, Align's practicing products, and Align's asserted patents.  Regardless, the issue is not whether documents were produced in another case, but whether they are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26.  Here, the documents sought are both. **Relief:** Order that "ClearCorrect must produce all briefing, supporting exhibits, responses to discovery requests, declarations, testimony, expert reports, and other documents that it produced, served, or filed in *SoftSmile, Inc. v. Institut Straumann AG et al.*, No. 22-cv-01189 (D. Del.) and any related mediation, arbitration, or *inter partes* review proceedings that refer or relate to Align, the Accused Products, the Align Products, or the Asserted Patents within 7 days." | same markets at issue in this case.  And, although ClearCorrect's claims are much more expansive with respect to the anticompetitive tactics alleged, including additional conduct intended to impair competition from competing clear aligner companies, there's no serious question that the discovery in those earlier, narrower antitrust cases is relevant.  Align does not dispute that, has agreed to reproduce those, and in fact has already cited many of them in its interrogatory responses. **Relief:** Order that "Align's request regarding Request For Production 23 is denied" and "ClearCorrect's compromise proposal, *i.e.* to review the company documents produced in the SoftSmile arbitration that are responsive to the other discovery requests in this case is adopted." |
|---|---|---|

5