UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG, <br><br> Defendants. <br><br><br> CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC, <br><br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> ALIGN TECHNOLOGY, INC., <br><br> Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG <br><br> PATENT CASE <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO
OCTOBER 29, 2024 ORDER ON DISCOVERY DISPUTE [ECF NO. 127]**

I.     INTRODUCTION

This Court's Order Governing Proceedings 4.4—Patent Cases ("OGP") sets presumptive limits on the claim terms each party may present to the Court. For cases with more than five patents such as this one, each party may brief up to 12 terms without leave. *See* OGP, Section IX.

Three days before its opening claim construction brief was due, ClearCorrect[1] sought leave to brief 30 terms, which is 250% of the presumptive limit. ECF No. 120 ("order") at 1. Judge Gilliland allowed it to brief up to 18 terms, or 150% the presumptive limit. *Id.* ClearCorrect filed its opening claim construction brief on October 31, 2024, briefing all 18 terms. ECF No. 121.

Roughly two weeks later, ClearCorrect objected to and appealed Judge Gilliland's order. ECF No. 127. The Court should not grant any relief in response to the objection because ClearCorrect requests none. *Id.* Additionally, as set forth below, the objection lacks merit.

II.    ARGUMENT

A.     **Judge Gilliland correctly limited ClearCorrect to 18 terms**

Overturning Judge Gilliland's order would require this Court to find it "clearly erroneous or … contrary to law." Fed. R. Civ. P. 72(a). Judge Gilliland's order was neither.

Judge Gilliland's order limiting ClearCorrect to 18 terms correctly mirrored this Court's approach to nearly identical disputes. In *SitePro, Inc. v. WaterBridge Res., LLC*, for example, a defendant sought to brief 44 claim terms, including 20 means-plus-function terms. *See* No. 23-cv-115-ADA-DTG, 2023 WL 10366528 at *2-4 (W.D. Tex. Nov. 12, 2023). Judge Gilliland limited the defendant to 15 terms, and this Court overruled the defendant's objection to that order. *Id.* at *1-2; *id.* at ECF No. 71 at 1-2 (W.D. Tex. Dec. 28, 2023) (overruling objection).

---

[1] "ClearCorrect" refers collectively to Defendants and/or Counterclaim-Plaintiffs ClearCorrect Holdings, Inc., ClearCorrect Operating, LLC, Straumann USA LLC, and Defendant Institut Straumann AG. "Align" refers to Plaintiff and Counterclaim-defendant Align Technology, Inc.

1

ClearCorrect's position that the Court must construe every term for which ClearCorrect can contrive an indefiniteness argument is wrong. *See* ECF No. 127 at 1-2. Courts may "limit[] the number of terms they construe at any one pretrial proceeding." *Eon CorpIP Holdings LLC v. Aruba Networks Inc*, 62 F. Supp. 3d 942, 953 (N.D. Cal. 2014) (construing "six terms" identified as "likely to be most significant to resolving the parties' dispute"); *see also Sunbeam Products, Inc. v. Homedics, Inc.*, 2008 WL 5423204 (W.D. Wis. Dec. 30, 2008) ("merely identifying a claim term as a 'mean-plus function' term does not require a court to construe the term"). ClearCorrect's reliance on *Kemco Sales v. Control Papers*, 208 F.3d 1352, 1360 (Fed. Cir. 2000) is misplaced, as *Kemco* dealt with how—not when—to construe a 112(f) term.

**B. ClearCorrect waited too long to seek briefing on additional claim terms**

ClearCorrect's claim of diligence is plainly false. ClearCorrect does not and cannot dispute that it first sought leave to brief extra claim terms *three days* before its opening claim construction brief deadline. ECF No. 120 at 1. But ClearCorrect long knew that it wanted to exceed the 12-term limit. In its September 26, 2024, invalidity contentions (a month before its opening brief deadline), ClearCorrect alleged that 24 means-plus-function terms in Align's '444 patent were indefinite. On October 3, 2024 (a week later), ClearCorrect disclosed 53 proposed terms for construction. ClearCorrect does not and cannot explain why it waited so long to seek relief.

ClearCorrect also wrongly implies that Align delayed submission of the parties' dispute chart. ECF No. 127 at 3. In fact, ClearCorrect caused any delay by repeatedly revising its position:

- On October 18, 2024, ClearCorrect served its portion of the dispute chart on Align.
- On October 23, 2024, three business days after receiving ClearCorrect's portion, Align returned its portion of the dispute chart to ClearCorrect. ClearCorrect could have, but did not, submit this version of the dispute chart to Judge Gilliland.

2

- On October 25, 2024, ClearCorrect sent Align a revised dispute chart.

- On October 28, 2024, one business day after ClearCorrect sent Align its edits, Align returned responsive edits. The same day, ClearCorrect made additional edits to the dispute chart, Align reciprocated, and ClearCorrect submitted the chart to chambers.

- On October 29, 2024, less than 24 hours after ClearCorrect submitted the dispute chart, Judge Gilliland issued a written order resolving the parties' dispute. ECF No. 120.

As the actual timeline makes clear, it was ClearCorrect that was not diligent, not Align.

### III.   CONCLUSION

Judge Gilliland's Order is neither clearly erroneous nor contrary to law, and ClearCorrect does not request specific relief. The Court should therefore deny ClearCorrect's objections.

Dated: November 25, 2024    MORRISON & FOERSTER LLP,

By: */s/ Rich S.J. Hung*

Brian C. Nash (TX Bar No. 24051103)
Austin M. Schnell (TX Bar No. 24095985)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel: (512) 617-0650
Fax: (737) 910-0730
bnash@mofo.com
aschnell@mofo.com

Daralyn J. Durie (*pro hac vice*)
Rich S.J. Hung (*pro hac vice*)
Forrest M. McClellen (*pro hac vice*)
Ian Bennett (*pro hac vice*)
Jenny Xin (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522
ddurie@mofo.com
rhung@mofo.com
fmcclellen@mofo.com
ibennett@mofo.com
jxin@mofo.com

Bradley S. Lui (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-1500
Fax: (202) 887-0763
blui@mofo.com

Amanda A. Potter (*pro hac vice*)
Malavika M. Fitzgerald (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000
Fax: (212) 468-7900
apotter@mofo.com
mfitzgerald@mofo.com

James M. Pearl (pro hac vice)
Emma Farrow (pro hac vice)
Taylor E. Farias (pro hac vice)
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899
jamespearl@paulhastings.com
emmafarrow@paulhastings.com
taylorfarias@paulhastings.com

Thomas A. Counts (pro hac vice)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
tomcounts@paulhastings.com

Michael F. Murray (pro hac vice)
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
michaelmurray@paulhastings.com

Adam M. Reich (pro hac vice)
PAUL HASTINGS LLP
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
adamreich@paulhastings.com

*Attorneys for Plaintiff*
*ALIGN TECHNOLOGY, INC.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ Rich S.J. Hung*
Rich S.J. Hung
