# EXHIBIT W

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

CLEARCORRECT OPERATING, LLC

Petitioner,

v.

ALIGN TECHNOLOGY, INC.

Patent Owner.

———————

Case IPR2017-01829

U.S. Patent No. 8,038,444

———————

PETITION FOR *INTER PARTES* REVIEW OF

U.S. PATENT NO. 8,038,444

UNDER 35 U.S.C. § 312 AND 37 C.F.R. § 42.104

CC_ALGN_00008154

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1
II. MANDATORY NOTICES ...........................................................................................2
    A. Real Party-In-Interest ..........................................................................................2
    B. Related Matters....................................................................................................2
    C. Lead and Back-Up Counsel.................................................................................2
    D. Service Information .............................................................................................3
III. PAYMENT OF FEES ..................................................................................................3
IV. REQUIREMENTS FOR *INTER PARTES* REVIEW...................................................3
    A. Grounds for Standing ..........................................................................................4
    B. Claims For Which Review is Requested and Statutory Grounds .........4
V. FACTUAL BACKGROUND ......................................................................................6
    A. Level of Skill in the Art.......................................................................................6
    B. Background .........................................................................................................6
    C. Overview of the '444 Patent................................................................................9
    D. The Prosecution History of the '444 Patent ......................................................13
VI. CLAIM CONSTRUCTION.......................................................................................14
    A. "Staging the movement of a plurality of dental objects"...................15
    B. "Staggering" ..................................................................................................16
    C. "Round-tripping"...........................................................................................17
    D. "Through at least one of staggering and round-tripping of at least one dental object"................................................................................................18
    E. "means for"....................................................................................................18

CC_ALGN_00008155

VII. GROUNDS OF UNPATENTABILITY SHOWING THAT PETITIONER HAS A REASONABLE LIKELIHOOD OF PREVAILING ................................................................................... 20

    A. Chishti '876 Renders Claims 1-42 Unpatentable Under 35 U.S.C. § 103(a) ................................................................................ 20

        1. Identification of Where Each Element of Claims 1-42 is Found in Chishti '876. ................................................................. 23

    B. Chishti '511 in view of Chishti '876 Renders Claims 1-42 Unpatentable Under 35 U.S.C. § 103(a) .......................................... 44

        1. Identification of Where Each Element of Claims 1-42 is Found in Chishti '511 in view of Chishti '876. ......................................... 47

VIII. CONCLUSION ................................................................................... 68

## VI. CLAIM CONSTRUCTION

In an IPR, a claim in an unexpired patent is given its broadest reasonable construction in light of the specification. 37 C.F.R. § 42.100(b); Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,766 (Aug. 14, 2012). In determining their scope, claim terms receive their ordinary and customary meaning as would be understood by a POSITA in the context of the entire disclosure. *In re Translogic Tech., Inc.*, 504 F.3d 1249, 1257 (Fed. Cir. 2007).

This Petition applies the broadest reasonable interpretation standard for claim terms, although this may be, and often is, different from a claim construction in district court. *See, e.g.*, *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1297 (Fed. Cir. 2007). Thus, the interpretations in this Petition, including where there is no express construction, do not necessarily reflect the claim constructions that Petitioner believes should be adopted by a district court under the standard set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).

In view of the above, claim interpretations submitted herein for the purpose of demonstrating a Reasonable Likelihood of Prevailing are neither binding upon litigants in any litigation, nor do such claim interpretations correspond to the construction of claims under the legal standards that are mandated to be used by the courts in litigation. The interpretation of the claims presented either implicitly or explicitly herein should not be viewed as constituting, in whole or in part,

CC_ALGN_00008174