# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **ALIGN TECHNOLOGY, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,**<br><br>Defendants.<br><br>**CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC,**<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>**ALIGN TECHNOLOGY, INC.,**<br><br>Counterclaim-Defendant. | Civil Action No. 6:24-cv-00187-ADA-DTG |

## Stipulated Protective Order

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). Based on the parties' submissions and the record in this matter, the court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

- to expedite the flow of information;

- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- to adequately protect information the parties are entitled to keep confidential;

- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- to address the handling of confidential materials at the end of the litigation; and

- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, it is ORDERED that the motion is granted, and the court ORDERS the following:

**A. Proceedings and Information Governed**

This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE," in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**B. Definitions**

1. "Party": any party to this action, including Plaintiff and Counterclaim-Defendant Align Technology, Inc. ("Align") and Defendants and/or Counterclaim-Plaintiffs ClearCorrect Operating, LLC, ClearCorrect Holdings, Inc., Institut Straumann AG, and Straumann USA, LLC (collectively, "ClearCorrect").

2. "Material": all information, documents, items and things produced, served, or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by Parties or non-parties.

3. "Producing Party": a Party or non-party that produces Material in this action.

4. "Receiving Party": a Party that receives Material from a Producing Party.

5. "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

6. "Source Code": Computer code, scripts, RTL, HDL, source code, and microcode.

7. "CONFIDENTIAL Material": Material that the Designating Party believes in good faith is not generally known to others and that it (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence or (ii) believes in

good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Copies, abstracts, compilations, summaries, and extracts of Materials designated as CONFIDENTIAL will also be treated as CONFIDENTIAL Material.

8. "<u>ATTORNEYS' EYES ONLY Material</u>": Material that the Designating Party believes in good faith is not generally known and has a significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation also includes Material obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Copies, abstracts, compilations, summaries, and extracts of Materials designated as ATTORNEYS' EYES ONLY will also be treated as ATTORNEYS' EYES ONLY Material.

9. "<u>OUTSIDE COUNSEL'S EYES ONLY Material</u>": Material that the Designating Party believes in good faith is Protected Data (defined below) and/or not generally known, is highly sensitive confidential or propriety information, and has a significant competitive value that would, if disclosed, have a substantial likelihood of comprising or jeopardizing that Party's competitive business interests were it designated as merely "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The designation is reserved for Protected Data and information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business, including but not limited to information relating to future products, competitive planning documents, pricing, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. The designation also applies to third party contracts disclosure of which is substantially likely to jeopardize that Party's competitive business interests. "Protected Data" shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) / Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC (General Data Protection Regulation) (L119/1)(EU personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); the German Federal Data Protection Act (Germany personal information); the Spanish Data Protection Act 15/1999; the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data (Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal

information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and The Act on the Protection of Personal Information (Law No. 57 of 2003) (APPI) (Japan personal information).  Copies, abstracts, compilations, summaries, and extracts of Materials designated as OUTSIDE COUNSEL'S EYES ONLY will also be treated as OUTSIDE COUNSEL'S EYES ONLY Material.

10. "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material": Source Code.

11. "Designated Material": Material that is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

12. "Export Controlled Information": all Source Code and any other Designated Material identified by a Designating Party as being subject to federal export control regulations, including the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq.

13. "Protected Health Information": The Parties agree that Protected Health Information ("PHI") shall have the same meaning as "Protected Health Information" as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") section 160.103, 45 C.F.R. § 160.103.  If a Party produces PHI in response to a discovery request, the Party receiving that PHI is prohibited from using or disclosing the protected health information for any purpose other than this proceeding.  All PHI must be destroyed at the conclusion of this action as set forth in paragraph 54 of this Order.

14. "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, counsel, and associates of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation and administrative personnel employed by the outside counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.  "Counsel of Record" does not include (i) a person who is an employee, director, or officer of a Party or a Party's affiliates, even if that person appears on the pleadings as counsel for a Party or (ii) a person employed by the attorneys who gives technical, scientific, or financial advice relating to the substantive issues in this action unless that person is a licensed attorney or patent agent.

15. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who is retained by a Party or retained or employed by its Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current or anticipated: (i) officer, director, or employee of a Party or competing manufacturer/supplier of clear aligners, scanners, or aligner material or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

16. "Professional Vendors": persons or entities unaffiliated with a Party or a competitor of a Party that provide litigation support services (e.g., photocopying, videotaping, translating, preparing transcripts, exhibits, or demonstrations, organizing or processing data) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them

in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

17. <u>Relevant Technology</u>:  For purposes of the Prosecution Bar below, clear aligner and intraoral scanner-related technologies, including aligner material, intraoral scanners, and automated treatment staging for teeth.

