# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,<br><br>    Defendants. | Case No. 6:24-cv-00187-ADA-DTG |
| CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>    Counterclaim-Defendant. | |

**REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS (ECF No. 96)**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims (ECF No. 96). The Motion has been fully briefed, and the Court heard oral argument on January 22, 2025. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **DENIED.**

## I. LEGAL STANDARD

The law governing Plaintiff's Motion is well-known. To survive a motion under Rule 12(b)(6), a complaint must only include sufficient facts to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Facial plausibility exists if the alleged facts create a reasonable inference that the movant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, the Court is required to look only at the pleadings unless it converts the motion to dismiss into a motion for summary judgment and allows the parties a reasonable opportunity to present all pertinent information. Fed. R. Civ. P. 12(d).

## II. DISCUSSION

Plaintiff's Motion generally attacks Defendant's Counterclaims. Plaintiff states broadly that Defendants' antitrust counterclaims should be dismissed because they are time barred, they fail to allege an antitrust injury, and they fail to show cognizable exclusionary conduct. ECF No. 96 at 6-9. The only specificity offered about which antitrust claims being addressed by Plaintiff is in the portion addressing the alleged failure to claim an antitrust injury. *Id*. at 7 (citing "Counts One through Four."). Plaintiff also attacks Defendants' counterclaims for breach of contract for allegedly failing to plead a breach and failing to plead damages. *Id*. at 16, 19. The Court understands Plaintiff's Motion to be addressing Defendants' Counterclaims Counts 1-4, which are based on violations of 15 U.S.C. § 2 and Texas Business and Commerce Code § 15.05, and Counts 7-9, which allege breach of contract based on three contractual provisions. Plaintiff's Motion does not attack counterclaim counts 5-6 or 10-30.

**A. Defendants' Counterclaims are Not Time-Barred on Their Face.**

Plaintiff first contends that Defendants' antitrust claims are time barred. This portion of the Motion appears directed at Defendants' Counterclaims Count 1 through 4, since Plaintiff

refers to the statute of limitations under 15 U.S.C. § 15(b) and Texas Business and Commerce Code § 15.25. ECF No. 96 at 6. Plaintiff asserts that Defendants' antitrust counterclaims are based on conduct that began in 2017, and under the four-year statute of limitations, those counterclaims are time barred. *Sutton Place 1 Townhouse v. AmGuard Ins. Co.*, 668 F. Supp. 3d 684, 689 (W.D. Tex. 2023) (holding that limitations is not usually a basis for a 12(b)(6) motion, but may be when it is clear from the pleadings).

Defendants oppose this allegation as being improper under Fifth Circuit law. ECF No. 113 at 4-5. Defendants point to Fifth Circuit law holding that for ongoing conduct, a cause of action accrues—and the statute of limitations resets—each time the party commits the complained-of act. ECF No. 113 at 5 (citing *Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 517 F.2d 117, 126-27 (5th Cir. 1975); *Bell v. Dow Chem. Co.*, 847 F.2d 1179, 1186-87 (5th Cir. 1988)). Defendants point out that the conduct complained of in the antitrust counterclaims is just that type of conduct—ongoing. *Id*. at 5.

The Court agrees with Defendants. Defendants' Counterclaims assert that the unlawful conduct—tying of the iTero scanner, contracts with dental service organizations, and commitment-based pricing—is ongoing continuing conduct. ECF No. 49 at ¶¶ 66-72 ("and continuing to this day"), 81-82 ("In 2023, Align and Heartland renewed and extended this agreement"), 102-108 (describing the alleged financial coercion). As Defendants have alleged ongoing conduct, they have alleged antitrust violations that occurred within the limitations period and are not time-barred on their face. *See Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 517 F.2d 117, 126-27 (5th Cir. 1975) (holding that with continuing conduct each time an improper act occurs a cause of action accrues). The Court recommends that the limitations portion of Plaintiff's Motion should be **DENIED**.

