UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & INSTITUT STRAUMANN AG,<br><br>        Defendants.<br><br>CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC,<br><br>        Counterclaim-Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG |

**ORDER DENYING**
**PLAINITFF'S REQUEST FOR JUDICIAL NOTICE (ECF NO. 97)**

Before the Court is Plaintiff's Request for Judicial Notice (ECF No. 97). The Motion has been fully briefed, and the Court heard oral argument on January 22, 2025. After careful consideration of the briefs, arguments of counsel, and the applicable law, for the following reasons, it is the **ORDERED** that the Motion be **DENIED.**

## I.    LEGAL STANDARD

Federal Rule of Evidence 201 defines when a court may take judicial notice of a fact. It permits judicial notice of an adjudicative fact "that is not subject to reasonable dispute." FED. R. EVID. 201. A court may take judicial notice of an adjudicative fact at any stage of the

proceedings—even at the pleading stage when addressing a motion under Rule 12(b)(6). *Id*. at 201(d); *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (holding that it is permissible to judicially notice facts at the pleading stage). Such facts, however, must not be "subject to reasonable dispute" and factual findings by other courts will rarely if ever meet that standard. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (noting that it would be difficult to envision a scenario where the factual findings of another court could satisfy the indisputability requirement). The burden of persuasion rests with the requesting party and the court should use caution when deciding to take judicial notice. *Ambler v. Williamson Cnty.*, 2021 U.S. Dist. LEXIS 35905, at *7 (W.D. Tex. Feb. 25, 2021). A refusal to take judicial notice is reviewed for an abuse of discretion on appeal. *Taylor*, 162 F.3d at 829.

## II. DISCUSSION

Plaintiff has requested that the Court take judicial notice of thirteen documents. Three are court filings or discovery responses from a third-party. ECF No. 3 (referring to Exhibits 1, 2, & 12). The other ten are press releases or financial documents from Plaintiff, printouts of a website from Defendants, printouts of third-party websites, and documents created by third parties. *Id*. (referring to Exhibits 3 - 11, & 13)).

While Plaintiff contends that the Court can take judicial notice of proceedings in other cases, the authority it cites does not support Plaintiff's position. ECF No. 97 at 4 (citing *Karaha Bodas Co., LLC v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 (5th Cir. Mar. 5, 2003) ("[t]his court can take judicial notice of another court's judicial action")). The quote Plaintiff relies on does not come from the body of that opinion, but rather comes from a footnote. *Karaha*, 2003 WL 21027134, at *4 n.\*\*\*. That footnote also clarifies that judicial notice of a court's ruling is limited to recognizing the judicial act. *Id*.

Rather, it is rare that another court's factual findings will not be subject to reasonable dispute. *Taylor*, 162 F.3d at 830 (noting that another court's factual finding could not "clear the 'indisputability' hurdle.").

Plaintiff's first three documents—Exhibits 1, 2, & 12—fail the indisputability hurdle. The two orders are offered not for the fact that an order was issued, but rather for the findings those courts made. *See* ECF No. 96 at 1 n.1, 2 n.2 (relying on prior court orders to argue that other courts have rejected claims similar to the Defendants' counterclaims). The discovery from a third-party in a separate case fares even worse, as what another plaintiff did with its scanners is not the type of indisputable fact for which judicial notice is appropriate. *See* ECF No. 96 (relaying on Exhibit 12 as evidence of what other dentist could do with Plaintiff's scanners); *Do v. GW Trucking Inc.*, No. 1:23-CV-00076-MJT, 2024 WL 604715, at *7 (E.D. Tex. Jan. 24, 2024) (noting that interrogatory responses do not qualify as matters of which it could take judicial notice).

The remaining documents all suffer from similar problems that persuade the Court that it is improper to take judicial notice of them. Exhibits 3 and 7 are press releases by Plaintiff. Exhibits 4 and 10 are printouts of webpages from Defendants. Exhibits 5 is a third-party webpage. Exhibit 6, 8, and 9 are third-party documents downloaded from various websites. Exhibit 11 are Plaintiff's financial filings and Exhibit 13 is printout of a webpage operated by the American Dental Association. *See* ECF No. 97 at 1-3. Press releases by their nature contain disputable facts. *See State v. Real Estate Law Ctr., P.C.,* 430 F. Supp. 3d 761, 873 n.95 (D.N.M. 2019) (declining to take judicial notice of a government press release). Webpages similarly fail to qualify as sources "whose accuracy cannot reasonably be questioned." *Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022) (finding that a district court erred by taking

judicial notice information on an archived website); *see also See Linenweber v. Sw. Airlines Co.*, 693 F. Supp. 3d 661, 674 (N.D. Tex. 2023). As Plaintiff has offered all of these documents for the truth of the information contained in them as a means of countering Defendants' allegations in its counterclaims, the Court declines the request to take judicial notice. *See Blue v. Am. Nat'l Ins. Co.*, Case No. EP-21-cv-63-KC, 2021 WL 12303182, at *2 (W.D. Tex. June 2, 2021).

### III. CONCLUSION

For the foregoing reasons, the undersigned is persuaded that Plaintiff's Request to Take Judicial Notice (ECF No. 97) is improper and is **DENIED**.

SIGNED this 7th day of February, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE