# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **ALIGN TECHNOLOGY, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00187-ADA-DTG** |
| | § | |
| **CLEARCORRECT OPERATING,** | § | |
| **LLC, et al.,** | § | |
| | § | |
| *Defendants,* | § | |
| | | |
| **CLEARCORRECT HOLDINGS, INC.,** | § | |
| **et al.,** | § | |
| | § | |
| *Petitioners,* | § | |
| | § | **CASE NO. 6:24-MC-00487-ADA-DTG** |
| *v.* | § | |
| | § | |
| **ALIGN TECHNOLOGY, INC.,** | § | |
| | § | |
| *Respondent,* | § | |

## <u>ORDER</u>

Before the Court are two motions—a Motion to Quash (Case No. 6:24-mc-00487, ECF

No. 6) and a Motion for Protective Order (Case No. 6:24-cv-00187, ECF No. 78). The motions

arise from a subpoena that Align Technology, Inc. served on a third party—SoftSmile, Inc.

ClearCorrect Holdings, Inc., ClearCorrect Operating, LLC, Institut Straumann AG, and

Straumann USA, LLC (collectively "ClearCorrect") filed the Motion to Quash in the Southern

District of New York—the place of performance under the subpoena. *See* Case No. 6:24-mc-

00487, ECF 6 & 7-1. That Motion was transferred to this Court with the consent of third party,

SoftSmile. Case No. 6:24-mc-00487, ECF No. 30. ClearCorrect also filed a Motion for

Protective Order seeking the same relief as the Motion to Quash. Case No. 6:24-cv-00187, ECF

No. 78. Because the motions are nearly identical and address the same subpoena, the Court addresses both Motions in this order.

## I. BACKGROUND

This dispute is related to a prior lawsuit between ClearCorrect and SoftSmile. SoftSmile helped ClearCorrect develop treatment planning software until that relationship soured and SoftSmile sued ClearCorrect. SoftSmile initially sued ClearCorrect in Delaware, but the case was referred to arbitration. ECF No. 92 at 2. ClearCorrect also hired two former Align employees—Mr. Borovinskikh and Mr. Kitching. *Id*. Mr. Borovinskikh interfaced with SoftSmile during its relationship with ClearCorrect, and Mr. Kitching was hired by ClearCorrect as an expert. *Id*. Because the software that ClearCorrect developed with SoftSmile's assistance is the product at issue in the present case, Align subpoenaed SoftSmile for four categories of documents—three categories limited to information involving Align or its former employees, and one involving ClearCorrect's development of its treatment software. ECF No. 78-2 at 7 (Document Requests).

ClearCorrect attempts to block the entire subpoena. ClearCorrect's Motion to Quash, which was filed in the place of performance for the subpoena, moves to quash the entire subpoena. Case No. 6:24-mc-00487, ECF No. 6.[1] ClearCorrect's Motion for Protective Order, filed in this case, also seeks to block the entire subpoena. ECF No. 78. For the reasons that follow, however, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** both Motions.

## II. ANALYSIS

ClearCorrect has standing to challenge the subpoena. A party with a genuine interest in the documents sought has standing to challenge the subpoena. *Solow v. Conseco, Inc.*, 2008 WL

---

[1] The Motion to Quash was transferred to this Court after all parties—including SoftSmile—agreed to the transfer. Case No. 6:24-mc-00487, ECF No. 30 at 1.

190340, at *3 (S.D.N.Y. Jan 18, 2008) (holding that a third party has standing to challenge a subpoena that sought his personal and confidential financial information); *Meritage Homes of Tex., LLC v. AIG Specialty Ins. Co.*, No. 1:22-CV-01375-DAE, 2024 WL 221448, at *4 (W.D. Tex. Jan. 18, 2024) (noting that a party has standing to challenge a subpoena to a non-party if the party has a personal right or privilege in the information sought). As the cases make clear, however, this only gives ClearCorrect the right to challenge the subpoena on the basis of ClearCorrect's privacy rights or privilege. *Solow*, 2008 WL 190340, at *3 (noting that the Advisory Committee Notes to the 1991 amendments allow for protection of "harmful disclosures of confidential information."); *Meritage Homes*, 2024 WL 221448, at *4  (holding a party lacked standing to challenge relevance or burden of subpoenas served on third parties); *see also Schmidt Tr. of Est. of Border Anesthesia Servs., P.C. v. McKee*, No. B-10-20, 2012 WL 13137023, at *3 (S.D. Tex. Feb. 21, 2012) (noting that a party may not challenge a third-party subpoena on relevance or burden grounds). Thus, ClearCorrect has standing to challenge the subpoena to the extent it seeks production of ClearCorrect's privileged or confidential information, and the Court will balance those interests against the relevance and probative value of the information sought.

ClearCorrect incorrectly claims that seeking documents from a third party is improper. The *Ntakirutimana* case relied on by Clearcorrect is factually distinguishable because the defendant served requests for production of documents on the plaintiff and a duplicative subpoena on the plaintiff's attorneys and accountants. *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, No. L-09-114, 2011 WL 13135608, at *1 (S.D. Tex. June 28, 2011). ClearCorrect's reliance on Wright & Miller is similarly unpersuasive as the footnote relied on actually says that a subpoena should not be allowed to circumvent discovery deadlines and that it is merely

preferable to get the documents from the party. *See* ECF 78 at 4-5 (citing Wright & Miller, *Federal Practice & Procedure* § 2204 n.12).

