UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., INSTITUT STRAUMANN AG, & STRAUMANN USA, LLC <br><br> Defendants <br><br><br> CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., & STRAUMANN USA, LLC, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> ALIGN TECHNOLOGY, INC., <br><br> Counterclaim-Defendant. | Case No. 6:24-cv-00187-ADA-DTG <br><br> **JURY TRIAL DEMANDED** |

**ORDER FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANT TO PROVIDE PRIVILEGE LOGS TO DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS**

Before the Court is Defendants and Counterclaim-Plaintiffs ClearCorrect Holdings, Inc., ClearCorrect Operating, LLC, and Straumann USA, LLC, and Defendant Institut Straumann AG's (collectively, "ClearCorrect") Contested Motion to Amend the Fourth Scheduling Order. Dkt. 217. Having considered the parties' briefing and argument, the Court **ORDERS** as follows:

1

Plaintiff and Counterclaim-Defendant Align Technology, Inc. ("Align") will complete its privilege log supplementation and serve privilege logs for all documents withheld from production to date to ClearCorrect by Friday, October 10, 2025. Align's revised privilege logs shall include, for each entry (to the extent not already present):

1. The date of the document;

2. The full name of the custodian;

3. The full name of the author or sender, or if that information is not available, a description sufficient to establish the basis for the claim of privilege and confidentiality over the document;

4. The full name of all known recipients of the document;

5. A notation (*i.e.*, an asterisk) next to every individual who was an attorney representing Align;

6. The name(s) of the attorney(s) whose advice was requested or received, or whose work product is reflected, in connection with the document (whether party to the communication or not), and if that information is unavailable, a sufficient description of the basis for the claim of privilege; and

7. An adequate description of the bases for the claim of privilege or other protection, including stating whether the document or communication was prepared in anticipation of litigation or in connection with litigation.[1] If specific persons cannot be identified from the document, Align will update that entry with the outside law firm name or

---

[1] With respect to (7), Align need not include a separate column in its privilege log regarding such information, but must provide sufficient information in its log to enable ClearCorrect (and the Court) to determine whether Align is asserting the document is protected by the attorney-client privilege or work product doctrine.

identification of Align's Legal Department (rather than a specific in-house attorney) as applicable.

Align will further produce all redacted documents or other documents that otherwise "fell-off" its logs during privilege review by Friday, October 24, 2025.

In addition, a party clawing back any document on the basis of privilege will provide a privilege log for that document after clawing back the document, or a redacted copy of the document if the document is not withheld in full, within 14 days after the claw back.

**SIGNED** this 8th day of October, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE