**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>                     Plaintiff,<br><br>     v.<br><br>CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC.,<br>INSTITUT STRAUMANN AG, &<br>STRAUMANN USA, LLC,<br><br>                     Defendants. | Case No. 6:24-cv-00187-ADA-DTG<br><br>PATENT CASE<br><br>**JURY TRIAL DEMANDED** |
| CLEARCORRECT OPERATING, LLC,<br>CLEARCORRECT HOLDINGS, INC., &<br>STRAUMANN USA, LLC,<br><br>                     Counterclaim-Plaintiffs,<br><br>     v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>                     Counterclaim-Defendant. | |

**PLAINTIFF'S OPPOSED[1] MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) and this Court's Order

Governing Patent Proceedings, Plaintiff Align Technology, Inc. ("Align") moves for leave to file

a Second Amended Complaint, attached as Exhibit A.

The amendment is a conforming edit to incorporate an express citation to 35 U.S.C.

§ 271(f).  The First Amended Complaint alleges Defendants ClearCorrect Operating, LLC,

---

[1] Counsel for both parties conferred via email and ClearCorrect confirmed that it intends
to oppose the motion.

ClearCorrect Holdings, Inc., Institut Straumann AG, and Straumann USA, LLC (collectively, "ClearCorrect") directly infringe and induce and contribute to the infringement of third-party manufacturers, including abroad, under §§ 271(a), (b), (c), and (g). This amendment clarifies that Align's indirect infringement allegations *also* are under § 271(f).

## I.    BACKGROUND

On August 29, 2025, Align filed its First Amended Complaint in accordance with the Fourth Scheduling Order, which allowed amendments without leave until that date. ECF Nos. 206, 188 at 2. The First Amended Complaint added allegations that ClearCorrect indirectly infringes by supplying Zendura FLX—a material exclusively used to make infringing dental aligners—to third-party aligner manufacturers. *See, e.g.*, ECF No. 206 ¶¶ 77–78, 81–92, 97, 112–113, 115, 131, 133. The First Amended Complaint also alleges that ClearCorrect supplies Zendura FLX to at least one aligner manufacturer overseas. *Id.* ¶ 17 n.7.

Since the filing of the Amended Complaint, Align repeatedly requested sales data for Zendura FLX responsive to Align's discovery requests that seek revenue, costs, profits, losses, and other financial information for the accused products. *See, e.g.*, Ex. B (Oct. 1, 2025 Letter); Ex. C (Oct. 17, 2025 Email); Ex. D (Nov. 6, 2025 Email). ClearCorrect initially refused to provide this information, arguing that Zendura FLX is not an accused product. *See, e.g.*, Ex. E (Oct. 7, 2025 Letter) at 2; Ex. F (Oct. 29, 2025 Email). On November 10, 2025, ClearCorrect agreed to produce "sales, revenues, profits, and costs for Zendura FLX sold in the United States." Ex. G (Nov. 7, 2025 Email). But ClearCorrect refused to clarify whether it would produce any Zendura FLX sales outside the United States. Ex. H (Nov. 10, 2025 Email) (requesting clarification); Ex. I (Nov. 14, 2025 Email) (same). For the first time on December 3, 2025, ClearCorrect explained that it refused to produce sales data for Zendura FLX outside the United States, claiming that sales abroad are

irrelevant.  Ex. J (Dec. 3, 2025 Email); Ex. K (Dec. 3, 2025 Draft Dispute Chart).

## II.    LEGAL STANDARD

Rule 16(b)(4) governs motions for leave to amend after the deadline for amending the complaint has passed in the governing scheduling order.  *The Trs. of Purdue Univ. v. STMicroelectronics Int'l N.V.*, No. 6:21-cv-727-ADA, 2022 WL 22870686, at *1 (W.D. Tex. Dec. 2, 2022).  Rule 15(b)(4) requires "good cause" to modify the scheduling order.  To determine whether good cause exists, the court must consider: (1) the explanation for the delay; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure any prejudice.  *Id.*

## III.    ARGUMENT

Good cause exists here to allow Align to amend its First Amended Complaint.

The first factor—the explanation for the delay—weighs in favor of granting leave because Align acted diligently.  Align made a timely amendment to the Complaint on August 29, 2025, to include indirect infringement allegations for ClearCorrect's sale of Zendura FLX to third-party aligner manufacturers.  ECF No. 206 ¶¶ 77–78, 81–92, 97, 112–113, 115, 131, 133.  After ClearCorrect first argued non-U.S. sales of Zendura FLX are irrelevant on December 3, 2025, Align promptly prepared the clarifying amendment to expressly reference § 271(f).  Align's brief delay was reasonable and should not bar amendment.  *See The Trs. of Purdue Univ.*, 2022 WL 22870686, at *1 (finding an eight-day delay was excusable neglect); *R2 Sols. LLC v. Deezer, S.A.*, No. 4:21-cv-90, 2022 WL 657963, at *2 (E.D. Tex. Mar. 4, 2022) (finding defendant's dilatory discovery practices caused delay).

The second factor, the importance of the amendment, favors granting leave to amend. Because ClearCorrect asserts that sales of Zendura FLX are not relevant under the First Amended

Complaint, this amendment is important to avoid unnecessary disputes at later stages of this case. Ex. K (Dec. 3, 2025 Draft Dispute Chart). Although the First Amended Complaint already alleges that ClearCorrect infringes by providing Zendura FLX to third-party aligner manufacturers, including at least one manufacturer abroad, Align's Second Amended Complaint adds citations to § 271(f) to clarify that Align alleges that ClearCorrect indirectly infringes by providing Zendura FLX to third-party aligner manufacturers outside the United States. This amendment is important for Align to present its entire indirect infringement theory at trial. *See The Trs. of Purdue Univ.*, 2022 WL 22870686, at *2 (finding this factor favors granting leave to amend where the amendment is necessary to present a complete infringement theory).

The third factor, the potential prejudice in allowing the amendment, favors leave to amend. ClearCorrect had adequate notice of Align's indirect infringement allegations since August 29, 2025, when Align filed the First Amended Complaint. Prejudice to ClearCorrect is minimal because it has been on notice of Align's indirect infringement allegations and has had the opportunity to conduct discovery on those theories. *Intell. Ventures II LLC v. Fedex Corp.*, No. 2:16-cv-980-JRG, slip op. at 5-6 (E.D. Tex. Mar. 19, 2018) (finding minimal prejudice where defendant was on notice of the infringement theory and had the opportunity to conduct discovery).

Lastly, the fourth factor, the availability of a continuance, is neutral. A continuance is not necessary because ClearCorrect has had the opportunity to conduct discovery on Align's indirect infringement allegations since the filing of the First Amended Complaint. *R2 Sols. LLC*, 2022 WL 657963, at *4. Align has sought relevant discovery on Zendura FLX sales outside the United States. No additional discovery will be necessary.[2]

---

[2] Align's Final Infringement Contentions likewise referred to §§ 271(a), (b) and (g) but inadvertently omitted § 271(f). As the Court's OGP does not require referring to specific section

**IV.    CONCLUSION**

    For the reasons above, Align respectfully requests the Court grant its motion for leave to file the Second Amended Complaint, attached as Exhibit A.

---

numbers, Align does not concurrently move to amend its Final Infringement Contentions.  It is happy to do so, however, should the Court desire.

Dated:  December 8, 2025                    Respectfully submitted,

*/s/ Brian C. Nash*
Brian C. Nash (TX Bar No. 24051103)
Elizabeth C. Knuppel (TX Bar No. 24132929)
Hunter Dorsey Ubersox (*pro hac vice*)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, Texas 78701
Telephone: (512) 617-0650
Facsimile: (737) 910-0730
bnash@mofo.com
bknuppel@mofo.com
hubersox@mofo.com

Daralyn J. Durie (*pro hac vice*)
Rich S.J. Hung (*pro hac vice*)
Amanda A. Potter (*pro hac vice*)
Ian Bennett (*pro hac vice*)
Jenny Xin (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
ddurie@mofo.com
rhung@mofo.com
apotter@mofo.com
ibennett@mofo.com
jxin@mofo.com

Bradley S. Lui (*pro hac vice*)
Daniel P. Muino (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
blui@mofo.com
dmuino@mofo.com

Vi T. Tran (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
vtran@mofo.com

Emma Farrow (*pro hac vice*)
Taylor Farias (*pro hac vice*)
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899
emmafarrow@paulhastings.com
taylorfarias@paulhastings.com

Thomas A. Counts (*pro hac vice*)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
tomcounts@paulhastings.com

Michael F. Murray (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
michaelmurray@paulhastings.com

Adam M. Reich (*pro hac vice*)
PAUL HASTINGS LLP
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
adamreich@paulhastings.com

*Attorneys for Plaintiff and Counterclaim
Defendant Align Technology, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2025, a true and correct copy of the foregoing

document was served via the Court's CM/ECF system on all counsel of record.


*/s/ Brian C. Nash*
Brian C. Nash