## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **ALIGN TECHNOLOGY, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00187-ADA-DTG** |
| | § | |
| **CLEARCORRECT OPERATING,** | § | |
| **LLC, et al.,** | § | |
| | § | |
| *Defendants,* | § | |

### REPORT & RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (DKT. NO. 231) AND PLAINTIFF'S MOTION TO DISMISS (DKT. NO. 251)

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pending before the Court is the defendants, ClearCorrect Operating, LLC, ClearCorrect Holdings, Inc., Straumann USA, LLC and Institut Straumann AG's motion to dismiss plaintiff's amended complaint (Dkt. No. 231) and the plaintiff, Align Technology, Inc.'s motion to dismiss defendants' first amended counterclaims (Dkt. No. 251). For the reasons stated below, the Court **RECOMMENDS** the motions be **DENIED AS MOOT** without prejudice so the Court can consider these issues in the pending motions for summary judgment.

### I.      ANALYSIS

This is a complex case with numerous claims and counterclaims between the parties. The plaintiff's amended complaint asserts claims for false advertising, unfair competition, civil

conspiracy, and infringement of nine patents. Dkt. No. 206. The defendants' answer asserts counterclaims including anti-trust claims, false advertising, unfair competition, breach of contract, and declaratory judgment actions in response to the plaintiff's claims. Dkt. No. 232.

Since the filing of these motions to dismiss, the case has progressed substantially. The parties filed a stipulation of partial dismissal, which dismissed several claims and counterclaims.[1] Dkt. No. 270. Additionally, pending motions for summary judgment have been filed arguing dismissal of the remaining claims on substantially the same basis as these pending motions for dismissal. *See* Dkt. Nos. 357, 358.

After reviewing the pending motions to dismiss (Dkt. Nos. 231, 251), the pending motions for summary judgment (Dkt. Nos. 357, 358), and all other relevant filings, the Court finds that the most prudent approach to address the remaining claims is to conduct analysis on a full record. Therefore, the undersigned **RECOMMENDS** that the motions to dismiss (Dkt. Nos. 231, 251) be **DENIED AS MOOT** without prejudice as the Court will consider these issues as part of resolving the pending motions for summary judgment. *See Bell v. Dallas Hous. Auth.*, No. 302CV1829L, 2003 WL 2245585, at *11 (N.D. Tex. Sept. 23, 2003) (denying as moot motion to dismiss because arguments therein "[were] subsumed in [the] summary judgment motion"); *Williamson v. Wells Fargo Bank, N.A.*, No. 4:17-CV-00217-ALM-CAN, 2017 WL 4573694 (E.D. Tex. Sept. 26, 2017), report and recommendation adopted, No. 4:17-CV-217, 2017 WL 4552555 (E.D. Tex. Oct. 12, 2017) (denying motion to dismiss as moot in light of defendant's filing of motion for summary judgment).

---

[1] By stipulation, the plaintiff's false advertising, unfair competition, and civil conspiracy claims have been dismissed, leaving only patent infringement claims. Dkt. No. 270. Additionally, the defendant's false advertising, unfair competition, and breach of contract claims have been dismissed, along with counterclaims related to the plaintiff's false advertising, unfair competition, and civil conspiracy claims. *Id.*

## II.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendants' motion to dismiss (Dkt. No. 231) is **DENIED AS MOOT** and the plaintiff's motion to dismiss (Dkt. No. 251) is **DENIED AS MOOT** in light of the parties' stipulation of dismissal and pending motions for summary judgment.

## III.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 26th day of May, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE