**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ALIGN TECHNOLOGY, INC.,** | § | |
| | § | |
| *Plaintiff and Counterclaim-Defendant,* | § | |
| | § | |
| *v.* | § | **CIVIL NO. 6:24-CV-187** |
| | § | |
| **CLEARCORRECT OPERATING, LLC, CLEARCORRECT HOLDINGS, INC., INSTITUT STRAUMANN AG, & STRAUMANN USA, LLC,** | § | |
| | § | |
| *Defendants and Counterclaim-Plaintiffs.* | § | |

## <u>ORDER</u>

Before the Court is Defendant and Counterclaim-Plaintiffs' Motion to Strike and Motion for Judgment on the Pleadings as to Counterclaim-Defendant's Affirmative Defenses. Dkt. No. 455. The Court has reviewed the Motion (Dkt. No. 455) and the Response (Dkt. No. 462), as well as the relevant law and record of the case. The Court heard argument on the Motion on June 18, 2026. As stated orally at the hearing, the Motion is **GRANTED-IN-PART** and the remainder is denied as moot.

The Court agrees with Defendants that it should follow the sound reasoning set forth in *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-CV-00923-BLF, 2018 WL 11606358 (N.D. Cal. Feb. 14, 2018) (concluding that patent infringement is not a defense against antitrust standing and injury). The Court is unpersuaded by the cases cited by Align. The Court therefore finds that under Rule 12(c) Defendants do not lack antitrust injury or standing and can recover damages if successful on the antitrust claim—regardless of whether they are found liable for patent

infringement. If each party is successful on their respective antitrust and patent claims, each party will be entitled to the appropriate remedy based on the cause of action.

The Court therefore grants the Rule 12(c) Motion for judgment on the pleadings as to Align's affirmative defenses #15 and 16.

The Court denies the Rule 12(f) Motion to strike the affirmative defenses as moot in light of the 12(c) ruling.

**IT IS SO ORDERED.**

Signed on June 18, 2026.

**HON. ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**