## C. <u>Scope</u>

18. <u>Compliance with Applicable Rules Governing Confidentiality and Filing Under Seal.</u>  Because parties in patent cases routinely file confidential information, the Court has granted leave for any party in a patent case to file materials containing confidential information under seal.  Parties need not file a separate motion for leave.  The Court extends from seven (7) days to fourteen (14) days the deadlines set forth in its March 7, 2022 Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions for this case only to file redacted versions of motions or pleadings and to email the Court's law clerk redacted versions of any sealed orders.  The Parties agree that the redacting party or parties will send their proposed redactions to the opposing party two (2) business days before the deadline to submit to the Court the redactions, unless the Parties agree to a different schedule.

## D. <u>Access to Designated Material</u>

19. <u>Access to CONFIDENTIAL Material.</u>  Only the following persons are permitted to have access to CONFIDENTIAL Material:

(a) Employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A;

(b) In-house counsel;

(c) Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(d) Counsel of Record;

(e) Outside Consultants, subject to the procedures set forth in Section E;

(f) The Court and its personnel;

(g) court reporters;

(h) a mediator assigned to hear this matter, and his or her staff, who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A; and

(i) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A.

(j) any other person with the prior written consent of the Designating Party and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A.

20. <u>Access to ATTORNEYS' EYES ONLY Material.</u> Only the persons identified in Paragraph 19(b)-(j) are permitted to have access to ATTORNEYS' EYES ONLY Material.

21. <u>Access to OUTSIDE COUNSEL'S EYES ONLY Material.</u> Only the persons identified in Paragraph 19(c)-(j) are permitted to have access to OUTSIDE COUNSEL'S EYES ONLY Material.

22. <u>Access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material.</u> Only the persons identified in Paragraph 19(c)-(j) are permitted to have access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material. Absent consent of the Producing Party (which will not be unreasonably withheld), no more than Three Outside Consultants for a Receiving Party are permitted to have access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material.

23. <u>Acknowledgements to be Bound.</u> Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement to Be Bound by Protective Order" and/or the "Certification of Consultant" must do so prior to reviewing Designated Material. Counsel of Record for the Receiving Party must retain each original executed document and, on written request, must provide copies to Counsel of Record for all other Parties after the termination of this action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

### E. **Disclosure to Outside Consultants**

24. <u>Notice.</u> Before disclosing another Party's Designated Material to an Outside Consultant, a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record for the Designating Party. The notice must include: (a) the Outside Consultant's name, business title, business address, and business or profession; (b) a current CV; (c) the Outside Consultant's previous or current relationship (personal or professional) with any of the Parties, their predecessors, or their successors in interest; (d) a list of cases in which the Outside Consultant has testified (at trial or deposition) within the last ten years; (e) a list of all companies for which the Outside Consultant has consulted or that have employed the Outside Consultant within the last four years; and (f) a signed copy of the Agreement to Be Bound by Protective Order attached as Exhibit A.

25. <u>Objections.</u> The Designating Party will have fourteen calendar days from receipt of the notice to object to the disclosure. The notice must identify the grounds for the objection. If the Designating Party does not object during that fourteen-day period, then the Receiving Party may disclose Designated Material to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer by telephone or in person to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may within three (3) business days following the meet

and confer file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief. If the objecting Party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting Party, whichever occurs first.

**F. Inspection and Production of Source Code**

      26.     The Secure Room. Source code will be made available for inspection in a secure room in computer searchable format on a stand-alone computer connected to a printer (that is, a computer not connected to a network or the Internet, and that is locked down so that additional peripheral devices cannot be connected to it) during regular business hours on reasonable notice, at a location in the United States selected by the Producing Party (the "Secure Room"). Before being admitted into the Secure Room, an individual must provide a photo identification card sanctioned by the government of a state of the United States or by the national government of the individual's current citizenship.

      27.     Review of Source Code. No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, cameras, voice recorders, telephone jacks or other hardware. Non-electronic devices capable of similar functionality are also prohibited, as is loose paper that could be used in a printer. The Producing Party will accommodate reasonable requests for review software, such as Notepad++ and Visual Studio, to be installed on the stand-alone computers. Written notes relating to the Source Code may be taken only in spiral- or permanently-bound notebooks. Any notes must be stamped and treated as OUTSIDE COUNSEL RESTRICTED – SOURCE CODE. The source code may not be copied into the notes. Notwithstanding this provision, file name and location (i.e., directory path), may be copied into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review, but only to ensure compliance with these restrictions.

      28.     Source Code will be made available for inspection between the hours of 9 a.m. and 6 p.m., local time, on business days (i.e., weekdays that are not Federal holidays). The Producing Party will accommodate reasonable requests to conduct inspections at other times provided that the Receiving Party pays for any costs and expenses, including staff, necessary to allow such access.

      29.     The Receiving Party shall provide at least three (3) business days' notice prior to a proposed inspection.

      30.     Printing Portions of the Source Code. A Receiving Party is allowed to request printed paper copies of necessary, specific portions of the Source Code. Paper copies are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing. The Producing Party shall deliver requested printed copies within three business days. A Receiving Party is not entitled to print passages to facilitate review of the Source Code away from the Secure

Room; the Source Code are to be reviewed and analyzed using the stand alone computer. The Receiving Party is prohibited from removing the paper copies from the Secure Room.

31. <u>Delivery of Printouts.</u> The Producing Party will collect any printed pages of the Source Code, and Bates number, copy, and label them "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." Within seven calendar days, the Producing Party must either (a) deliver by Federal Express or UPS two (2) copy sets of such pages to one or more offices of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. The number of continuous pages of Source Code may not exceed 25 continuous pages; and the total number of pages of Source Code may not exceed 600. These limits may be increased by agreement of the Parties or on a showing of need.

32. In the event that the Producing Party provides notice that the printed portions are excessive or were not requested for a permitted purpose under Paragraph 30 and the Receiving Party disagrees, the parties shall first try to resolve the dispute in good faith. If the dispute cannot be resolved, the Producing Party shall object in writing to the Receiving Party. The Receiving Party shall then have fourteen (14) days to move for an order that the Producing Party produce the printed pages under Paragraph 31.

33. <u>Producing Party Log.</u> The Producing Party may maintain a log identifying: (a) the name of each person who accessed the Secure Room; (b) the date and time of access; (c) the length of time of access; and (d) whether any pages were printed. The Producing Party may also retain copies of any printed pages of the Source Code.

34. <u>Maintenance of Printouts.</u> The Receiving Party shall ensure that Counsel of Record or Outside Consultants keep the printouts or photocopies in a secured locked area or container in the offices of such Counsel of Record or Outside Consultants. The delivered copy sets must be kept in a locked storage area or container where they will not be accessible to persons other than those allowed access under this Order. Printed pages of Source Code must be transported by hand-carry in a locked briefcase or storage container and may not be shipped or scanned and electronically transmitted. Except as explicitly permitted below, the Receiving Party is prohibited from making additional copies or scanning the printouts.

35. <u>Use at Depositions and Hearings.</u> The Receiving Party must provide the Producing Party with seven (7) calendar days' advance notice of its need for printed copies and identify the required pages by production number. The Producing Party will then either authorize the Receiving Party to prepare copies for use in the deposition or hearing or agree to supply copies itself on the day of the deposition or hearing. At the conclusion of the deposition or hearing, the copies will be returned to the Producing Party or destroyed. Copies will not be attached to deposition transcripts.

36. <u>Use in Filings.</u> A Receiving Party that wants to file or otherwise submit pages of Source Code in connection with a filing may make only as many copies, and only of the specific pages as needed, for submission. It must file the materials under seal and must immediately notify the Producing Party.

37. <u>Use in Expert Reports and Discovery Documents.</u>  To the extent it is necessary to reference Source Code in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made, but in no event may any excerpt exceed 20 continuous pages of source code.  Documents containing excerpts must be designated "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

**G. Prosecution Bar**

38. <u>Prosecution Bar.</u>  Individuals associated with a Receiving Party (e.g., Counsel of Record, In-house counsel of the Receiving Party, employees of the Receiving Party, and Outside Consultants) who review or otherwise learn the substance of, in whole or in part, any ATTORNEYS' EYES ONLY Material, OUTSIDE COUNSEL'S EYES ONLY Material or OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material pertaining to technical information concerning the Producing Party's products are prohibited from participating in the preparation, drafting, revision, or prosecution of any patent, patent application, reissue application, or patent claim related to the Relevant Technology during the pendency of this action and for one year after its conclusion, including any appeals.  This prosecution bar does not prevent an individual from participating in a reexamination, inter partes review, or other post-grant review proceedings (not including reissues) except that the individual is prohibited from participating in the drafting or amendment of any claim related to the Relevant Technology.

**H. Use of Designated Material**

39. <u>Use of Designated Material by a Receiving Party.</u>  A Receiving Party, including its Counsel of Record, Outside Consultants, and Professional Vendors, is permitted to use Designated Material only for purposes of this action and is prohibited from disclosing Designated Material except in accordance with this Order.

40. <u>Use of Designated Material by a Producing Party.</u>  Nothing in this Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

41. <u>Use of Designated Material at Depositions.</u>  A Receiving Party can examine (a) a witness about Designated Material of which the witness had prior knowledge and (b) present directors, officers, employees, designated Rule 30(b)(6) witnesses, and Outside Consultants of a Designating Party about any Designated Material of that Designating Party.  A non-party may be examined about documents containing Designated Material that appear on their face or from other documents or testimony to have been received from or delivered to the non-party.  Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

42. <u>Filing Designated Material.</u>  Absent written permission from the Designating Party or a Court Order issued after appropriate notice, a Party must file Designated Material under seal in conformance with the Court's rules and procedures.  Material filed under seal shall include a cover page including the words "FILED UNDER SEAL."

43. <u>Export Controlled Information.</u>  Export Controlled Information is prohibited (a) from being disclosed to anyone who is not a "U.S. Person" (as defined in 22 C.F.R. § 120.15), including Counsel of Record and Outside Consultants, and (b) from being transported or

transmitted outside of the United States or to any recipient who is located outside of the United States. Counsel of Record must store all Export Controlled Information in a manner such that access is limited to U.S. Persons. If a Receiving Party anticipates disclosing Export Controlled Information to the Court, including at any hearing or at trial, it will confer on the proper safeguards to avoid an export violation with the Designating Party and, if necessary, the Court.

44. <u>Unauthorized Use or Disclosure.</u> If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**I.  Procedure for Designating Materials**

45. <u>Designating Documents.</u> For Material in documentary form (other than transcripts), the Designating Party must affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" on each page that contains Designated Material.

46. <u>Designating Other Material.</u> For non-documentary Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

47. <u>Testimony and Transcripts.</u> For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party will specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." In the case of depositions, the Designating Party may also designate any portion of the deposition transcript by informing the reporter and the Parties in writing of the applicable designations within thirty calendar days of completion of the certified transcript. The entire transcript of a deposition at which OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material was disclosed will be treated as OUTSIDE COUNSEL RESTRICTED – SOURCE CODE until the thirty-day period has expired. The entire transcript of all other depositions will be treated as OUTSIDE COUNSEL'S EYES ONLY until the thirty-day period has expired. Transcript pages identified by a Designating Party must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" as instructed by the Designating Party. Subject to the Court's preferences, the parties will work together to make arrangements for making such designations to exhibits, testimony, and other Material used during hearings, pre-trial proceedings, and during the trial of this case.

48. <u>Non-party Designations.</u> A non-party producing information or Material voluntarily or pursuant to a subpoena or court order may designate the information or Material in

the same manner as a Party.  A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

49. <u>Challenges to Designations.</u>  A Receiving Party may at any time request that a Designating Party withdraw or modify a confidentiality designation; the Receiving Party is not obligated to do so at the time the designation is made.  Challenges must be in writing, identify each document by production number, and set forth the reason for believing the designation was improper.  The Receiving Party will continue to treat the document in accordance with the Designating Party's designation unless and until otherwise agreed to by the Designating Party or ordered by the Court.  If the parties are unable to agree concerning a challenge, the Receiving Party may pursue its challenge by Motion.

## J. Inadvertent Production

50. <u>Inadvertent Failure to Designate.</u>  An inadvertent failure to designate confidential Material does not waive a Designating Party's right to secure protection under this Order for that Material.  On discovery of an inadvertent failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Material bearing the appropriate legend.  The Receiving Party must then treat the Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

51. <u>No Waiver of Privilege.</u>  Pursuant to Federal Rule of Evidence 502(d), no privilege or protection is waived in this or any other federal or state proceeding by disclosure connected with this litigation.  For example, inspection or production of Material will not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after becoming aware of a disclosure, the Producing Party designates the Material as privileged or immune from discovery.  On request by the Producing Party, the Receiving Party will immediately retrieve and return (or destroy) any copies of the produced Material, including copies distributed to others (e.g., Outside Consultants and Professional Vendors).  The Receiving Party will remain entitled to challenge the privilege or immunity or immunity designation.

## K. Miscellaneous

52. <u>Enforcement and Jurisdiction.</u>  Absent a transfer, this Court will have jurisdiction to enforce this Order, even following the final disposition of this action.  In the event of a transfer, however, the transferee Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action.  Every individual who reviews Designated Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

53. <u>Injunctive Relief.</u>  Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  A Party may immediately apply to obtain temporary,

preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

54.     Final Disposition.  Within sixty days after the final disposition of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party and submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party).  However, Counsel of Record are entitled to retain three archival copies of all pleadings, motion papers and supporting materials, transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product.  Any such archival copies remain subject to this Protective Order.  Notwithstanding this order, Counsel of Record may retain archival copies of emails.

55.     Duration.  The confidentiality obligations imposed by this Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

56.     Further Protections.  This Order is entered without prejudice to the rights of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

57.     Subpoenas in Other Litigation.  If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly.  The notice must include a copy of the subpoena or order.  The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

Stipulated and agreed to by:

*/s/ Brian C. Nash*
Brian C. Nash (TX Bar No. 24051103)
Austin M. Schnell (TX Bar No. 24095985)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, Texas 78701
Telephone: (512) 617-0650
Facsimile: (737) 910-0730
bnash@mofo.com
aschnell@mofo.com

Daralyn J. Durie (*pro hac vice*)
Rich S.J. Hung (*pro hac vice*)
Forrest McClellen (*pro hac vice*)
Ian Bennett (*pro hac vice*)
Jenny Xin (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
ddurie@mofo.com
rhung@mofo.com
fmcclellen@mofo.com
ibennett@mofo.com
jxin@mofo.com

Bradley S. Lui (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
blui@mofo.com

Amanda A. Potter (*pro hac vice*)
Malavika M. Fitzgerald (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
apotter@mofo.com

mfitzgerald@mofo.com

*/s/ Marrisa A. Lalli* (by permission)
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903)934-8450
Fax: (903)934-9257

James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM AND SMITH, LLP
102 N. College, Suite 800
Tyler, TX 75702
(903) 934-8450
Fax: (903)934-9257

Joseph J. Mueller
Vinita Ferrera
Mark A. Ford
Marissa A. Lalli
Harry D. Hanson
Holly A. Ovington
Tyler L. Shearer
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
joseph.mueller@wilmerhale.com
vinita.ferrera@wilmerhale.com
mark.ford@wilmerhale.com
marissa.lalli@wilmerhale.com
harry.hanson@wilmerhale.com
holly.ovington@wilmerhale.com
tyler.shearer@wilmerhale.com

Omar A. Khan
WILMER CUTLER PICKERING HALE
AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800

James M. Pearl (*pro hac vice*)
Emma Farrow (*pro hac vice*)
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899
jamespearl@paulhastings.com
emmafarrow@paulhastings.com

Thomas A. Counts (*pro hac vice*)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
tomcounts@paulhastings.com

Michael F. Murray (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street, N.W. Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
michaelmurray@paulhastings.com

Adam M. Reich (*pro hac vice*)
PAUL HASTINGS LLP
71 South Wacker Drive, 45th Floor Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
adamreich@paulhastings.com

*Attorneys for Plaintiff and Counterclaim Defendant Align Technology, Inc.*

omar.khan@wilmerhale.com

R. Gregory Israelsen
Jonathan P. Knight
Gerard A. Salvatore
Robert B. Stiller
Todd C. Zubler
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue, NW Washington, DC 20037
(202) 663-6000
greg.israelsen@wilmerhale.com
jonathan.knight@wilmerhale.com
jerry.salvatore@wilmerhale.com
robert.stiller@wilmerhale.com
todd.zubler@wilmerhale.com

Hannah Santasawatkul
Texas State Bar No. 24107617
WILMER CUTLER PICKERING HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

***Attorneys for Defendants and Counterclaim-Plaintiffs ClearCorrect Operating, LLC ClearCorrect Holdings, Inc.***

***Attorneys for Defendant Institut Straumann AG***

***Attorneys for Counterclaim Plaintiff Straumann USA LLC***

# Exhibit A

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the Stipulated Protective Order ("Order") dated _____, and understand and will abide by its terms. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5. I agree to be subject to the authority of the United States District Court for the Western District of Texas, or in the event of a transfer, the authority of the transferee United States District Court, in the event of any dispute related to this agreement.

6. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20\_\_.


_____
Signature