### B. Defendants Have Plausibly Alleged That They Suffered an Antitrust Injury.

Next, Plaintiff claims Defendants failed to allege an antitrust injury. Plaintiff contends that Defendants failed to allege they are a competitor in aligners and failed to allege a plausible connection between Plaintiff's alleged antitrust behavior and Plaintiff's injury. ECF No. 96 at 7. Plaintiff contends that because it accuses Defendants of patent infringement, Defendants are not lawful aligner competitors and cannot allege an antitrust injury. *Id*. at 8.

Defendants correctly point out that an infringement allegation does not eliminate an antitrust claim. ECF No. 113 at 6. Allegations of patent infringement are not a defense to an antitrust claim at the pleading stage. *See Arisa Networks, Inc. v. Cisco Sys., Inc.*, Case No. 16-cv-00923-BLF, 2018 WL 11606358, *10 (N.D. Cal. Feb. 14, 2018). For that reason, the Court recommends that the portion of Plaintiff's Motion contending Plaintiff cannot assert an antitrust injury should be **DENIED**.

### C. Defendants Have Plausibly Alleged Cognizable Exclusionary Conduct.

Plaintiff also seeks dismissal of Defendants' antitrust counterclaims for failing to properly allege exclusionary conduct. While Plaintiff's Motion does not specifically identify the counterclaims this portion of the Motion is targeted at, it appears to address counterclaim counts 1 through 4. Plaintiff contends that Defendants failed to properly allege illegal tying because Defendants acknowledge that molding putty—PVS—is an alternative and that exporting a scan is possible. ECF No. 96 at 9-11. Plaintiff contends that Defendants' allegations of Plaintiff's lack of interoperability with competing scanner companies such as 3Shape and others fails to meet the legal standard required for alleging an improper refusal to deal. *Id*. at 12-13 (citing *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985); *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP,* 540 U.S. 398, 409 (2004); *FTC v. Qualcomm, Inc.*, 969 F.3d

974, 993-94 (9th Cir. 2020); *Novell, Inc. v. Microsoft Corp.*, 731 F.3d 1064, 1075 (10th Cir. 2013)).

Defendants respond by pointing out that their counterclaims are proper under the law at the pleading stage. Defendants note that anticompetitive conduct is conduct that "tends to impair the opportunities of rivals" and "either does not further competition" or "does so in an unnecessarily restrictive way." ECF No. 113 at 7 (citing *Taylor Publ'g. Co. v. Jostens, Inc.*, 216 F.3d 465, 477 (5th Cir. 2000)). Defendants contend that at the pleading stage, they need only allege facts that to show that Plaintiff imposes conditions on dentists that have the effect of substantially foreclosing the relevant market. *Universal Hosp. Servs., Inc. v. Hill-Rom Holdings, Inc.*, Case No. SA-15-CA-32-FB, 2015 WL 6994438, at *14 (W.D. Tex. Oct. 15, 2015). Defendants further contend that evaluating their allegations requires considering all of the facts together—not isolating and separately considering each allegation as Plaintiff has done. ECF No. 113 at 9. Defendants assert that considering their counterclaims and all of the factual allegations as a whole, they easily meet the pleading standard.

The Court agrees with Defendants. Defendants' detailed factual pleadings, when considered as a whole, describe how Plaintiff limits or impedes dentists'—who are its customers—ability to use competing products, contracts with service organizations to further limit customer access to competitors, and contractually bind dentists in a way that substantially deters their use of competitor products. ECF No. 49 ¶¶ 84-129. As noted by Plaintiff, monopolist behavior can be achieved through improper loyalty schemes—which Defendants have alleged at ECF No. 49 ¶¶ 119-129—that impose restrictive volume discounts or penalties. *See Am. President Lines, LLC v. Matson, Inc.*, 633 F. Supp. 3d 209, 228-29 (D.D.C. 2022) (noting that courts look to the practical effect of alleged exclusive dealing requirements and that even partial

5

exclusivity requirements can be actionable); *see also In re Surescripts Antitrust Litig.*, 608 F. Supp. 3d 629, 647 (N.D. Ill. 2022). Determining whether the alleged loyalty scheme is proper or not is best decided at summary judgment, but the allegations are sufficient to survive at the pleading stage. Defendants have plausibly alleged substantial foreclosure of the market by Plaintiff's use of the iTero scanner to track dentist's orders, create technical obstacles to using competing products, impose restrictive financial conditions, and threaten a loss of access to Invisalign for ongoing patients. ECF 49 at ¶¶ 130-133. Defendants adequately plead that dentists are locked into purchasing Plaintiff's products for the five-year lifespan of Plaintiff's scanner, locked into burdensome three-year discount programs, and even locked the service organizations into multiyear contracts. *Id*. ¶¶ 102, 108, 114. Defendants have alleged that the totality of this conduct limits them to using much less efficient means of competing and effectively developing relationships with customers and has suffered injuries as a result. *Id*. ¶¶ 51 & n.17, 149, 150, 171, 182.

Plaintiff's reliance on *Aspen Skiing* at this stage is unpersuasive. *Aspen Skiing* involved conduct between competitors—such as Defendants' allegations of lack of interoperability—but it did not involve conduct directed at customers, such as here, where the customers are allegedly forced to accept anticompetitive conditions. *Chase Manufacturing, Inc. v. Johns Manville Corp.*, 84 F.4th 1157, 1173 (10th Cir. 2023). Defendants' allegations regarding interoperability as detailed in the counterclaims satisfy the pleading requirements under *Aspen Skiing*, because Defendants have alleged that the specific conduct—termination an allegedly profitable course of conduct to impose an allegedly improper policy of tying access to Plaintiff's aligners to Plaintiff's iTero scanner. ECF No. 49 ¶¶ 8-9, 73-77. Thus, the Court recommends that Plaintiff's Motion to Dismiss based on a lack of alleged exclusionary conduct be **DENIED**.

**D. Defendants Have Plausibly Plead a Breach of Contract Claim.**

Plaintiff contends that Defendant failed to properly plead a breach of contract claim because it disputes the contract's interpretation and whether Defendant plead damages. Plaintiff identifies the agreement that Defendant contends was breached and acknowledges the specific factual allegations Defendant makes in support of its breach of contract claim. ECF No. 96 at 16. Plaintiff proceeds to dispute Defendant's interpretation of the contract, whether it applies to the parties' dispute, and whether Plaintiff breached the contract. *Id*. at 17-18. Plaintiff concludes by contending that Defendant failed to properly plead damages. *Id*. at 19.

Defendant's counterclaims for breach of contract satisfy the Rule 12(b)(6) standard. Defendants specifically identified the contract at issue—the 2019 settlement. ECF No. 49 ¶¶ 276, 281, and 288. Defendants have specifically stated the conduct they believe breached the agreement—failure to comply with pre-suit dispute resolution, disclosure of terms and conditions, and improperly characterizing Defendants' pre-settlement conduct. *Id*. ¶¶ 201-209, 277, 284, and 291. Defendants also specifically alleged that they suffered damages such as reputational harm because of those breaches. *Id*. at ¶¶ 210, 278, 285, and 292; *IL Ventures v. Factory 14 UK Acquisition VI*, 2023 WL 9111897, at *4 (W.D. Tex. Dec. 20, 2023) (denying a motion to dismiss breach of contract claims because they do not have to plead provision-by-provision and they do not have to plead exact damages). Defendants' allegations are sufficient to survive Plaintiff's Motion. Thus, the Court recommends that Plaintiff's Motion based on a lack of alleged exclusionary conduct be **DENIED**.

### III.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Plaintiff's Motion to Dismiss (ECF No. 96) be **DENIED**.

## IV.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED this 7th day of February, 2025.**

_____
**DEREK T. GILLILAND**
**UNITED STATES MAGISTRATE JUDGE**