Unlike the parties in many of ClearCorrect's cited cases, ClearCorrect has not agreed to produce the requested information. Align notes in its response that ClearCorrect has never agreed to produce any of the documents covered by the subpoena. ECF No. 92 at 5. The most ClearCorrect offers is to defer any production until after the parties meet and confer followed by future briefing. ECF No. 105 at 2 (noting that ClearCorrect is willing to meet and confer, and if Align does not like the results, it can file a motion to compel).

The subpoena also seeks information beyond what is in ClearCorrect's possession, custody, or control. None of the requests are limited to documents produced solely by ClearCorrect or that could only come from ClearCorrect. *See* ECF No. 78-2 at 7 (Document Requests). While some of the information—such as documents produced by ClearCorrect—are in ClearCorrect's possession, other documents are not—such as internal SoftSmile documents referring to ClearCorrect's knowledge of Align. ECF No. 92 at 5.

ClearCorrect erroneously contends that it and SoftSmile agreed to keep the information confidential under their development agreement and their arbitration agreement. ECF No. 78 at 2 (citing ECF No. 78-3 and ECF No. 78-4). Both confidentiality provisions have exceptions applicable here. The development agreement permitted disclosure when required by law. ECF No. 78-3 at 3 (quoting section 11.3 Exceptions). The arbitration agreement similarly carves out an exception for disclosure pursuant to "a court order, subpoena, statutory or other judicial obligation." ECF No. 78-4 at ¶ 17.1. Additionally, the Court has entered a Protective Order in this case that will allow the parties to maintain the confidentiality of any documents produced under the subpoena. *See* ECF No. 147 (Protective Order).

The Court is not persuaded that Align must demonstrate a compelling need, though it has done so. ClearCorrect relies on *Donelon*, to contend that Align must demonstrate a compelling need to obtain the requested documents. ECF No. 78 at 7 (citing *Donelon v. Herbert Clough, Inc.*, No. 03-282-A-M2, 2006 WL 8436296, at *4 (M.D. La. Aug. 18, 2016). That case has not been followed by any other court in the circuit, and its applicability to this case is questionable. Further, as noted above the requests seeking information about Align and its former employees is particularly relevant to the misappropriation and patent infringement claims, and ClearCorrect failed to unequivocally produce that information in this case. The Court finds that Align has demonstrated a compelling need for the information.

Having found the subpoena to be proper, the Court must balance the privacy or privilege rights of ClearCorrect against the relevancy and probative value of the information sought. *Solow*, 2008 WL 190340, at *4.

The scope of discovery under Rule 26 is very broad, and it includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Align has accused ClearCorrect of misappropriating Align's trade secrets and of willfully infringing Align's patents. ECF No. 92 at 6. The first three document requests seek documents that refer or relate to Align, its former employees, and ClearCorrect's knowledge of Aligns products, patents, or patent families. ECF No. 78-2 at 7 (Document Requests). The documents sought by those requests are at least relevant to Aligns trade secret misappropriation and willful patent infringement claims. *See Mojo Mobility, Inc v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00398-JRG-RSP, 2024 WL 3355122, at *1 (E.D. Tex. June 4, 2024), *report and recommendation adopted*, 2024 WL 3350852 (E.D. Tex. July 9, 2024) (recommending denial of summary judgment of willfulness when the evidence showed that the defendant was generally

aware of the plaintiff's patent portfolio). While the fourth request seeks information about how certain software was developed by ClearCorrect, there are no limits—either based on time or the involved entity—on that request. *See* ECF No. 78-2 at 7 (Document Requests). The Court finds the first three requests to be directed to relevant information and proportional to the needs of the case, but the Court finds the fourth request to be disproportional.

Finally, the Court modifies the subpoena to protect ClearCorrect's asserted privilege and confidentiality interests. Rule 45 specifically permits such a modification. Fed. R. Civ. P. 45(d)(3). One such instance allowing modification is to protect disclosure of privileged or confidential information. *Id*. at 45(d)(3)(A)(iii) & (B)(i). As noted above, the Court has entered a Protective Order that allows the parties to designate and protect confidential information. ECF No. 147. To protect ClearCorrect's asserted privileges and rights, the Court modifies the subpoena to allow ClearCorrect to receive and screen any production from SoftSmile before it is produced to Align. The Court finds that such a procedure will properly balance Align's right to discovery and ClearCorrect's right to protect its privileged or confidential information.

### III.   CONCLUSION

The Court therefore **GRANTS-IN-PART** and **DENIES-IN-PART**, ClearCorrect's Motion to Quash (Case No. 6:24-mc-00487, ECF No. 6) and Motion for Protective Order (Case No. 6:24-cv-00187, ECF No. 78), **MODIFIES** Align's Subpoena to SoftSmile, and **ORDERS** as follows:

ClearCorrect's objections to Document Requests 1, 2, and 3 in the Subpoena are **OVERRULED**;

ClearCorrect's objections to Document Request 4 in the Subpoena are **SUSTAINED**;

It is **ORDERED** that on or before April 18, 2025, SoftSmile shall produce documents responsive to Request Numbers 1, 2, and 3 to ClearCorrect's lead counsel; and

It is further **ORDERED** that on or before May 9, 2025, ClearCorrect's counsel shall screen and log any privileged documents received from SoftSmile, designate the documents as appropriate under the Protective Order (ECF No. 147), and produce non-privileged responsive documents and a privilege log to Align's lead counsel.

SIGNED this 27th day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE